John J. Janiec
Law Office of John J. Janiec
261 Madison Avenue, Fl 12
New York, New York 10016
Tel: (212) 629-0027
Fax: (646) 589-0499
E-mail:  jjaniec@jjjlawoffice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------

XIAMEN ITG GROUP CORP., LTD.,　　:　　Civil Action No.: 19-cv-6524 (DLI)(SLT)

　　　　　Plaintiff,　　　　　　:

　　　　　-*against*-　　　　　　:

PEACE BIRD TRADING CORP.,　　　:　ANSWER TO COUNTERCLAIMS
　　　　　　　　　　　　　　　AND TO CLAIMS OF COUNTERCLAIM
　　　　　Defendant, and　　　:　PLAINTIFFS; AND COUNTERCLAIMS
　　　　　　　　　　　　　AGAINST COUNTERCLAIM PLAINTIFFS.
XING LIN (USA) INTERNATIONAL　:
CORP., and CRYSTAL VOGUE INC.,

　　　　　　　　　　　　　　:

　　　　　Counterclaim Plaintiffs,

　　　　　　　　　　　　　　:

--------------------------------------------------------

　　　　　Plaintiff, Xiamen ITG Group Corp., Ltd. ("ITG"), by and through its attorney, the Law

Office of John J. Janiec, in answer to the counterclaim of defendant Peace Bird Trading Corp.

("Peace Bird"), and the claims of counterclaim plaintiffs, Xing Lin (USA) International Corp.

("Xing Lin") and Crystal Vogue, Inc. ("Crystal Vogue"), responds as follows:

1.  Admits that defendant Peace Bird, and counterclaim plaintiffs Xing Lin and Crystal Vogue,

　　have made claims for damages in the amount of $50,000,000 purportedly sustained by each of

them, and denies each and every allegation contained in paragraph 1 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs,  Xing Lin and Crystal Vogue, to the extent that it is alleged damages suffered by them, if any, were in any way caused by, or the result of, the conduct of plaintiff ITG.

2.   Admits that plaintiff ITG is a corporation organized and existing under the laws of the People's Republic of China but, denies that its registered address is as alleged in paragraph 2 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

3.   Admits the allegations contained in paragraph 3 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

4.   Admits the allegations contained in paragraph 4 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 5 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

6.   With respect to the allegations made in paragraph 6 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, plaintiff admits that the Court has jurisdiction over the parties and that the counterclaims asserted herein

by defendant Peace Bird pursuant to Fed. R. Civ. P. 13(a) are compulsory in nature; admits that the claims asserted herein by counterclaim plaintiffs Xing Lin and Crystal Vogue are permissive pursuant to Fed. R. Civ. P. 13(b) over which the Court has jurisdiction, but only to the extent that the counterclaims asserted are not subject to arbitration pursuant to written agreements between plaintiff and counterclaim plaintiffs, Xing Lin and/or Crystal Vogue.

7. Denies knowledge or information sufficient to form a belief with respect to the citizenship and jurisdiction of this court over counterclaim plaintiff Crystal Vogue, and admits the balance of the allegations made in paragraph 7 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

8. Admits the allegations contained in paragraph 8 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 9 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 10 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 11 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 12 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

13. Denies the allegations contained in paragraph 13 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

14. Denies the allegations contained in paragraph 14 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

15. Denies the allegations contained in paragraph 15 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

16. Admits the allegations contained in paragraph 16 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue to the extent that in certain instances plaintiff ITG agreed to ship the materials ordered on an "LDP" basis, provided that defendant and counterclaim plaintiffs would reimburse plaintiff ITG for the expenses advanced by it within a stated period of time and at an agreed upon rate of interest of 4%, to

the extent the allegations contained in paragraph 16 imply any greater duty on the part of plaintiff ITG, those allegations are denied.

17. Denies the allegations contained in paragraph 17 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue to the extent that it alleges that plaintiff agreed to undertake any greater obligations than what was required under the parties' LDP shipping arrangement, which was subject to the agreement by defendant and counterclaim plaintiffs that they would reimburse plaintiff ITG for the LDP expenses that were advanced by it within a stated period of time and at an agreed upon rate of interest of 4%.

18. Denies each and every allegation contained in paragraph 18 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

19. Denies the allegations contained in paragraph 19 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, except admits that at the request of defendant Peace Bird, and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, plaintiff ITG agreed to advance the cost of customs' fees, duties, and taxes in exchange for the agreement by defendant Peace Bird, and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, to reimburse ITG for the full amount of the customs' fees, duties, and taxes advanced by ITG, together with interest at the rate of four (4%) percent from the date each such payment was advanced by ITG on their behalf.

20. Denies each and every allegation contained in paragraph 20 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

21. Denies each and every allegation contained in paragraph 21 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

22. Denies each and every allegation contained in paragraph 22 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

23. Denies each and every allegation contained in paragraph 23 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

24. Denies the allegations contained in paragraph 24 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

25. Denies each and every allegation contained in paragraph 25 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

26. Denies knowledge or information sufficient to form a belief as to what "common practices in the industry and/or the common practices in the industry" are referred to in paragraph 26 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, and denies the remaining allegations that are contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 27 of general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

28. Denies each and every allegation contained in paragraph 28 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

29. Denies that any "actions and/or inactions" on the part of plaintiff ITG purportedly resulted in any adverse action being taken by customs' officials, and denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 29 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

30. Denies each and every allegation contained in paragraph 30 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

31. Denies that the consequences alleged in paragraph 31 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

32. Denies that the consequences alleged in paragraph 32 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

33. Denies that the consequences alleged in paragraph 33 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

34. Denies that the consequences alleged in paragraph 34 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

35. Denies that the consequences alleged in paragraph 35 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

36. Denies that the consequences alleged in paragraph 36 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

37. Denies that the consequences alleged in paragraph 37 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

38. Denies that the consequences alleged in paragraph 38 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

39. Denies that the consequences alleged in paragraph 39 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, were, in any way, the result of any "actions and/or inactions" on the part of plaintiff ITG, and denies

knowledge or information sufficient to form a belief with respect to the balance of the allegations contained in this paragraph.

40. Denies each and every allegation contained in paragraph 40 of the general allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue.

## FIRST COUNT
**(Breach of Contract/Breach of Implied Covenant of Good Faith & Fair Dealing)**
**(ITG and Peace Bird)**

41. Plaintiff, ITG, repeats and realleges each and every one of its responses to the allegations contained in paragraphs 1 through 40, inclusive, of the general allegations made by defendant Peace Bird with the same force and effect as if the same were set forth fully at length herein.

42. Admits the allegations contained in paragraph 42 of the counterclaim made by defendant Peace Bird against plaintiff ITG.

43. Admits the allegations contained in paragraph 43 of the counterclaim made by defendant Peace Bird against plaintiff ITG, to the extent that some of the written agreements between plaintiff ITG and defendant Peace Bird contained LDP shipping terms, pursuant to which ITG agreed to advance the cost of customs' fees, duties, and taxes on behalf of defendant Peace Bird, in exchange for the agreement by defendant Peace Bird to reimburse ITG for the full amount of the customs' fees, duties, and taxes advanced by ITG, together with interest at the rate of 4% from the date each such payment was advanced by ITG on behalf of defendant Peace Bird.

44. Admits the allegations contained in paragraph 44 of the counterclaim made by defendant Peace Bird against plaintiff ITG, to the extent that defendant Peace Bird requested ITG to advance the costs of the customs' fees, duties, and taxes that would be due on the items purchased by Peace Bird from ITG, in exchange for Peace Bird's agreement to reimburse the amounts advanced by ITG together with interest at the rate of 4% from the date each such payment was advanced by ITG on behalf of defendant Peace Bird and denies knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45 of the counterclaim made by defendant Peace Bird against plaintiff ITG, except that plaintiff ITG agreed to advance the cost of customs' fees, duties, and taxes on certain LDP shipments in exchange for the agreement by defendant Peace Bird to reimburse ITG for the full amount of the customs' fees, duties, and taxes advanced by ITG, together with interest at the rate of four (4%) percent from the date each such payment was advanced by ITG on behalf of Peace Bird.

46. Admits the allegations contained in paragraph 46 of the counterclaim made by defendant Peace Bird against plaintiff ITG to the extent that ITG was aware that the commodities which were sold by ITG to Peace Bird were to be resold by Peace Bird, and that, after payment by Peace Bird to ITG of the agreed upon cost of the commodities sold, and the reimbursement by Peace Bird to ITG of the costs advanced by it on behalf of Peace Bird, a profit would presumably result to defendant Peace Bird.

47. Denies the allegations contained in paragraph 47 of the counterclaim made by defendant Peace Bird against plaintiff ITG.

48. Denies the allegations contained in paragraph 48 of the counterclaim made by defendant Peace Bird against plaintiff ITG.

49. Denies the allegations contained in paragraph 49 of the counterclaim made by defendant Peace Bird against plaintiff ITG.

50. Denies the allegations contained in paragraph 50 of the counterclaim made by defendant Peace Bird against plaintiff ITG.

51. Denies the allegations contained in paragraph 51 of the counterclaim made by defendant Peace Bird against plaintiff ITG.

52. Denies the allegations contained in paragraph 52 of the counterclaim made by defendant Peace Bird against plaintiff ITG.

**SECOND COUNT**
**(Breach of Contract/Breach of Implied Covenant of Good Faith & Fair Dealing)**
**(ITG and Xing Lin)**

53. Plaintiff, ITG, repeats and realleges each and every one of its responses to the allegations contained in paragraphs 1 through 52, inclusive, of the allegations made by counterclaim

12

plaintiff, Xing Lin,  with the same force and effect as if the same were set forth fully at length herein.

54. Admits the allegations contained in paragraph 54 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG.

55. Admits  the allegations contained in paragraph 55 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG, to the extent that some of the contracts between plaintiff ITG and counterclaim plaintiff Xing Lin contained LDP shipping terms, pursuant to which ITG agreed to advance the cost of customs' fees, duties, and taxes on behalf of counterclaim plaintiff Xing Lin in exchange for the agreement by Xing Lin to reimburse ITG for the full amount of the customs' fees, duties, and taxes advanced by ITG, together with interest at the rate of 4% from the date each such payment was advanced by ITG on behalf of Xing Lin.

56. Admits the allegations contained in paragraph 56 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG, to the extent that counterclaim plaintiff Xing Lin requested ITG to advance the costs of the customs' fees, duties, and taxes that would be due on the items purchased by Xing Lin from ITG, in exchange for counterclaim plaintiff Xing Lin's agreement to reimburse the amounts advanced by ITG together with interest at the rate of 4% from the date each such payment was advanced by ITG on behalf of Xing Lin and, denies knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG, except that plaintiff ITG agreed to advance the cost of customs' fees, duties, and taxes in exchange for the agreement by counterclaim plaintiff Xing Lin to reimburse ITG for the full amount of the customs' fees, duties, and taxes advanced by ITG, together with interest at the rate of four (4%) percent from the date each such payment was advanced by ITG on behalf of Xing Lin.

58. Admits the allegations contained in paragraph 58 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG to the extent that ITG was aware that the commodities which were sold by ITG to Xing Lin were to be resold by Xing Lin, and that, after payment by Xing Lin to ITG of the agreed upon cost of the commodities sold, and the reimbursement by Xing Lin to ITG for the costs advanced by it on behalf of Xing Lin, a profit would presumably result to Xing Lin.

59. Denies the allegations contained in paragraph 59 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG.

60. Denies the allegations contained in paragraph 60 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG.

61. Denies the allegations contained in paragraph 61 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG.

62. Denies the allegations contained in paragraph 62 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG.

63. Denies the allegations contained in paragraph 63 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG.

64. Denies the allegations contained in paragraph 64 of the claim made by counterclaim plaintiff Xing Lin against plaintiff ITG.

**THIRD COUNT**
**(Breach of Contract/Breach of Implied Covenant of Good Faith & Fair Dealing)**
**(ITG and Crystal Vogue)**

65. Plaintiff, ITG, repeats and realleges each and every one of its responses to the allegations contained in paragraphs 1 through 64, inclusive, of the allegations made by counterclaim plaintiff, Crystal Vogue,  with the same force and effect as if the same were set forth fully at length herein.

66. Admits the allegations contained in paragraph 66 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG.

67. Admits  the allegations contained in paragraph 67 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG, to the extent that some of the contracts between plaintiff ITG and counterclaim plaintiff Crystal Vogue contained LDP shipping terms, pursuant to which ITG agreed to advance the cost of customs' fees, duties, and taxes on behalf of counterclaim plaintiff Crystal Vogue in exchange for the agreement by Crystal Vogue to

15

reimburse ITG for the full amount of the customs' fees, duties, and taxes advanced by ITG, together with interest at the rate of 4% from the date each such payment was advanced by ITG on behalf of Crystal Vogue.

68. Admits the allegations contained in paragraph 68 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG, to the extent that counterclaim plaintiff Crystal Vogue requested ITG to advance the costs of the customs' fees, duties, and taxes that would be due on the items purchased by Crystal Vogue from ITG, in exchange for counterclaim plaintiff Crystal Vogue's agreement to reimburse the amounts advanced by ITG together with interest at the rate of 4% from the date each such payment was advanced by ITG on behalf of Crystal Vogue and, denies knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 68.

69. Denies the allegations contained in paragraph 69 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG, except that plaintiff ITG agreed to advance the cost of customs' fees, duties, and taxes in exchange for the agreement by counterclaim plaintiff Crystal Vogue to reimburse ITG for the full amount of the customs' fees, duties, and taxes advanced by ITG, together with interest at the rate of four (4%) percent from the date each such payment was advanced by ITG on behalf of Crystal Vogue.

70. Admits the allegations contained in paragraph 70 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG to the extent that ITG was aware that the commodities which were sold by ITG to Crystal Vogue were to be resold by Crystal Vogue, and that, after

16

payment by Crystal Vogue to ITG of the agreed upon cost of the commodities sold, and the reimbursement by Crystal Vogue to ITG for the costs advanced  by it on behalf of Crystal Vogue, a profit would presumably result to Crystal Vogue.

71. Denies the allegations contained in paragraph 71 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG.

72. Denies the allegations contained in paragraph 72 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG.

73. Denies the allegations contained in paragraph 73 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG.

74. Denies the allegations contained in paragraph 74 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG.

75. Denies the allegations contained in paragraph 75 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG.

76. Denies the allegations contained in paragraph 76 of the claim made by counterclaim plaintiff Crystal Vogue against plaintiff ITG.

## FOURTH COUNT
### (Promissory Estoppel)

77. Plaintiff, ITG, repeats and realleges each and every one of its responses to the allegations contained in paragraphs 1 through 76, inclusive, of the allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, with the same force and effect as if the same were set forth fully at length herein.

78. Plaintiff, ITG, admits that the terms and conditions of each transaction that was entered into between it and defendant Peace Bird, and counterclaim plaintiffs, Xing Lin and Crystal Vogue, are contained in the written agreements that were entered into by and between the respective parties; and, to the extent that the allegations contained in paragraph 78 of the counterclaim of defendant Peace Bird and claims of counterclaim plaintiffs Xing Lin and Crystal Vogue, purport to claim the existence of obligations that are not contained in those written agreements, those allegations are denied.

79. Admits the allegations contained in paragraph 79 of the counterclaim of defendant Peace Bird and the claims of counterclaim plaintiffs Xing Lin and Crystal Vogue, to the extent that, in entering into the written sales agreements with defendant Peace Bird, and the counterclaim plaintiffs Xing Lin and Crystal Vogue, plaintiff ITG relied upon the representations of Peace Bird, Xing Lin and Crystal Vogue to the effect that they would each separately honor their payment obligations under the sales agreements, and likewise, expected that its promise to ship the ordered fabrics and textiles in accordance with ITG's agreements with Peace Bird, Xing Lin, and Crystal Vogue would be relied upon by Peace Bird, Xing Lin and Crystal Vogue.

80. Admits the allegations contained in paragraph 80 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue to the extent that ITG agreed to advance the costs of the customs' fees, duties, and taxes that would be due on the items purchased by defendant Peace Bird and counterclaim plaintiffs Xing Lin and Crystal Vogue from ITG, in exchange for their agreement to reimburse the amounts advanced by ITG together with interest at the rate of 4% from the date each such payment was advanced by ITG on behalf of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue..

81. Admits the allegations contained in paragraph 81 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue, to the extent that plaintiff ITG relied upon the separate promises of Peace Bird, Xing Lin and Crystal Vogue that they would each make payment to ITG in accordance with their obligations to do so under each of the sales agreements that they entered into with ITG, and pursuant to which and in reliance on, ITG caused the fabrics and textiles to be shipped and delivered to Peace Bird, Xing Lin and Crystal Vogue.

82. Denies the allegations contained in paragraph 82 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

83. Denies the allegations contained in paragraph 83 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

## FIFTHCOUNT
### (Fraud In The Inducement)

84. Plaintiff, ITG, repeats and realleges each and every one of its responses to the allegations contained in paragraphs 1 through 83, inclusive. of the allegations made by defendant Peace Bird and the counterclaim plaintiffs, Xing Lin and Crystal Vogue, with the same force and effect as if the same were set forth fully at length herein.

85. Denies the allegations contained in paragraph 85 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

86. Denies the allegations contained in paragraph 86 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

87. Denies the allegations contained in paragraph 87 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

88. Admits the allegations contained in paragraph 88 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue, to the extent that at the request of Peace Bird, Xing Lin and Crystal Vogue, plaintiff ITG agreed to advance the cost of customs' fees, duties, and taxes in exchange for their separate agreements to reimburse ITG for the full amount of the customs' fees, duties, and taxes advanced by ITG, together with interest at the rate of four (4%) percent from the date each such payment was advanced by ITG; denies the allegations contained in paragraph 88 by defendant Peace Bird and

counterclaim plaintiffs Xing Lin and Crystal Vogue that ITG agreed to do so in order to induce either Peace Bird. Xing Lin or Crystal Vogue to enter into any of the sales agreements.

89. Denies the allegations contained in paragraph 89 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

90. Denies the allegations contained in paragraph 90 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

91. Denies the allegations contained in paragraph 91 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

92. Denies the allegations contained in paragraph 92 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

93. Denies the allegations contained in paragraph 93 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

94. Denies the allegations contained in paragraph 94 of the counterclaim of defendant Peace Bird and the claims made by counterclaim plaintiffs Xing Lin and Crystal Vogue.

## FIRST AFFIRMATIVE DEFENSE

The counterclaims of defendant Peace Bird and the claims of counterclaim plaintiffs, Xing Lin and Crystal Vogue cannot be maintained as the result of the arbitration agreements that are contained in the written agreements relating to all or a part of their claims.

## SECOND AFFIRMATIVE DEFENSE

To the extent that all, or a part of, the counterclaims of  defendant Peace Bird, and the claims of counterclaim plaintiffs Xing Lin and Crystal Vogue, have been or will be determined by a decision following arbitration before the China International Economic and Trade Arbitration Commission, those claims cannot be maintained.

## THIRD AFFIRMATIVE DEFENSE

Any failure on the part of ITG, if any, to perform its obligations under the written sales agreements between the parties did  not amount to a fundamental breach of contract.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Peace Bird and counterclaim plaintiffs Xing Lin and Crystal Vogue failed to notify ITG of their intent to avoid any of the Sales Agreements within a reasonable time after they became aware that delivery of the Purchased Items had been made.

## FIFTH AFFIRMATIVE DEFENSE

Any delay or failure on the part of ITG, if any, to perform its obligations under the written sales agreements between the parties was the result of government action.

## SIXTH AFFIRMATIVE DEFENSE

The damages being sought by defendant Peace Bird and counterclaim plaintiffs Xing Lin and Crystal Vogue exceed the loss ITG foresaw or ought to have foreseen at the time of the

conclusion of the contracts in light of the facts or matters which were then known or ought to have been known by ITG as a possible consequence of a breach.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by defendant Peace Bird, and/or counterclaim plaintiffs, Xing Lin and Crystal Vogue, are as a consequence of their failure in each instance to make reasonable efforts to minimize the damages sustained.

### <u>COUNTERCLAIMS</u>

Plaintiff, Xiamen ITG Group Corp. Ltd. ("ITG"), by and through its attorney, the Law Office of John J. Janiec, as and for its counterclaims against the joined counterclaim plaintiffs. Xing Lin (USA) International Corp. ("Xing Lin") and Crystal Vogue, Inc. ("Crystal Vogue"), alleges as follows:

### AS AND FOR PLAINTIFF ITG'S FIRST COUNTERCLAIM<br>(AGAINST COUNTERCLAIM PLAINTIFF CRYSTAL VOGUE INC.)

1. On February 9, 2017, ITG, as Seller, entered into a written Sales Contract with Crystal Vogue, as Buyer, for the sale of fabrics-textiles in various colors, described as "SUPER PONTI" ("the Purchased Items").

2. Among other things, the Sales Contract required the Purchased Items, customer item number SPT009, to be shipped by ITG and delivered "LDP Mexico City, Mexico Pantaco."

3. The Sales Contract provided that customer item number SPT009 was to be shipped out of any port in China before June 30, 2017.

4.  The agreed upon Contract Price for the Purchased Items payable by Crystal Vogue to ITG was US$7.52 per kilogram.

5.  Crystal Vogue agreed to pay to ITG the full amount of the Contract Price "OA 180 days," or 180 days after shipment of the Purchased Items by ITG from any port in China.

**Customer Item SPT009.**

6.  On July 4, 2017, customer item number SPT009, consisting of 848 Rolls of the purchased fabrics-textiles weighing 21,274 kilograms, was shipped on board from Ningbo, China, to the port of discharge in Manzanillo, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of counterclaim plaintiff Crystal Vogue.

7.  Bill of Lading Number HLCUNG11707BDKL4, ITG's Commercial Invoice Number 17355YFM07C, in the amount of US$159,980.48, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Crystal Vogue.

8.  Customer item number SPT009 arrived at the designated port of discharge in Manzanillo, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff Crystal Vogue.

**Fundamental Breach By Counterclaim Plaintiff Crystal Vogue.**

9.  Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

10. The time for counterclaim plaintiff Crustal Vogue to make payment to ITG for the purchased items under ITG Commercial Invoice Number 17355YFM07C, expired on December 31, 2017.

11. Counterclaim plaintiff Crystal Vogue has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

12. As a consequence of counterclaim plaintiff Crystal Vogue's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$159,980.48, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**AS AND FOR PLAINTIFF ITG'S SECOND COUNTERCLAIM**
**(AGAINST COUNTERCLAIM PLAINTIFF XING LIN (USA)**
**INTERNATIONAL CORP. AND CRYSTAL VOGUE INC.)**

13. On May 4, 2017, ITG, as Seller, entered into a written Sales Contract with counterclaim plaintiff Xing Lin, as Buyer, for the sale of fabrics-textiles in various colors, described as "PFP DTY BLUSH" ("the Purchased Items").

14. Under the Sales Contract the Purchased Items, customer item numbers PFPDB001-003, were to be shipped by ITG and delivered "CIF Mexico City, Mexico Pantaco."

15. The Sales Contract provided, among other things, that customer item number PFPDB001 was to be shipped out of any port in China before May 25, 2017.

**16.** The agreed upon Contract Price for the Purchased Items payable by counterclaim plaintiff Xing Lin to ITG was US$3.08 per kilogram.

**17.** Counterclaim plaintiff Xing Lin agreed to pay to ITG the full amount of the Contract Price "OA 180 days," or 180 days after shipment of the Purchased Items by ITG from any port in China.

**Customer Item PFPDB001.**

**18.** On June 5, 2017, containing customer item number PFPDB001, consisting of 790 Rolls of the purchased fabrics-textiles weighing 19,081.1 kilograms, was shipped on board from Ningbo, China, to the port of discharge in Manzanillo, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of counterclaim plaintiff Xing Lin.

**19.** Bill of Lading Number CCNRN7465A52R340 (7NGB009340), ITG's Commercial Invoice Number 17303YFM51A, in the amount of US$58,769.79, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Xing Lin.

**20.** Customer item number PFPDB001 arrived at the designated port of discharge in Manzanillo, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff Crystal Vogue on behalf of counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin**.

**21.** Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

22. The time for counterclaim plaintiff Xing Lin to make payment to ITG for the purchased items under ITG Commercial Invoice Number, 17303YFM51A, expired on December 2, 2017.

23. Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

24. As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$58,769.79, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**Guarantee of Counterclaim Plaintiff Crystal Vogue.**

25. On June 4, 2017, counterclaim plaintiff, Crystal Vogue, guaranteed payment to ITG, of US$58,769.79, due for the shipment of customer item number PFPDB001, under Bill of Lading Number PEN7NGBO09340, and ITG invoice number 17303YFM51A.

26. As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, and counterclaim plaintiff Crystal Vogue's breach by failure to make payment pursuant to its guarantee, plaintiff ITG has been damaged in the sum of US$58,769.79, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**AS AND FOR PLAINTIFF ITG'S THIRD COUNTERCLAIM**
**(AGAINST COUNTERCLAIM PLAINTIFF XING LIN (USA)**
**INTERNATIONAL CORP. AND CRYSTAL VOGUE INC.)**

27.  On May 4, 2017, ITG, as Seller, entered into a written Sales Contract with Xing Lin, as Buyer, for the sale of fabrics-textiles in various colors, described as "PFP FDY BLUSH" ("the Purchased Items").

28. Among other things, the Sales Contract required the Purchased Items, customer item numbers PFPFD001-006, to be shipped by ITG and delivered "CIF Mexico City, Mexico Pantaco."

29. The Sales Contract provided, among other things, that customer item number PFPFD001 was to be shipped out of any port in China before May 25, 2017.

30. The agreed upon Contract Price for the Purchased Items payable by Xing Lin to ITG was US$2.57 per kilogram.

31. Counterclaim plaintiff Xing Lin agreed to pay to ITG the full amount of the Contract Price "OA 180 days," or 180 days after shipment of the Purchased Items by ITG from any port in China.

**Customer Item PFPFD001.**

32. On June 14, 2017, customer item number PFPFD001, consisting of 957 Rolls of the purchased fabrics-textiles weighing 23,315.2 kilograms, was shipped-on-board from Ningbo, China, to the port of discharge in Manzanillo, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of  counterclaim plaintiff Xing Lin.

33. Bill of Lading Number CCNRN7465A58P772 (7NGB011772), ITG's Commercial Invoice Number 17318YFM52A, in the amount of US$59,920.06, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff, Xing Lin.

34. Customer item number PFPFD001 arrived at the designated port of discharge in Manzanillo, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff, Crystal Vogue, on behalf of counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

35. Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

36. The time for Xing Lin to make payment to ITG for the purchased items under ITG Commercial Invoice Number 17318YFM52A, expired on December 11, 2017.

37. Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and, is in fundamental breach its obligation to pay ITG for the fabrics-textiles it received.

**Guarantee of Counterclaim Plaintiff Crystal Vogue.**

38. On June 14, 2017, counterclaim plaintiff, Crystal Vogue, guaranteed payment to ITG, of $59,920.06, due for the shipment of customer item number PFPFD001, under Bill of Lading Number PEN7NGBO11772, and ITG invoice number 17318YFM52A.

39. As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, and counterclaim plaintiff Crystal Vogue's breach by its failure to make payment as guaranteed by it, plaintiff ITG has been damaged in the sum of US$59,920.06, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**AS AND FOR PLAINTIFF ITG'S FOURTH COUNTERCLAIM**
**(AGAINST COUNTERCLAIM PLAINTIFF**
**XING LIN (USA) INTERNATIONAL CORP.)**

40. On December 8, 2016, ITG, as Seller, entered into a written Sales Contract with Xing Lin, as Buyer, for the sale of fabrics-textiles in various colors, described as "SUPER PONTI" ("the Purchased Items").

41. Among other things, the Sales Contract required the Purchased Items, customer item numbers SPT001-006, to be shipped by ITG and delivered "CIF Mexico City, Mexico Pantaco."

42. The Sales Contract provided that customer item number SPT001 was to be shipped out of any port in China before December 31, 2016;  customer item number SPT002 was to be shipped out of any port in China before January 31, 2017; customer item number SPT003 was to be shipped out of any port in China before January 15, 2017; customer item number SPT004 was to be shipped out of any port in China before February 28, 2017; customer item number SPT005 was to be shipped out of any port in China before March 15, 2017; and, customer item number SPT006 was to be shipped out of any port in China before February 15, 2017.

**43.** The agreed upon Contract Price for the Purchased Items payable by Xing Lin to ITG was US$5.00 per kilogram.

**44.** Counterclaim plaintiff Xing Lin agreed to pay to ITG the full amount of the Contract Price "OA 180 days," or 180 days after shipment of the Purchased Items by ITG from any port in China.

**Customer Item SPT003.**

**45.** On March 22, 2017, customer item number SPT003, consisting of 858 Rolls of the purchased fabrics-textiles weighing 20,229 kilograms, was shipped-on-board from Ningbo, China, to the port of discharge in Lazaro Cardenas, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of counterclaim plaintiff Xing Lin.

**46.** Bill of Lading Number BNBFL17030479, ITG's Commercial Invoice Number 17129YFM93D, in the amount of US$101,145, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Xing Lin.

**47.** Customer item number arrived at the designated port of discharge in Lazaro Cardenas, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

**48.** Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

31

**49.** The time for Xing Lin to make payment to ITG for the purchased items under ITG Commercial Invoice Number 17129YFM93D, expired on September 18, 2017.

**50.** Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

**51.** As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$101,145, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**Customer Item SPT004.**

**52.** On April 7, 2017, customer item number SPT004, and consisting of 868 Rolls of the purchased fabrics-textiles weighing 20,495.2 kilograms, was shipped-on-board from Ningbo, China, to the port of discharge in Lazaro Cardenas, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of counterclaim plaintiff Xing Lin.

**53.** Bill of Lading Number NYKSNB7EB0776500, ITG's Commercial Invoice Number 17153YFM93E, in the amount of US$102,476, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Xing Lin.

**54.** Customer item number SPT004 arrived at the designated port of discharge in Lazaro Cardenas, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

**55.** Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

**56.** The time for Xing Lin to make payment to ITG for the Purchased Items shipped under ITG Commercial Invoice Number 17153YFM93E, expired on  October 4, 2017.

**57.** Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

**58.** As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$102,476, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**Customer Item SPT005.**

**59.** On April 7, 2017, customer item number SPT005, consisting of 890 Rolls of the purchased fabrics-textiles weighing 23,155.1 kilograms, was shipped on board from Ningbo, China, to the port of discharge in Lazaro Cardenas, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of counterclaim plaintiff Xing Lin.

**60.** Bill of Lading Number NYKSNB7EB0777600, ITG's Commercial Invoice Number 17154YFM93F, in the amount of US$115,775.50, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Xing Lin.

61. Customer item number SPT005arrived at the designated port of discharge in Lazaro Cardenas, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

62. Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

63. The time for Xing Lin to make payment to ITG for the Purchased Items shipped under ITG Commercial Invoice Number 17154YFM93F, expired on October 4, 2017.

64. Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

65. As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$115,775.50, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**Customer Item SPT006.**

66. On May 23, 2017, customer item number SPT006, consisting of 930 Rolls of the purchased fabrics-textiles weighing 22,384.1 kilograms, was shipped-on-board from Ningbo, China, to the port of discharge in Manzanillo, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of counterclaim plaintiff Xing Lin.

67. Bill of Lading Number CCNRN7465A4XC500, ITG's Commercial Invoice Number 17271YFM93G, in the amount of US$111,920.50, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Xing Lin.

68. Customer item number SPT 006 arrived at the designated port of discharge in Manzanillo, Mexico, and the Purchased Items were delivered to, and received by, counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

69. Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

70. The time for Xing Lin to make payment to ITG for the purchased items shipped under ITG Commercial Invoice Number 17271YFM93G, expired on November 19, 2017.

71. Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

72. As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$111,920.50, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

## AS AND FOR PLAINTIFF ITG'S FIFTH COUNTERCLAIM
## (AGAINST COUNTERCLAIM PLAINTIFF
## <u>XING LIN (USA) INTERNATIONAL CORP.</u>)

**73.** On December 28, 2016 ("the December contract"),  and February 10, 2017 ("the February contract"), ITG, as Seller, entered into written Sales Contracts with Xing Lin, as Buyer, for the sale of fabrics-textiles in various colors, described as "SPORT ONE SHORT" in the December Contract and MICRO FIBER and FORRO in the February contract (collectively, "the Purchased Items").

**74.** Among other things, the Sales Contract each required the Purchased Items, to be shipped by ITG and delivered "CIF Mexico City."

**75.** The December contract provided that delivery of the Purchased Items will be before March 15, 2017.

**76.** The February contract provided for the shipment of the Purchased Items out of any port in China before February 28, 2017.

**77.** The December contract and the February Contract each provided for counterclaim plaintiff Xing Lin to pay to ITG the full amount of the Contract Price "OA 180 days," or 180 days after shipment of the Purchased Items by ITG from any port in China.

**78.** On May 4, 2017, the Purchased Items under the December and February contracts were shipped by ITG for delivery to Xing Lin under Bill of Lading HLCUNG11704BMUF0.

36

**79.** A true copy of Bill of Lading Number HLCUNG11704BMUF0, along with ITG's Commercial Invoice Number 17217YFM03M05, in the amount of US$101,087.93, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Xing Lin.

**80.** On May 8, 2017, Xing Lin guaranteed payment of the Purchased Items shipped under Bill of Lading Number HLCUNG11704BMUF0, and included in ITG's Commercial Invoice Number 17217YFM03M05, in the amount of US$101,087.93.

**81.** The Purchased Items under the December and February contracts arrived at the designated port of discharge in Manzanillo, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff Xing Lin.

**82.** Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract, as amended by agreement between ITG and Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

**83.** The time for Xing Lin to make payment to ITG for the Purchased Items under the December contract and the February contract as invoiced in ITG's Commercial Invoice Number 17217YFM03M05, expired on October 31, 2017.

84. Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

85. As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$101,087.93, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**AS AND FOR PLAINTIFF ITG'S SIXTH COUNTERCLAIM
(AGAINST COUNTERCLAIM PLAINTIFF
XING LIN (USA) INTERNATIONAL CORP.)**

86. On February 9, 2017, ITG, as Seller, entered into a written Sales Contract with Xing Lin, as Buyer, for the sale of fabrics-textiles in various colors, described as "SUPER PONTI" ("the Purchased Items").

87. Among other things, the Sales Contract required the Purchased Items, customer item numbers SPT007-012, to be shipped by ITG and delivered "CIF Mexico City, Mexico Pantaco."

88. The agreed upon Contract Price for the Purchased Items payable by Xing Lin to ITG was US$5.30 per kilogram.

89. Counterclaim plaintiff Xing Lin agreed to pay to ITG the full amount of the Contract Price "OA 180 days," or 180 days after shipment of the Purchased Items by ITG from any port in China.

**Customer Item SPT007.**

90. On May 23, 2017, customer item number SPT007, consisting of 880 Rolls of the purchased fabrics-textiles weighing 21,992.8 kilograms, was shipped on board from Ningbo, China, to the port of discharge in Manzanillo, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of counterclaim plaintiff Xing Lin.

91. Bill of Lading Number CCNRN7465A4XC506, ITG's Commercial Invoice Number 17277YFM07A, in the amount of US$116,561.84, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Xing Lin.

92. The Purchased Items forming a part of customer item number SPT007 arrived at the designated port of discharge in Manzanillo, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

93. Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

94. The time for Xing Lin to make payment to ITG for the Purchased Items under ITG Commercial Invoice Number 17277YFM07A expired on November 19, 2017.

95. Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

96. As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$116,561.84, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**Customer Item SPT008.**

97. On June 5, 2017, customer item number SPT008, consisting of 907 Rolls of the purchased fabrics-textiles weighing 21,885.8 kilograms, was shipped-on-board from Ningbo, China, to the port of discharge in Manzanillo, Mexico, for transport to the place of delivery at Mexico City, Mexico, on behalf of counterclaim plaintiff Xing Lin.

98. Bill of Lading Number CCNRN7465A52R336, ITG's Commercial Invoice Number 17302YFM07B, in the amount of US$115,994.74, along with a Packing List for the shipment of the Purchased Items, were provided to counterclaim plaintiff Xing Lin.

99. The Purchased Items forming a part of customer item number SPT008 arrived at the designated port of discharge in Manzanillo, Mexico, and the Purchased Items were delivered to, accepted and received by or on behalf of, counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

100.   Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

101.   The time for Xing Lin to make payment to ITG for the Purchased Items under ITG Commercial Invoice Number 17302YFM07B expired on December 2, 2017.

102.    Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

103.    As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$115,994.74, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

### AS AND FOR PLAINTIFF ITG'S SEVENTHCOUNTERCLAIM
### (AGAINST COUNTERCLAIM PLAINTIFF
### <u>XING LIN (USA) INTERNATIONAL CORP.</u>)

104.    On February 27, 2017, ITG, as Seller, entered into a written Sales Contract with Xing Lin, as Buyer, for the sale of fabrics-textiles in various colors, described as "ITY BLUSH" ("the Purchased Items").

105.    Among other things, the Sales Contract required the Purchased Items, including customer item number BH1001, to be shipped by ITG and delivered "CIF Mexico City, Mexico Pantaco."

106.    The Sales Contract provided that customer item number BH1001 was to be shipped out of any port in China before April 10, 2017.

107.    The agreed upon Contract Price for the Purchased Items payable by Xing Lin to ITG was US$3.28per kilogram.

41

108.    Counterclaim plaintiff Xing Lin agreed to pay to ITG the full amount of the Contract Price

"OA 180 days," or 180 days after shipment of the Purchased Items by ITG from any port in

China.

**Customer Item BH1001.**

109.    On June 5, 2017, under Bill of Lading No. CCNRN7465A52R328 (7NGB009328)

customer item number BH1001, and consisting of 796 Rolls of the purchased fabrics-textiles

weighing 19,300.3 kilograms, was shipped on board from Ningbo, China, to the port of

discharge in Manzanillo, Mexico, for transport to the place of delivery at Mexico City, Mexico,

on behalf of counterclaim plaintiff Xing Lin.

110.    Bill of Lading Number CCNRN7465A52R328 (7NGB009328), ITG's Commercial

Invoice Number 17304YFM17A, in the amount of US$63,304.98, along with a Packing List

for the shipment of the Purchased Item, were provided to counterclaim plaintiff Xing Lin.

111.    The Purchased Items forming a part of customer item number BH1001 arrived at the

designated port of discharge in Manzanillo, Mexico, and the Purchased Items were delivered

to, accepted and received by or on behalf of, counterclaim plaintiff Xing Lin.

**Fundamental Breach By Counterclaim Plaintiff Xing Lin.**

112.    Plaintiff ITG, has, at all times, performed its obligations under the Sales Contract.

**113.**     The time for Xing Lin to make payment to ITG for the Purchased Items under ITG Commercial Invoice Number 17304YFM17A expired on December 2, 2017.

**114.**     Counterclaim plaintiff Xing Lin has failed and refused to make payment for the items of fabric-textiles purchased and received by it and is in fundamental breach its obligation to pay for the fabrics-textiles it received.

**115.**     As a consequence of counterclaim plaintiff Xing Lin's fundamental breach of the Sales Contract, plaintiff ITG has been damaged in the sum of US$63,304.98, together with interest, and the costs, disbursements, and attorneys' fees incurred in connection with this action.

**WHEREFORE,** plaintiff XIAMEN ITG GROUP CORP. LTD. ("ITG"), demands judgment in its favor and against defendant PEACE BIRD TRADING CORP. ("Peace Bird"), and the joined counterclaim plaintiffs. XING LIN (USA) INTERNATIONAL CORP. ("Xing Lin") and CRYSTAL VOGUE, INC. ("Crystal Vogue"), as follows:

1. against defendant Peace Bird in the  amount of US$2,709,664.17, as prayed for in the Complaint; and

2. against defendant Peace Bird, dismissing the First Count of the counterclaims contained in the Answer to the Complaint; and

3. against joined counterclaim plaintiff Xing Lin dismissing the Second Count of the counterclaims contained in the Answer to the Complaint;  and

43

4.  against joined counterclaim plaintiff Crystal Vogue dismissing the Third Count of the counterclaims contained in the Answer to the Complaint;  and

5.  against defendant Peace Bird and the joined counterclaim plaintiffs Xing Lin and Crystal Vogue dismissing the Fourth Count of the counterclaims contained in the Answer to the Complaint;  and

6.  **a**gainst defendant Peace Bird and the joined counterclaim plaintiffs Xing Lin and Crystal Vogue dismissing the Fifth Count of the counterclaims contained in the Answer to the Complaint;  and

7.  against joined counterclaim plaintiff Crystal Vogue, for the relief requested in Plaintiff's First Counterclaim in the amount of US$159,980.48;  and

8.  **a**gainst the joined counterclaim plaintiffs Xing Lin and Crystal Vogue, for the relief requested in Plaintiff's Second Counterclaim in the amount of US$58,769.79;  and

9.  **a**gainst the joined counterclaim plaintiffs Xing Lin and Crystal Vogue, for the relief requested in Plaintiff's Third Counterclaim in the amount of US$59,920.06; and

10. against joined counterclaim plaintiff Xing Lin, for the relief requested in Plaintiff's Fourth Counterclaim in the amount of in the amount of US$315,541.50;  and

11. against joined counterclaim plaintiff Xing Lin, for the relief requested in Plaintiff's Fifth Counterclaim in the amount of US$101,087.93; and

12. against joined counterclaim plaintiff Xing Lin, for the relief requested in Plaintiff's Sixth Counterclaim in the amount of US$232,556.58; and

13. against joined counterclaim plaintiff Xing Lin, for the relief requested in Plaintiff's Seventh Counterclaim in the amount of US$63,304.98;

all together with interest, costs, disbursements and attorney's fees, and such other and further relief

as the Court may deem necessary and proper in the premises.

Dated:  February 11, 2020
        New York, New York

                                        Law Office of John J. Janiec

                                        By:

                                            John J. Janiec
                                        261 Madison Avenue, Fl. 12
                                        New York, New York 10016
                                        (212) 629-0027
                                        E-mail: jjaniec@jjjlawoffice.com

                                        *Attorney for Plaintiff,*
                                        *Xaimen ITG Group Corp., Ltd.*

To:

Michael S. Horn
Archer & Greiner, P.C.
21 Main Street – Suite 353
Court Plaza South, West Wing
Hackensack, New Jersey 07601

*Attorneys for Defendant Peace Bird Trading Corp., and*
*Counterclaim Plaintiffs, Xing Lin (USA) International Corp.,*
*and Crystal Vogue, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------

XIAMEN ITG **GROUP CORP., LTD.,** : **Civil** Action No.: **19-ev-6524 (DLI)(SLT)**

        Plaintiff,

        *-against-*

PEACE BIRD TRADING CORP.,

        Defendant, and       •

**XING LIN (USA) INTERNATIONAL
CORP., and CRYSTAL VOGUE INC.,**

    **Counterclaim Plaintiffs,**

-------------------------------------------------

### CERTIFICATE OF SERVICE

        JOHN J. JANIEC, hereby certifies as follows:

        On February 11, 2020, I served the within Answer To Counterclaims and to Claims of Counterclaim Plaintiffs; and Counterclaims against Counterclaim Plaintiffs upon the below designated attorney by enclosing a true copy of the same in a post-paid secure wrapper and depositing it in an official depository of the United States Postal Service, by first class mail, addressed as follows:

Michael S. Horn
Archer & Greiner, P.C.
21 Main Street — Suite 353
Court Plaza South, West Wing
Hackensack, New Jersey 07601

the said address being the address designated by the named attorney as the address to which papers to be served in connection with this action are to be sent. In addition to the above described service a true copy of the Answer To Counterclaims and to Claims of Counterclaim Plaintiffs; and Counterclaims against Counterclaim Plaintiffs has been or will be filed with the Electronic Case Filing System maintained for the Eastern District of New York.

        I do hereby declare and certify under penalties of perjury that the foregoing is true and correct.

Dated: February 11, 2020

                             John J. Janiec