

**Michael S. Horn**
*Member of New Jersey
and New York Bars*
mhorn@archerlaw.com
201-498-8529 (Ext. 7529) Direct
201-342-6611 Direct Fax

Archer & Greiner, P.C.
1211 Avenue of the Americas, Suite 2750
New York, NY 10036
212-682-4940 Main
856-795-0574 Fax
www.archerlaw.com

December 4, 2020

**VIA ECF**
Judge Steven Tiscione
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Xiamen ITG Group Corp., LTD. v. Peace Bird Trading Corp.
      Case No. 1:19-CV-06524-DLI-ST

Dear Judge Tiscione:

  This office represents defendant Peace Bird Trading Corp. and Counterclaim Plaintiffs, Xing Lin (USA) International Corp. and Crystal Vogue, Inc. (collectively "Peace Bird Parties" or "Defendants")  Please accept this letter in accordance with Your Honor's Individual Practice Rules and in accordance with Your Honor's directive seeking an order compelling Plaintiff to provide the following: 1) full responses and the removal of boilerplate objections to Interrogatory No. 1, 2, 6, 14, 20, 21, 23, 29, and 37 (Ex. 1); 2) full responses and the removal of boilerplate objections to Plaintiff's Demand for Documents Nos. 8, 10, 11, 13, 33,37,50, 51, 52, 58, 70, 72 and 73.[1]

  As background, Plaintiff made numerous promises to induce Peace Bird Litigants in order to procure their business such as that Plaintiff would timely pay all the customs fees, duties and taxes at destination ports.  However, Plaintiff failed to timely make these payments causing certain commodities to be delayed and/or not be received.  For those goods that were received, some were of inferior quality.  As a result of these deleterious acts, the Peace Bird Litigants lost their business.

  Plaintiff was served with the Document Demand and Interrogatories but provided responses that were evasive and deficient. Ex. 1 – 2.[2]  Plaintiff was served a good faith demand letter outlining the various deficiencies. Ex. 3. The parties held a meet and confer over the telephone on or around July 31, 2020.  Plaintiff served a letter in furtherance of the meet and confer but the letter only addressed a limited amount of the discovery at issue.  Ex. 4. The parties continued to confer.  In response to Plaintiff's request for more information, it was sent a summary of the category of documents being sought. Ex. 7.  These issues were also raised in a joint letter.

---

[1] Boilerplate objections are improper. See Fed. R. Civ. P. 26(b)(5)(A),
[2] Pursuant to Local Civil Rule 37.1 we have incorporated the demands and responses as Exs. 1 – 2 but the exact quotes cannot be placed into this letter since it would result in a letter well beyond the applicable page limits.

Firstly, Plaintiff has not disclosed all the individuals with knowledge of this case and/or that have knowledge of the goods at issue, and have not provided their contact information in response to Interrogatory Nos. 1, 2, 14 and 37. For instance, in responses to Interrogatory No. 1, Plaintiff reveals only two individuals and claims that the request is "premature". Logically, it would be impossible for only two people to be involved in the manufacturing, sale and export of millions of dollars' worth of goods. Along those same lines, Plaintiff's response to Interrogatory No. 37, indicating that it does not know the names of any nonparties responsible for handling payment of customs is also dubious; Plaintiff must have some information regarding ITG employees who were responsible for paying customs in this case, or custom officials that they worked with. That information goes to the very foundation of this case. In addition, Plaintiff has failed to work to make sure that the proper witnesses with knowledge appear for a deposition.[3] Moreover, Interrogatory No. 14 seeks the identity of customers that were interested in Plaintiff's goods or purchased goods from Plaintiff in the past. This is highly relevant since Plaintiff made misrepresentations to the Peace Bird Litigants as part of their common business practice and because they could not sell these goods to other customers. The information regarding the identity of individuals must be provided. Plaintiff has also failed to provide the names of its officers, shareholders or directors in response to Interrogatory No. 2. These individuals are not only witnesses but their identity is relevant since the company's connection to the CCP renders any arbitration finding from China unenforceable. Rather than providing this information, Plaintiff cites two documents in its production that provide a brief description of the company and a flow chart of its organization; neither document addressed the request at issue.

In response to Interrogatory No. 6. Plaintiff has failed to disclose relevant verbal communications. This information is critical because all of Plaintiff's witnesses are outside the country making it impossible to depose everyone. It is imperative that Plaintiff provide details as to verbal communications. Moreover, in response to Interrogatory No. 20 and 29, Plaintiff fails to provide information about the goods, the container number, date of delivery, when the goods arrived, the date customs and duties were to be paid and when they were to be paid. For example, instead of providing the actual date that the goods arrived, as requested in Interrogatory No. 29, Plaintiff provides an estimated date. The exact arrival date is critical to the outcome of this case. Rather than answering Defendants' legitimate inquiries, Plaintiff points to a spreadsheet which contains categories in another language, thus making it impossible to determine if the document contains all requested information.[4] As to Interrogatory No. 21, Plaintiff has been asked to provide information as to Plaintiff's costs which is relevant to damages. In Interrogatory No. 23, Plaintiff has been asked to identify the goods that it claims are subject to the arbitration but Plaintiff again generally points to documents but does not provide the information in a readily available manner.

Likewise, Plaintiff has failed to provide certain basic documents. For instance, in response to Demand No. 8, 10, 11, 13 and 70, Plaintiff has not confirmed that the few emails and text messages contain all the communications internally and with other companies, regarding the

---

[3] Federal Rule 30(b)(6) now requires Plaintiff to confer to make sure that the appropriate witnesses are produced.

[4] It is noteworthy that if written answers makes the information more readily available than citing to documents, it can be ordered to be provided in response to an interrogatory. *See Phillips Petroleum Co.*, 105 F.R.D. at 44 ("Rule 33(c) is not an available alternative if an interrogatory can be responded to more readily and conveniently by written answer"),

allegedly multi-million dollar shipment of goods. In fact, to make it easier to locate these communications, Defendants provide search terms in Demand No. 50 and email addresses in Demand No. 51. However, Plaintiff has only provided a handful of communications in response and has not clarified the method it searched or that all communications have been provided. Plaintiff never indicated whether it conducted those two search requests or whether the few emails that it provided accounted for all of the correspondence in its possession. Plaintiff also failed to provide all documentation regarding it alleged damages. For instance, in response to Demand No. 58, Plaintiff should provide copies of all the legal bills that it seeks reimbursement for. However, it provides baseless objections to this request. Plaintiff also refuses to provide information regarding the source of the goods at issue in response to Demand No. 52. This is relevant because Defendants have been damaged due to the inferior goods. Moreover, Defendants did not receive some shipments. Therefore they need to investigate the source of the goods to determine if they were actually manufactured. Clearly this information is highly relevant and must be produced.

It is our position that Plaintiff has engaged in a pattern of squeezing companies in similar situations. In furtherance of our position, Demands 33 and 34 request some basis information regarding Plaintiff previously delaying the payment of customs and/or not timely paying duties and/or taxes. In response to Demand 34, Plaintiff once again points to documents written in another language. The requests specifically seeks information regarding a pattern of conduct which is highly relevant. Plaintiff has refused to produce this highly relevant information. Plaintiff has also refused to deliver any documents regarding any items that it sold that were seized by customs within the past five years despite Demand 37. Moreover, in regards to Demands 58 and 72, Plaintiff has failed to provide any invoices or bank records that show the payment of taxes, duties and customs, or any payments on behalf of Defendants for the goods and any expenses incurred by Plaintiff for the goods. Plaintiff also has not provided the documents requested in Demand 73.

It is noteworthy that Rule 26(b)(1), recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015); *Denim Habit, LLC v. NJC Boston, LLC*, No. 13 CV 6084, 2016 WL 2992124, at *3 (E.D.N.Y. May 23, 2016). The broadness of disclosure is evident from the fact that Plaintiff relies upon the CIGS in its pleading and the fact that the counterclaims are based, in part, on common law. *See Claudia v. Olivieri Footwear Ltd.*, 1998 WL 164824 (S.D. N.Y. 1998) (noting that the CISG's lack of a writing requirement allows all relevant information into evidence, even if it contradicts the written documentation). Plaintiff's vague objections and failure to provide basic information, even after multiple good faith attempts to procure information, requires an order compelling production.

Respectfully,

MICHAEL S. HORN

cc: John Janiec, Esq.
219838453v1