John J. Janiec
Law Office of John J. Janiec
261 Madison Avenue, Fl 12
New York, New York 10016
Tel: (212) 629-0027
Fax: (646) 589-0499
E-mail:  jjaniec@jjjlawoffice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------

| | | |
|---|---|---|
| **XIAMEN ITG GROUP CORP., LTD.,** | : | Civil Action No.: 19-cv-6524 (DLI)(SLT) |
| **Plaintiff,** | : | |
| *-against-* | : | |
| **PEACE BIRD TRADING CORP.,** | : | **PLAINTIFF XIAMEN ITG GROUP** |
| | | **CORP., LTD.'S RESPONSES AND** |
| **Defendant, and** | : | **OBJECTIONS TO DEFENDANT AND** |
| | | **COUNTERCLAIM- PLAINTIFFS'** |
| **XING LIN (USA) INTERNATIONAL** | : | **FIRST SET OF INTERROGATORIES** |
| **CORP., and CRYSTAL VOGUE INC.,** | | |
| | : | |
| **Counterclaim Plaintiffs,** | | |
| | : | |

---------------------------------------------------------

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff, Xiamen ITG

Group Corp., Ltd. ("ITG"), by and through its attorney, the Law Office of John J. Janiec, responds

to defendant Peace Bird Trading Corp. ("Peace Bird"), and counterclaim-plaintiffs, Xing Lin

(USA) International Corp. ("Xing Lin") and Crystal Vogue, Inc. ("Crystal Vogue"), First Set of

Interrogatories, dated May 4, 2020, as follows:

## **GENERAL OBJECTIONS**

1.     ITG objects to the General Instructions provided by defendant Peace Bird and counter-claim-plaintiffs, Crystal Vogue and Xing Lin to the extent that the said General Instructions purport to impose broader obligations on plaintiff in responding to the Interrogatories than those imposed by law.

2.     ITG objects to Definitions numbered A (1), B and G  that are contained in defendant, counterclaim-plaintiffs' First Set of Interrogatories, as being in violation of Local Civil Rule 26.3(a) to the extent that the definitions of the terms "identify" with respect to persons and documents, and "Document" and "Communication"  are broader in scope than as defined in Local Civil Rule 26.3 subdivisions (c)(3)(4)(2) and (1), respectively.

## **DEFINITIONS**

*Counterclaim-plaintiffs*.  When used herein, any reference to the term "counterclaim-plaintiffs" shall be understood to refer to Xing Lin (USA) International Corp. and Crystal Vogue, Inc.

*Defendant.*  When used herein, any reference to the "defendant" shall be understood to refer to Peace Bird Trading Corp.

*Plaintiff.*  When used herein, any reference to the "plaintiff" shall be understood to refer to Xiamen ITG Group Corp., Ltd.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

*State the name and address of each PERSON who has knowledge of any facts which may be relevant to this lawsuit and include the name, address and telephone number of the witness as well as the substance of each PERSON'S knowledge.*

**RESPONSE TO INTERROGATORY NO. 1:**

The names of persons known to plaintiff at this stage of the proceedings who have knowledge of any facts which may be relevant to this lawsuit are:

Lifang Wang
Xiamen ITG Group Corp. Ltd.
Unit 2801
Guomao Centre, No. 4688
Xianyue Road, Huli District
Xiamen City, China 361016

Lifang, Wang is the General Manager of the business of ITG that is the subject matter of this litigation, and in that position is responsible for communications regarding the business, including the determination of contract terms.

Yufen Jiang
Xiamen ITG Group Corp. Ltd.
Unit 2801
Guomao Centre, No. 4688
Xianyue Road, Huli District
Xiamen City, China 361016

Yufen Jiang is the document manager for documents related to, and is responsible for, the making of documents related to the trading, transportation, and payments due and made with respect to trading transactions alleged in the parties' pleadings.

Plaintiff objects to this Interrogatory as being premature in nature as discovery has not been conducted and the identities of all persons acting on behalf of defendant and counterclaim-plaintiffs, or who otherwise have knowledge of the transactions alleged in this lawsuit are at present unknown to plaintiff, with the exception of Brian Wu and Feng Xu, and as to those persons the requested contact information is presently unknown. Additionally, the names of the shipping companies utilized in each of the transactions alleged in this litigation can  be determined from the Bills of Lading which were included along with plaintiff's initial disclosures which were provided to defendant and counterclaim-plaintiffs on February 14, 2020, as documents numbered XIAMENITG000001 to XIAMENITG000665. Plaintiff also objects to the form of this Interrogatory as being vague and ambiguous to the extent that it can be read to equate a person having knowledge of a fact, circumstance, event, or transaction, as having been a witness to the occurrence of that fact, circumstance, event, or transaction. If, after further discovery additional information that is responsive to this Interrogatory becomes known, plaintiff will supplement or amend its answer to this Interrogatory within a reasonable time after such information becomes known to plaintiff.


**INTERROGATORY NO. 2:**

*Identify all officers, shareholders, and directors, and all persons or entities owning a beneficial interest in Plaintiff from January 1, 2013 to the present and . (sic)*

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory in that it seeks information that is not relevant to any party's claims or defenses, nor is it reasonably calculated to lead to the discovery of information that is relevant to any party's claims or defenses.  Subject to plaintiff's objection, information about plaintiff and its organizational structure is contained in the accompanying documents

XIAMEN ITG000666 -667 (Source: http://www.itg.com.cn/en/company.aspx , last accessed May 19, 2020).

**INTERROGATORY NO. 3:**

*Set forth the factual bases for all affirmative defenses Respondents assert in this case.*

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory on the grounds that it calls for information regarding the pleadings of "Respondents" who are not defined or identified as being parties to this litigation. For the purpose of framing a response to this Interrogatory, plaintiff will assume that the reference to "Respondents" is a reference to plaintiff.  Subject to this objection, and assuming this Interrogatory is directed to the affirmative defenses asserted by plaintiff in its Answer to Counterclaims And To Claims of Counterclaim Plaintiffs; And Counterclaims Against Counterclaim Plaintiffs, and based upon the facts presently known to plaintiff, plaintiff's First Affirmative Defense is based upon the fact that all of the claims raised by defendant in its counterclaims and by counter-claim plaintiffs in their claims against plaintiff, are based upon written contracts, some of which provide for the arbitration of "[a]ny dispute, controversy or claim arising out of or relating to [the] contract, or the breach, termination or invalidity . . .[that cannot be settled amicably] . . . be submitted [for] arbitration to China International Economic and Trade Arbitration Commission in Beijing in accordance with its Arbitration Rules."  Plaintiff's Second Affirmative Defense is based upon the fact that several of defendant's and counterclaim-plaintiffs' claims have been submitted to CIETAC for arbitration and that an arbitral award with respect to these claims has been issued by a duly formed arbitral tribunal in favor of plaintiff and against defendant and counter-claim plaintiffs.  Plaintiff's Third Affirmative Defense is based upon the fact that plaintiff shipped the items ordered by defendant and the counter-claim plaintiffs, that the

items were delivered to defendant and counterclaim- plaintiffs, that neither defendant nor counterclaim-plaintiffs raised any objections that the goods shipped by plaintiff were either defective or non-conforming, and despite due demand for payment, neither defendant nor counterclaim-plaintiffs have paid any part of what is due and owing to plaintiff.  Although plaintiff denies that it failed to perform any of its obligations under the written contracts, or any subsequent agreements or amendments executed by and between the parties, if, in fact, there was such a failure, plaintiff's purported breach did not amount to a fundamental breach of contract. Plaintiff's Fourth Affirmative Defense is based upon the fact that neither defendant nor the counterclaim-plaintiffs notified plaintiff that all or a part of a shipment of goods was either defective or non-conforming and accepted the delivery of the shipped goods without protest. Plaintiff's Fifth Affirmative Defense is based upon the fact that although plaintiff, in all respects, complied with its contractual obligations to defendant and counterclaim-plaintiffs, any alleged failure on the part of plaintiff to perform in a certain manner, was due to reasons unknown and out of the control of plaintiff, and was not attributable to any act or omission of plaintiff. Plaintiff's Sixth Affirmative Defense is based upon the fact that it was impossible for the parties to have foreseen that defendant and counterclaim-plaintiffs would have claimed to have sustained damages at the highly inflated and grossly exaggerated amounts that are claimed to have been sustained in the defendant's counterclaims and in the claims of the counterclaim-plaintiffs.  Plaintiff's Seventh Affirmative Defense is based upon the belief by plaintiff that defendant and counterclaim-plaintiffs made no efforts to mitigate the damages allegedly sustained by them.

**INTERROGATORY NO. 4:**

Set forth in detail the computation of damages and all categories of damages asserted by you in this case.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory to the extent that the information requested is that which is duplicative of what has previously been provided to defendant and counterclaim-plaintiffs on March 31, 2020, a true copy is which is being provided as plaintiff's Bates Numbered Documents XIAMEN000668-671. In lieu of a written answer to this Interrogatory, the referenced documents are again being provided and will disclose the information requested by this Interrogatory with the burden of obtaining the answer from the documents provided being substantially the same for either party.

**INTERROGATORY NO. 5:**

Identify each and every document, book, record, writing and other tangible thing which you have in your possession and custody or under your control that is relevant to this lawsuit, and identify the custodian, location and general description of the relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature . (sic)

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as being premature, overbroad, vague and ambiguous, needlessly burdensome, and as seeking information that is duplicative of documents previously provided to defendant and counterclaim-plaintiffs. At this early stage of the proceedings it is impossible to determine the full extent of the documents that will be relevant to the issues in this case. In plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A) plaintiff's documents numbered XIAMENITG000001 to 665 were provided to defendant and counterclaim-plaintiffs. Among other things, this document production included the written contracts, bills of lading, packing slips, commercial invoices, guarantees of payment issued by defendant and counterclaim-

7

plaintiffs with respect to each and every transaction which formed the basis for the parties' pleadings. Additional documents are being provided in response to the requests made in these Interrogatories and in Response to defendant and counterclaim-plaintiff's First Set of Document Demands To Xiamen ITG Group Corp., Ltd., dated May 4, 2020, from which the information requested by this Interrogatory can be obtained.  The burden of distilling the information contained in these documents to respond to this Interrogatory is substantially the same for either party. Defendant and counterclaim-plaintiffs' Interrogatory is overbroad and burdensome because, three months after plaintiff's initial production, it fails to identify either specifically, or by category, the documents being sought that were believed to not have been included in the documents provided along with plaintiff's initial disclosures.

**INTERROGATORY NO. 6:**

*State in detail, not in summary fashion, all verbal communications with any parties to this lawsuit or non-party with respect to the subject matter of this lawsuit, including the date said communication took place; to whom said communication was sent; by whom said communication was sent; and the substance of said communication ; and IDENTIFY and attach hereto any DOCUMENTS related to your answer to this Interrogatory.*

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as being overbroad, burdensome and vague and ambiguous, and to the extent that it requires plaintiff to "state in detail, not in summary fashion, all verbal communications," thus framing a request that cannot be answered. The term "verbal communications" is not defined, and for purposes of interpreting this Interrogatory is understood by plaintiff to refer to oral communications between the parties. Verbal communication between representatives of plaintiff and defendant and counterclaim-plaintiffs, if any, were incidental to the sales transactions, were not stenographically or electronically recorded, nor were verbatim diary entries made concerning these conversations, making it impossible to provide the "detail" and the

8

date that the requested "detailed" conversations took place, as demanded by this Interrogatory. Absent a recorded record of any conversation it is impossible for a detailed record to be sent any person, and there are no documents stating in detail, the verbal communications between the parties, as the meaning of the term "verbal communications" is understood by plaintiff. The documents provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosures and in response to these interrogatories and in response to defendant and counterclaim-plaintiffs' document requests are sufficient to provide the substance of the interactions between the parties.

**INTERROGATORY NO. 7:**

*Indicate whether any Plaintiff or any of its subsidiaries and/or parent companies have been named as a party or offered testimony in any other case, and if so, IDENTIFY the Court and Docket Number; whether any Respondent was a Defendant, Plaintiff or Third Party Defendant in the case; whether any Plaintiff provided testimony in the matter in the form of trial testimony, deposition and/or a certification, and indicate the disposition of the matter.*

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory to the extent that it seeks information concerning non-parties to this litigation. Plaintiff has not been named as a party or offered testimony in any other case in the United States   As used in this Interrogatory the reference to Respondent will be understood to refer to defendant and counterclaim-plaintiffs. With respect to the claims alleged by defendant and the counterclaim-plaintiffs, plaintiff was the Applicant and defendant, Peace Bird Trading Corp., and counterclaim-plaintiffs, Xing Lin (USA) International Corp. and Crystal Vogue, Inc. were the Respondents in arbitration proceedings held before the China International Economic and Trade Arbitration Commission, [2020] Z.G.M.Z.J.C.Z. Nos. 0317,0318 and 316, respectively. Plaintiff appeared through counsel and presented evidence in support of its claims. The submissions to the arbitral tribunal that were made by the parties are detailed in  the Arbitral

Award dated March 10, 2020.  A true copy of the Arbitral Award as issued in the Chinese language, along with an English language translation accompanies plaintiff's responses to these Interrogatories as XIAMENITG000671A-847.


**INTERROGATORY NO. 8:**

*Identify each person whom you intend to rely upon at trial as an expert witness, including their educational background, work history, professional experience, professional association, or other material upon which you will rely to establish that each of the foregoing named individuals is an expert and the field or area in which each such person is an expert, and attach to your answers to these Interrogatories complete and true copies of all written reports rendered by each expert listed in your answer to these Interrogatories.*

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory as being premature  and as requesting information at this stage of the proceedings that is not in accordance with the Court's Scheduling Order dated January 30, 2020.  In any event, plaintiff has not determined the need for expert testimony at this stage of the proceedings.


**INTERROGATORY NO. 9:**

*Set forth the terms of any agreements and/or contracts between the parties.*

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory as being duplicative in that it calls for information that was previously provided by plaintiff to defendant and counterclaim-plaintiffs on February 14, 2020 along with plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A), as plaintiff's document numbers XIAMENITG000001-665, which, along with the additional documents provided in response to these Interrogatories and in response to defendant and counterclaim-plaintiffs' First Set of Document Demands To Xiamen ITG Group Corp.. Ltd., dated May 4, 2020, provide copies of what are believed to be all of the written contracts and agreements between the

parties.  These documents are referred to in lieu of a written answer, and their review will provide the information requested by this Interrogatory with the burden of obtaining the answer to the question posed in this Interrogatory from the documents provided being substantially the same for either party.

**INTERROGATORY NO. 10:**

*Set forth all contracts and agreements between Plaintiff and any other party to this litigation. Identify the specific parties to each contract and/or agreement and the specific terms of any alleged contract and/or agreement.*

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory as duplicative to the extent that it seeks information that has already been requested and provided. Plaintiff refers to and incorporates by reference its response to Interrogatory No. 9 which seeks information identical to that requested by defendant and counter-claim plaintiffs in this Interrogatory.

**INTERROGATORY NO. 11:**

*Identify all statutes, laws and or provisions of the Provisions (sic) of the United Nations Conventions (sic) on contracts for the International Sale of Goods which you are relying upon and all facts to support your position.*

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory at this stage of the proceedings as being premature. However, based upon the fact that plaintiff and defendant and counterclaim-plaintiffs entered into a series of written contracts for the sale of goods, and plaintiff, in each instance, having shipped the ordered goods to defendant and counterclaim-plaintiffs, and in some instances having advanced funds for the benefit of defendant and counterclaim plaintiffs to pay customs fees, duties and taxes, and the goods having been shipped and received by defendant and counterclaim-plaintiffs without

protest, and defendant and counterclaim plaintiffs having guaranteed payment of the funds advanced on their behalf, and the price for the goods ordered and shipped having been agreed upon, and defendant and counterclaim-plaintiffs not having paid any part whatsoever of the purchase price or funds advanced on their behalf by plaintiff, at this stage of the proceedings plaintiff relies upon, at least, Articles 53, 54 and 59 of the United Nations Convention on Contracts for the International Sale of Goods ("CISG"). Plaintiff specifically reserves its right to supplement its answer to this Interrogatory, should additional provisions of the CISG appear to be applicable under the facts and circumstances of this case.

**INTERROGATORY NO. 12 :**

*Set forth in detail the circumstances surrounding and promises made prior to the execution of any agreement or contract between the parties.*

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to the form of this Interrogatory to the extent that it suggests or implies that there were any promises made prior to the execution of the written agreements of the parties which were not included in the parties' agreements. Plaintiff further objects to this Interrogatory as being vague and ambiguous in requesting unspecified detail about unspecified circumstances surrounding any agreement or contract between the parties. In each instance, agreements were exchanged between the parties and presumably reviewed by all parties prior to being executed by the parties to the agreements.

**INTERROGATORY NO. 13 :**

*If you contend that any items were seized and/or confiscated by any governmental agency and or were sold to any non-party, articulate the item number and/or containment (sic) number and the details regarding the date these goods were sold and/or confiscated and the value of the goods that were either sold or confiscated.*

12

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff does not contend that any items were seized and/or confiscated by any governmental agency and or were sold to any non-party.

**INTERROGATORY NO. 14 :**

*Identify any other customers and/or possible entities which were interested in purchasing goods from you from January 1, 2013 to the present and the amounts that each entity was seeking to purchase.*

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not proportional to the needs of the case; that is not relevant to either parties' claims or defenses;  that it is overbroad, too burdensome to answer; and, that it is intended to harass or annoy plaintiff.

**INTERROGATORY NO. 15 :**

*Identify whether Plaintiff or Plaintiff's agent has prepared a profit and loss statement, income statement or a balance sheet for its business operations from January 1, 2013 to present for Plaintiff.  If so, identify the person(s) who prepared such reports and annex any report to the responses to this Interrogatory.*

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is confidential and not proportional to the needs of the case; that is not relevant to either parties' claims or defenses;  that it is overbroad, too burdensome to answer, and, that it is  intended to harass or annoy plaintiff.

**INTERROGATORY NO. 16 :**

*Identify the source of funds for paying any duties, taxes and/or customs for the goods at issue in this case.  If a loan was taken, identity (sic) whether an application for a loan, a line of credit, was made to any person or financial entity from January 1, 2013 to present.  If so, identify*

13

*the person or entity to whom or to which such an application was made, and identify all documents submitted to said person or entity in support of the application.*

**RESPONSE TO INTERROGATORY NO. 16:**

      Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to the parties' claims or defenses;  that it is overbroad and too burdensome to answer; and that it is  intended to harass or annoy plaintiff.   Subject to the objections raised, plaintiff used its own corporate funds to pay for the duties, taxes and/or customs fees for some of the goods at issue in this case.

**INTERROGATORY NO. 17 :**

      *Identify any connection between the People's Republic of China and Plaintiff.*

**RESPONSE TO INTERROGATORY NO. 17:**

      Plaintiff objects to this Interrogatory to the extent that it seeks information that is not relevant to either parties' claims or defenses.  Nonetheless, plaintiff is a corporation organized and existing under the laws of the People's Republic of China ("PRC"), and its principal offices are located in the PRC.  Plaintiff is a state-owned enterprise

**INTERROGATORY NO. 18 :**

      *Set forth all arbitration awards issued related to this case and the arbitrator which issued the award and identify all testimony and/or documents submitted to any arbitrator.*

**RESPONSE TO INTERROGATORY NO. 18:**

      In lieu of providing a written answer to this Interrogatory, plaintiff is providing along with its answers these Interrogatories true copies of the arbitral awards dated March 10, 2020, in the original Chinese language followed by an English language translation. that were entered following arbitration proceedings that were held before China International Economic and Trade

Arbitration Commission, which involved plaintiff as the Applicant and defendant, Peace Bird Trading Corp., and counterclaim-plaintiffs, Xing Lin (USA) International Corp. and Crystal Vogue, Inc., as Respondents ([2020] Z.G.M.Z.J.C.Z. Nos. 0317,0318 and 316, respectively). (XIAMENITG000671A- 847)  The answers requested by this Interrogatory can be determined by a review of these awards, with the burden of obtaining the answers from the documents provided being substantially the same for either party.

**INTERROGATORY NO. 19 :**

*Identify all bank accounts used to pay for the manufacturing, shipment and/or transportation of the goods at issue in this case and the specific amounts used from each account and the purpose that such amounts were expended.*

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this Interrogatory on the grounds that that it seeks information that is not relevant to either parties' claims or defenses, however, see documents numbered XIAMENITG000848-857.

**INTERROGATORY NO. 20 :**

*Set forth in detail each item, containment (sic) number, estimated date of delivery, the date when the goods arrived, the date when all customs, duties and/or taxes were to be paid and the date when all such customs, duties and/or taxes were paid, for the goods at issue in this case and/or all of the goods identified in all the pleadings in this case.*

**RESPONSE TO INTERROGATORY NO. 20:**

In lieu of a written response to this Interrogatory, and in addition to documents previously provided along with plaintiff's initial disclosures, and accompanying plaintiff's responses to these Interrogatories plaintiff is providing in Excel format a file named "Excel Spreadsheet No. 1." Excel Spreadsheet No. 1 provides the information requested by this Interrogatory. with the burden of extracting the answers from the document being provided substantially the same for either party.

.**INTERROGATORY NO. 21 :**

*Identify the specific items that were shipped in each item number, contained (sic) number and the cost expended by Plaintiff for those goods.*

**RESPONSE TO INTERROGATORY NO. 21:**

In lieu of providing a written answer to this Interrogatory, plaintiff refers to the documents previously provided to defendant and counterclaim-plaintiffs on February 14, 2020 as  part of plaintiff's Initial Disclosures Pursuant to Fed. Civ. P. 26 (a)(1)(A) (Documents numbered: XIAMENITG000001 to 665). These documents included the written agreements between the parties for all of the claims alleged in the parties' pleadings; the bills of lading for the goods shipped for all of the claims alleged in the parties' pleadings; the packing lists for the goods shipped for all of the claims alleged in the parties' pleadings; and, the commercial invoices for the goods shipped under all of the claims alleged in the parties' pleadings. Some of the answers requested by this Interrogatory can be determined by a review of these records, with the burden of obtaining the answers from the documents provided being substantially the same for either party. Plaintiff objects to this Interrogatory to the extent that it seeks to determine "the cost expended by Plaintiff for those goods" as seeking information that is not relevant to either parties' claims or defenses.

**INTERROGATORY NO. 22 :**

*Identify all facts to support any reason why there was any delay in the payment of any customs, taxes and/or duty for any shipments at issue in this case.*

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to the form of this Interrogatory to the extent that it suggests or implies that there was any delay by plaintiff in the payment of any customs, taxes and/or duty for any

shipments at issue in this case.  In any event, plaintiff denies that there was any delay on the part of plaintiff in meeting its obligations under the parties' agreements.

**INTERROGATORY NO. 23 :**

*Set forth in detail all goods that were subject to any arbitration and the specific rulings made by any arbitrator related to those goods.*

**RESPONSE TO INTERROGATORY NO. 23:**

In lieu of providing a written answer to this Interrogatory, plaintiff refers to documents being provided along with plaintiff's answers to these Interrogatories as XIAMENITG000671A-847, the said documents being true copies of the arbitral awards dated March 10, 2020, in the original Chinese language followed by an English language translation. that were entered following arbitration proceedings that were held before China International Economic and Trade Arbitration Commission, which involved plaintiff as the Applicant and defendant, Peace Bird Trading Corp., and counterclaim-plaintiffs,  Xing Lin (USA) International Corp. and Crystal Vogue, Inc., as Respondents ([2020] Z.G.M.Z.J.C.Z. Nos. 0317,0318 and 316, respectively).  The answer to the inquiries made by this Interrogatory can be determined by a review of these awards, with the burden of obtaining the answers from the documents provided being substantially the same for either party.

**INTERROGATORY NO. 24 :**

*Set forth all oral communications with any brokers and/or customs officers related to the goods at issue in this case.*

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff did not have any oral communications with any brokers/and/or customs officers related to the goods at issue in this case.

**INTERROGATORY NO. 25 :**

*Identify any goods that were confiscated by any Mexican authorities and/or which were not received by Defendant and/or any Third-Party Defendants and he reason for the confiscation and/or the failure of those goods to be received by Defendant/Third Party plaintiff..*

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff lacks knowledge or information sufficient to form a  belief as to the identity of any goods that were allegedly confiscated by the Mexican authorities, or the identity of goods which purportedly were not received by defendant and counterclaim-plaintiffs (for purposes of this response it is assumed that the reference to "Third-Party Defendants" refers to the counterclaim-plaintiffs), nor has plaintiff any knowledge or information sufficient to form a belief, other than what is now believed to be the claims of defendant and counterclaim-plaintiffs, as to the reasons for the purported confiscation of those goods or their alleged failure to be received by the counterclaim-plaintiffs.

**INTERROGATORY NO. 26 :**

*Identify all goods that you contend were received by the requesting parties. Identify the item number, container number, purchase order and bills of lading that correspond to any such goods and the value of each item and/or containment number.*

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff contends that all goods shipped by it were delivered and received by, or on behalf of, defendant and the counterclaim-plaintiffs. With respect to this Interrogatory's request that the

shipped goods be identified in various ways, in lieu of providing a written answer to this Interrogatory, plaintiff refers to plaintiff's documents numbered XIAMENITG000001-665, which documents were provided to defendant and counterclaim plaintiffs on February 14, 2020. The answers to the inquiries made by this Interrogatory can be determined by a review of these documents, with the burden of obtaining the answers from the documents provided being substantially the same for either party. Among other things, these documents contain the written sales agreements between the parties for each of the items shipped to defendant and counterclaim-plaintiffs, the item numbers for the goods shipped, the bills of lading, container numbers, packing slips and commercial invoices for each of the items shipped to defendant and counterclaim-plaintiffs.

**INTERROGATORY NO. 27 :**

*Set forth the customs, practices and procedures in the industry regarding the procedure for paying customs, duties and/or taxes in this case and/or for the import/export of the goods at issue in the case.*

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this Interrogatory to the extent that is suggests or implies that there are "customs, practices and procedures in the industry regarding the procedure for paying customs, duties and/or taxes." Plaintiff's shipments of the fabrics ordered by defendant and counterclaim-plaintiffs were made in accordance with the parties' agreements and not in accordance with any alleged customs and practices which may or may not exist. If, in fact, customs and practices do exist, it is a long-established custom and practice in the industry for purchasers to pay for the items ordered by them and delivered to them in accordance with their contractual obligations.

**INTERROGATORY NO. 28 :**

*Identify your understanding as to the intended use of the goods.*

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff did not form an understanding as to the intended use of the goods purchased by defendant and counterclaim-plaintiffs, but it can be assumed that the goods were purchased for resale and not for personal use.

**INTERROGATORY NO. 29 :**

*Identify the dates when you contend the goods were to be delivered to Defendant/Third Party Plaintiff.*

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the form of this Interrogatory to the extent that it suggests or implies that plaintiff contended that there were dates by which the goods were to be delivered to defendant and counterclaim-plaintiffs, other than the "ship by" dates provided for in the parties' agreements and as evidenced in the bills of lading for the shipped goods (for purposes of answering this Interrogatory, the reference to "Third Party Plaintiff" will be assumed to refer to counterclaim-plaintiffs).  The contracts between the parties contained "ship by" dates, which in some instances were later waived by defendant and counterclaim-plaintiffs. The delivery dates for each shipment can be determined from the shipment date as indicated on the bills of lading, copies of  which were provided for each shipment along with plaintiff's documents numbered XAIMENITG000001 to 665, on February 14, 2020 along with plaintiff's initial disclosures.  See also, Excel Spreadsheet No.1.

**INTERROGATORY NO. 30** :

*Set forth the value of the goods at issue in this case and identify whether you contend the value has changed over time.*

**RESPONSE TO INTERROGATORY NO. 30:**

In lieu of providing a written answer to this Interrogatory, plaintiff refers to plaintiff's documents numbered XIAMENITG000001-665, which documents were provided to defendant and counterclaim plaintiffs on February 14, 2020.  These documents contain, among other things, the written contracts and commercial invoices for each of the items that were purchased. The answers to the inquiries made by this Interrogatory can be determined by a review of these documents, with the burden of obtaining the answers from the documents provided being substantially the same for either party.  With respect to whether plaintiff contends that the value of the goods has changed over time, plaintiff has not made such a contention.

**INTERROGATORY NO. 31** :

*Identify all trends related to the goods and the time that those trends were reasonably marketable for the goods at issue in this case.*

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff has no knowledge of any trends that were related to the types of goods that were sold to defendant and counterclaim-plaintiffs in this case.

**INTERROGATORY NO. 32** :

*Set forth all due diligence efforts or investigations of any defendant and/or of third party plaintiff in this case.*

**RESPONSE TO INTERROGATORY NO. 32:**

Defendant and counterclaim-plaintiffs were known to plaintiff as being engaged in the business of importing fabrics and textiles.  Defendants and counterclaim-plaintiffs expressed an

interest in doing business with plaintiff but explained that they were hampered by a lack of funds to pay for the customs fees and duties for goods imported though Mexico.  In an effort to develop a business relationship, and in a good faith reliance upon defendant and counterclaim-plaintiffs representations, promises and guarantees of payment, plaintiff agreed to defendant and counterclaim-plaintiffs' proposal for it to extend financing sufficient to pay the customs fees, duties and taxes, for some of the shipments made by it to defendant and counterclaim-plaintiffs through Mexico.

**INTERROGATORY NO. 33 :**

*Identify all goods which were ever shipped to Plaintiff and/or Third Party Defendants and how those customs, duties and/or taxes were paid.*

**RESPONSE TO INTERROGATORY NO. 33:**

In lieu of providing a written response to this Interrogatory plaintiff refers to documents XAIMENITG000001 to XIAMEN000665, which were provided to defendant and counterclaim-plaintiffs on February 14, 2020, along with plaintiff's initial disclosures.  These documents provide information sufficient to identify all of the goods that were shipped to defendant and counterclaim plaintiffs that are the subject of the parties' pleadings.  In addition to the previously provided documents, documents provided as XIAMENITG 000671A to XAIMENITG000847, identify the goods that were shipped by plaintiff to defendant and counterclaim-plaintiffs that were the subject of the arbitration proceedings that were held before CIETAC.  Together, the goods identified in these documents constitute all goods that were shipped by plaintiff to defendant and counterclaim-plaintiffs.  In connection with those shipments of goods whose terms and the parties' agreements provided for plaintiff to advance the funds necessary to pay customs fees, duty and taxes, documents XIAMENITG000848 to XIAMENITG000857 provide evidence of the payments

advanced by plaintiff on behalf of defendant and counterclaim-plaintiffs. The answers to the inquiries made by this Interrogatory can be determined by a review of the referenced documents, with the burden of obtaining the answers from the documents provided being substantially the same for either party. Plaintiff further objects to the form of this Interrogatory to the extent that it suggests or implies that plaintiff agreed to pay the customs fees, duties and taxes for all of the goods shipped by it to defendant and counterclaim-plaintiffs.

**INTERROGATORY NO. 34 :**

*Set forth all payments received for the goods at issue in this case from any party or non-party.*

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff did not receive any payments from defendant or from counterclaim-plaintiffs for any part of the goods shipped by it to them. It is believed that plaintiff did receive partial indemnity of the amount due to it from the China Export Insurance Corporation. Plaintiff specifically reserves to supplement its response to this Interrogatory, if after further inquiry additional information becomes known.

**INTERROGATORY NO. 35 :**

*Set forth any payments and/or monies Plaintiff and/or its brokers or agents received from Defendant, Third Party Plaintiffs or their brokers or agent at any time and identify the reason for each such payment.*

**RESPONSE TO INTERROGATORY NO. 35:**

Plaintiff has received no payments from defendant or counterclaim-plaintiffs, or from anyone acting on their behalf (for purposes of answering this Interrogatory, the reference to "Third Party Plaintiff" will be assumed to refer to counterclaim-plaintiffs for any of the shipments involved in this case).

23

**INTERROGATORY NO. 36 :**

*Identify all employees, agents and/or officers of Plaintiff who were involved in the transactions at issue in this case and/or the shipping of the goods at issue in this case. Describe the duties and responsibilities of each person identified. Identify all persons they reported, (sic) and state whether they were required to seek approval before entering into any agreement. If such approval was required, identify the person(s) at that (sic) gave approval for any transactions at issue.*

**RESPONSE TO INTERROGATORY NO. 36:**

Plaintiff objects to this Interrogatory to the extent that it is duplicative of Interrogatory No.1. Plaintiff incorporates its response to Interrogatory No.1 with the same force and effect as if the same were set forth fully at length herein. Supplementing plaintiff's response, Lifang Wang had the authority to approve all contracts, approve the payment by ITG on behalf of defendant and counterclaim-plaintiffs, of funds sufficient to pay the customs fees, duties, and taxes due on the shipped goods, to enter into an agreement with defendant and counterclaim-plaintiffs for their repayment of the funds advanced on their behalf, and to approve the change of the contract terms to reflect those instances were ITG had agreed to make such advance payment in connection with the goods being shipped.

**INTERROGATORY NO. 37 :**

*Identify by name, location, and telephone number all non-parties or individuals involving the shipping of the goods and/or the payment of duties, customs and/or taxes related to those goods.*

**RESPONSE TO INTERROGATORY NO. 37:**

Plaintiff objects to this Interrogatory as being vague and ambiguous and over broad in its scope, in that it calls for the identity of non-parties who in some undefined way were involved in the shipping of the goods or the payment of the various fees related to certain of the transactions. Without identifying the nature or degree of the involvement that would bring someone within the

scope of this Interrogatory, it is impossible to answer.  In any event, plaintiff is without any knowledge concerning the identities of non-parties who may have been involved in the shipping of the goods, the handling of the goods, or the processing of the payments made by it on behalf of defendant and counter-claim plaintiffs.

**INTERROGATORY NO. 38:**

*Identify all electronically stored communications upon which you will rely, if any, to establish all or a part of the allegations alleged in any claims asserted against any party to this case by the responding party.*

**RESPONSE TO INTERROGATORY NO. 38:**

Plaintiff objects to this Interrogatory as being premature at this stage of the proceedings. The documents previously provided, and the documents being provided in connection with plaintiff's answers to these Interrogatories and in response to defendant's and counterclaim-plaintiffs' First Set of Document Demands To Xiamen ITG Group Corp., Ltd., dated May 4, 2020, contain various electronic communications between the parties.  If, upon review, defendant and counterclaim-plaintiffs determine the production provided to be somehow deficient, plaintiff would be willing to meet and confer with counsel for defendant and counterclaim-plaintiffs to narrow the search for electronically stored communications which are believed to exist but have not been provided, and to reach agreement on  appropriate and mutually agreeable search terms.

**INTERROGATORY NO. 39 :**

*Describe all activities of Plaintiff that took place in the United States concerning the goods at issue in this case.*

**RESPONSE TO INTERROGATORY NO. 39:**

There were no activities by plaintiff in the United States concerning the goods at issue in this case other than authorizing the commencement of this litigation to collect the amounts due to it from defendant and counterclaim-plaintiffs.

PLEASE TAKE NOTICE that in any instance where plaintiffs' answers are believed to be incomplete, or the objections that are asserted are believed to be lacking in merit, plaintiff consents to a meet-and-confer upon the request of counsel for defendants and counterclaim-plaintiffs. To make such a meeting productive, such a request should be in writing and identify the Interrogatory which is believed to be deficient and state the basis for your contention that a deficiency is believed to exist.

Dated: June 19, 2020
        New York, New York

                                        Law Office of John J. Janiec

                                        S/ *John J. Janiec*

                                        By: _____
                                              John J. Janiec

                                        *Attorney for plaintiff:*
                                            *Xiamen ITG Group Corp., Ltd.*

TO:  Michael S. Horn
       Archer & Grenier, P.C.
       21 Main Street Suite 353
       Court Plaza South, West Wing
       Hackensack, New Jersey 07601

       *Attorneys for:*
           *Peace Bird Trading Corp.,*
           *Xing Lin (USA) International Corp., and*
           *Crystal Vogue, Inc.*

## VERIFICATION

1. I, LIFANG WANG, am a General Manager of plaintiff, Xiamen ITG Group Corp. Ltd.'s trading and business operations, and I am authorized to act on behalf of Xiamen ITG Group Corp. Ltd.

2. I have reviewed the records maintained by Xiamen ITG Group Corp. Ltd. with respect to the trading transactions that are the subject of this litigation and I am personally familiar with the trading transactions involved in this case.

3. I have reviewed the responses and objections by Xiamen ITG Group Corp. Ltd. to the First Set of Interrogatories addressed to Xiamen ITG Group Corp. Ltd., and the responses made are true and correct to my own knowledge.

4. I declare and verify under penalties of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on the ___ day of June, 2020

Lifang Wang
General Manager
Xiamen ITG Group Corp. Ltd.

27