John J. Janiec
Law Office of John J. Janiec
261 Madison Avenue, Fl 12
New York, New York 10016
Tel: (212) 629-0027
Fax: (646) 589-0499
E-mail: jjaniec@jjjlawoffice.com

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

----------------------------------------------------

| | | |
|---|---|---|
| **XIAMEN ITG GROUP CORP., LTD.,** | : | **Civil Action No.: 19-cv-6524 (DLI)(SLT)** |
| **Plaintiff,** | : | |
| *-against-* | : | |
| **PEACE BIRD TRADING CORP.,** | : | **PLAINTIFF XIAMEN ITG GROUP CORP.,** |
| | | **LTD.'S RESPONSES AND OBJECTIONS** |
| **Defendant, and** | : | **TO DEFENDANT AND COUNTERCLAIM** |
| | | **PLAINTIFFS' FIRST SET OF DOCUMENT** |
| **XING LIN (USA) INTERNATIONAL** | : | **DEMANDS.** |
| **CORP., and CRYSTAL VOGUE INC.,** | | |
| | : | |
| **Counterclaim Plaintiffs,** | | |
| | : | |

----------------------------------------------------

Plaintiff, Xiamen ITG Group Corp., Ltd. ("ITG"), by and through its attorney, the Law

Office of John J. Janiec, in response to defendant Peace Bird Trading Corp. ("Peace Bird"), and

counterclaim plaintiffs, Xing Lin (USA) International Corp. ("Xing Lin") and Crystal Vogue, Inc.

("Crystal Vogue"), First Set of Document Demands, dated May 4, 2020, without waiving any

defenses that plaintiff may have to the claims made against it in this action, responds as follows:

## GENERAL OBJECTIONS

**1.**     The General Objections set forth below apply to the Requests generally and to the Definitions, Instructions, and the Individual Requests set forth herein.  Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction and Request.  Any undertaking to search for, or provide information in response to, any Request remains subject to the General Objections.

**2.**     The inclusion of any specific objection to a Request is neither intended as, nor in any way shall be deemed, a waiver of any general objection or of any other specific objection that may be asserted at a later date.  In addition, the failure to include at this time any general or specific objection to the Request is neither intended as, nor in any way shall be deemed, a waiver of ITG's right to assert that or any other objection at a later date.

**3.**     ITG objects to the Requests to the extent that they seek to impose burdens or obligations on ITG that are broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure and the applicable Local Court Rules.  Subject to and without waiving any objections, ITG will construe these Requests in accordance with the applicable Rules.

**4.**     The following responses are based upon discovery available as of the date hereof.  These responses are given without prejudice to ITG's right to produce or rely upon subsequently discovered information.

**5.**     Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to the responses set forth herein.

**6.**     Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection.  Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable

privilege.  Any information withheld on the basis of such privilege will be identified in accordance with the applicable Rules.

7.      ITG reserves the right to condition the production of documents containing confidential or proprietary information.

8.      The production of any documents or information by ITG is made without waiver of any privilege or protection against disclosure afforded to documents containing confidential or proprietary information or trade secrets.

9.      ITG objects to the document requests to the extent that the Requests call for the production of documents previously provided to the defendants in Plaintiff's Initial Disclosures on February 14, 2020.

10.     ITG objects to the Requests to the extent that they are vague and ambiguous, overly broad, unduly burdensome, harassing, lacking in particularity, confusing, unreasonable or seek the discovery of information or documents that are neither relevant to the issues involved in this litigation nor reasonably calculated to lead to the discovery of such evidence, as well as to the extent that they are unduly burdensome because they impose a significant expense and inconvenience on ITG.  ITG is willing to meet and to confer with defendant and counterclaim plaintiffs concerning whether any specific Requests may be narrowed to fall within the permissible scope of discovery.  Any response, either contained herein, or following a meet-and-confer, is not a concession that the response to any Request is relevant to any claims made in the Action and/or properly falls within the scope of permissible discovery.

11.     ITG objects to the Requests to the extent that they are cumulative or duplicative, and to the extent that the information sought in the Requests may be derived or obtained from documents

that are equally obtainable from public sources or from some other source or through some other means of discovery that is more convenient, less burdensome or less expensive.

12.     ITG objects to the Requests to the extent they seek production of documents from persons other than ITG.  The responses herein are submitted only on behalf of ITG and not on behalf of any other person or entity.  ITG further objects to the Requests to the extent that they seek the production of documents not in ITG's possession, custody, or control, or refer to persons, entities, or events not known to ITG.  ITG further objects to the extent the Requests seek production of documents  that are publicly available and/or which are equally available to and/or are already in the possession, custody, or control of defendant and/or counterclaim-plaintiffs.

13.     ITG objects to the Requests to the extent that they contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, and/or events underlying this action. ITG further objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  ITG further objects to all presumptions, depictions, and/or characterizations to the extent they are contained in the Requests.  Any response, production of documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

14.     ITG objects to the Requests as overly broad and unduly burdensome to the extent that they purport to require the production of "any" or "all" document under circumstances in which a subset of documents would be sufficient to show the pertinent information.

15.     ITG objects to the Requests to the extent that they do not identify the information or documents sought with sufficient specificity and particularity. ITG also objects to the Requests to the extent that they are vague, ambiguous, confusing, or otherwise lack sufficient precision or

particularity to permit a response.  For example, the Requests contain an undue number of grammatical errors that make the Requests unintelligible, vague, ambiguous and confusing.  The Requests also employ a number of undefined terms that are either capable of multiple meanings or, are so vague that no meaning is apparent.

16.     ITG object to the Requests to the extent that they purport to require ITG to conduct anything beyond a reasonable and diligent search where responsive documents would reasonably be expected to be found (including electronic sources). ITG also objects to the Requests to the extent that they purport to require the production of documents, electronically stored information or data (including, but not limited to, e-mails), that are not reasonably accessible to ITG without undue burden or expense. ITG also objects to the Requests to the extent that they purport to require ITG to search for and disclose documents that are not maintained by, or on behalf of, persons believed to have significant involvement regarding the allegations contained in the Complaint and in ITG's claims against the counterclaim-plaintiffs.  ITG is willing to meet and confer with defendant and counterclaim-plaintiffs to create mutually agreeable protocols for the production of documents, including appropriate custodians, method and sampling approach to document collection, search terms, form of production, and timing of production.

17.     ITG objects to the Requests to the extent they purport to require ITG to draw substantive or legal conclusions or are predicated on subjective or legal conclusions or arguments.

18.     ITG objects to Definitions numbered 1 and 5 contained in defendant's and counterclaim-plaintiffs' First Set Of Document Demands To Xiamen ITG Group Corp., Ltd., as being in violation of Local Civil Rule 26.3(a) to the extent that the definition of the term "document" is broader in scope than as defined in Local Civil Rule 26.3 (c) (2).

19.     The responses to these Requests are not intended to waive, and do not constitute a waiver of, any objection that ITG may have to the admissibility, authenticity or relevance of any documents or information produced.  For all documents or information provided in response to these Requests, ITG expressly reserves all objections or other questions regarding competency, relevance, materiality, privilege or admissibility of any such information as evidence in any subsequent proceeding, or trial, in this or any other action.

20.     ITG objects to the Requests on the grounds that they are unduly burdensome, harassing and oppressive because they are overwhelmingly duplicative and/or cumulative. ITG's specific objections to the cumulative or duplicative Requests in bulk does not constitute a waiver of any objection to any Request and such objections and responses apply to each such Request.  ITG is willing to meet and confer with defendant and counterclaim-plaintiffs concerning any Request which they believe was not duplicative.

21.     These responses are made solely for the purpose of this action. These responses are made subject to and without waiving any objections as to competence, relevance, materiality, admissibility, and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

22.     ITG reserves its right to make additional objections to these Requests and hereby incorporates the aforesaid General Objections into each specific response below as if set forth fully at length herein.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Without waiving and subject to the foregoing General Objections which are incorporated into each response below, ITG responds to each specific Request to the extent not duplicative or cumulative as follows:

## REQUEST NO. 1:

*All documents referred to or relied upon by You in their (sic) answers to the interrogatories propounded upon you in this action.*

## RESPONSE TO REQUEST NO. 1:

In response to defendant's and counterclaim-plaintiffs' First Set of Interrogatories To Xiamen ITG Group Corp., Ltd., dated May 4, 2020, plaintiff relied upon the documents previously provided to defendant and counterclaim plaintiffs on February 14, 2020, along with plaintiff's initial disclosures and Bates numbered as XIAMENITG000001–665, and those documents provided along with plaintiff's response to defendant and counterclaim-plaintiffs' First Set of Interrogatories and First Set of Document Demands, dated May 4, 2020, Bates numbered as XIAMENITG000666-1062, along with Excel Spreadsheet No.1.


## REQUEST NO. 2:

*All notes, memoranda and reports prepared by any person who is expected to testify as an expert witness on Your behalf in this action.*

## RESPONSE TO REQUEST NO. 2:

Plaintiff objects to this Request as being premature, and as requesting information at this stage of the proceedings that is not in accordance with the Court's Scheduling Order dated January 30, 2020, and, in any event, that it calls for the production of documents which do not presently exist.

**REQUEST NO. 3**:

All summaries of qualification and/or Curriculum Vitae for each expert to be called to be called to testify as an expert witness on behalf of You in this action.

**RESPONSE TO REQUEST NO. 3**:

Plaintiff objects to this Request as being premature  and as requesting information at this stage of the proceedings that is not in accordance with the Court's Scheduling Order dated January 30, 2020, and, in any event, that it calls for the production of documents which are presently not in the possession, custody or control of plaintiff.

**REQUEST NO. 4**:

All documents related to  you as a business entity and its formation, place of incorporation, legal status as an entity and officers of any entity which you are a part or own.

**RESPONSE TO REQUEST NO. 4**:

Plaintiff objects to this Request as being over broad and as seeking information that is not relevant to the parties' claims or defenses to the extent that it asks for the production of documents for entities other than plaintiff.  Information relating to plaintiff and its corporate structure may be found in documents numbered XIAMENITG000666-667.

**REQUEST NO. 5**:

All documents related to any business entities that are parents or subsidiaries of You along with the place of incorporation, legal status as an entity and officers of Your corporate entity.

**RESPONSE TO REQUEST NO. 5**:

Plaintiff objects to this Request as being over broad and as seeking information that is not relevant to the parties' claims or defenses, and as being intended solely to harass or annoy plaintiff.

Information relating to plaintiff and its corporate structure may be found at documents numbered XIAMENITG000666-667.

**REQUEST NO. 6**:

*All documents reflecting, referring or relating to any person consulted with but not retained by You in connection with the subject matter of this action.*

**RESPONSE TO REQUEST NO. 6**:

Plaintiff objects to this Request on the grounds that it is overbroad and vague and ambiguous in that it fails to identify the specific documents or category of documents being sought, or the nature of the "consultation" for which the documents requested are being sought, making it impossible to respond to this Request.  However, subject to plaintiff's right to claim a protection against disclosure as constituting material prepared for litigation, attorney's work product, or subject to attorney-client privilege, upon the presentation of a detailed description sufficient to identify the documents being sought and a showing of relevance, and absent the applicability of any further objections to production, plaintiff would be pleased conduct a search for the existence of non-privileged documents of the type described.

**REQUEST NO. 7**:

*Documents, emails (with attachments), text messages and/or notes that reference any of the parties in this case or any documents referenced in any pleading in this case.*

**RESPONSE TO REQUEST NO. 7**:

Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665,  and the additional documents

of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to this document request as documents XIAMEN000885-1062, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional disclosure of the type requested is necessary in order to resolve the issues involved in this litigation, following a meet-and-confer where any perceived deficits and appropriate search terms are discussed, plaintiff would be pleased to conduct such further search as may be considered necessary.

**REQUEST NO. 8**:

*Documents, emails (with attachments), text messages and/or notes referring or relating to any written or oral communications between any defendant, third party plaintiff and plaintiff.*

**RESPONSE TO REQUEST NO. 8**:

Assuming that the reference to third party-plaintiff is a reference to counterclaim-plaintiffs, plaintiff objects to this Interrogatory on the grounds that it is duplicative of that which is requested by defendant's and counterclaim plaintiffs' preceding Request No. 7.  Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665,  and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to this document request as documents XAIMENIYG000858-1062, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional

disclosure of the type requested is necessary in order to resolve the issues involved in this litigation, following a meet-and-confer where any perceived deficits and appropriate search terms are discussed, plaintiff would be pleased to conduct such further search as may be considered necessary.

**REQUEST NO. 9**:

*Documents reflecting, referring or relating to any proposed draft or actual contracts, agreements, addendums to contracts, modifications or releases between any party.*

**RESPONSE TO REQUEST NO. 9**:

Plaintiff objects to this Request on the grounds that it is cumulative or duplicative in that the information requested is already in the possession, custody, and control of defendant and counterclaim-plaintiffs. The contracts executed by the parties along with addendums and modifications for each of the parties' claims, which are equally available to defendant and counter-claim plaintiffs as to plaintiff,  were previously provided to defendant and counterclaim-plaintiffs on February 14, 2020 along with plaintiff's initial disclosures as documents numbers XIAMENITG000001 to XIAMENITGF000665,and elsewhere in response to defendant's and counterclaim-plaintiffs' First Set of Interrogatories and in response to these document requests as XIAMENITG000666 to XIAMENITG001062..

**REQUEST NO. 10**:

*Documents, emails (with attachments), text messages and/or notes reflecting, referring or relating to negotiations between any of the parties.*

**RESPONSE TO REQUEST NO. 10**:

Plaintiff objects to this Request on the grounds that it is duplicative of that which is requested by defendant's and counterclaim plaintiffs' preceding Requests Nos. 7 and 8.  Plaintiff

objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665,  and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to these document requests as documents numbered XIAMENITG000666 to XIAMENITG001062, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that for some reason additional disclosure of the type requested is necessary to resolve the issues involved in this litigation, following a meet-and-confer where appropriate search terms and protocols are discussed, plaintiff would be pleased to conduct such further search as may be considered necessary.

**REQUEST NO. 11**:

*Documents, emails (with attachments), text messages and/or notes relating to any payments sent to any party, including but not limited to, checks, invoices and statements and any documents that reflect the payment terns and any guaranties of payments.*

**RESPONSE TO REQUEST NO. 11**:

Plaintiff objects to this Request on the grounds that it is duplicative of that which is requested by defendant's and counter-claim plaintiffs' preceding Requests Nos. 7, 8 and 10. Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665,  and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-

12

plaintiffs' First Set of Interrogatories, and elsewhere in response to these document requests as documents numbered XIAMENITG000666 to XIAMENITG001062, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional disclosure of the type requested is necessary to resolve the issues involved in this litigation, following a meet-and-confer where appropriate search terms and protocols are discussed, plaintiff would be pleased to conduct such further search as may be considered necessary.

**REQUEST NO. 12**:

*Any and all Court Orders you obtained related to Plaintiff's business.*

**RESPONSE TO REQUEST NO. 12**:

Plaintiff is not in possession of any documents of the type described in this Request.

**REQUEST NO. 13**:

*Copies of any and all documents and correspondence by and between Plaintiff or anyone acting on his behalf, and any Defendant or Third Party Plaintiff, and anyone acting on any defendant's behalf, as they relate to the facts and allegations at issue in the pleadings.*

**RESPONSE TO REQUEST NO. 13**:

Plaintiff objects to this Request on the grounds that it is duplicative of that which is requested by defendant's and counter-claim plaintiffs' preceding Requests Nos. 7, 8, 10 and 11. Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665,  and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to this document request as

documents numbered XIAMENITG000666 to XIAMENITG001062, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional disclosure of the type requested is necessary to resolve the issues involved in this litigation, following a meet-and-confer where appropriate search terms and protocols are discussed, plaintiff would be pleased to conduct such further search as may be considered necessary.

**REQUEST NO. 14**:

*Copies of any and all documents and correspondence by and between Plaintiff or anyone acting on their behalf, and any other person, corporation, or entity as they relate to the facts and allegations at issue in the pleadings.*

**RESPONSE TO REQUEST NO. 14**:

Plaintiff objects to this Request on the grounds that it is duplicative of that which is requested by defendant's and counterclaim-plaintiffs' preceding Requests Nos. 7, 8, 10, 11 and 13.  Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665,  and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to this document request as documents numbered XIAMENITG000666 to XIAMENITG001062, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional disclosure of the type requested is necessary to resolve the issues involved in this litigation, following a meet-and-confer where appropriate

14

search terms and protocols are discussed, plaintiff would be pleased to conduct such further search as may be considered necessary.

**REQUEST NO. 15**:

*All writings that pertain to the facts at issue in this case, including without limitation all writings reflecting any statements (and if the statements are records, copies of al such recordings) made by any party to this litigation , any witness, or any expert pertaining to the occurrences, incidents or claims referred to in any pleadings in this matter, any writings pertaining to any damages claimed in this matter and their cause, origin, nature, severity, extent and duration and any tangible item to be utilized in any deposition, hearing or trial of this matter.*

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this Request as being unduly prolix, duplicative, burdensome and premature.  In requesting the production of "all" writings, this Request seemingly does not take into consideration plaintiff's document numbers XIAMENITG000001-665 which were provided to defendant and counterclaim-plaintiffs three months earlier on February 14, 2020 along with plaintiff's initial disclosures.  Documents being provided by plaintiff in response to the requests for documents contained in defendant's and counter-claim plaintiffs' First Set of Interrogatories and elsewhere in these requests (XIAMENITG000666-1062) are also believed to supplement the documents provided along with plaintiff's initial disclosures. Plaintiff further objects to this Request at this stage of the proceedings to the extent that it calls for the production of documents to be "utilized in any deposition, hearing or trial of this matter."  Lastly, plaintiff objects to this request to the extent that it calls for the production of expert related material as being premature and as requesting information at this stage of the proceedings that is not in accordance with the Court's Scheduling Order dated January 30, 2020, and, in any event, calling for the production of documents which are presently not in the possession, custody or control of plaintiff.

**REQUEST NO. 16**:

*A copy of any document or writing that you contend related to or contains a statement against interest of any party.*

**RESPONSE TO REQUEST NO. 16**:

It is plaintiffs' position that the documents showing that certain goods were ordered from plaintiff, that plaintiff caused those goods to be shipped to defendant and counterclaim-plaintiffs, that Bills of Lading were sent to and received by or on behalf of defendant and counterclaim-plaintiffs, that documents showing the payment by plaintiff of the funds necessary to pay the customs fees, duties and taxes on behalf of defendant and counterclaim-plaintiffs for certain of the shipped goods, that documents showing the acceptance of the goods by defendant and counter-claim plaintiffs without protest that the goods were damaged or otherwise non-conforming,  that defendant and counterclaim-plaintiffs guaranteed payment to plaintiff, and that the documents showing the contracts and agreements between the parties, as evidenced by plaintiff's documents numbered XIAMENITG000001 to XAIMENITG001062 are all constitute statements against the interests of defendant and counterclaim plaintiffs.

**REQUEST NO. 17**:

*Copies of all reports, pleadings and discovery relating to any lawsuits where you were a litigant in the past five years.*

**RESPONSE TO REQUEST NO. 17**:

Apart from this litigation, plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 18**:

*Copies of any and all statements given by any party/non-party witness or if not voluntarily given, sufficient information regarding the statement so as to be able to properly identify (sic) in a subpoena duces tecum.*

**RESPONSE TO REQUEST NO. 18**:

Plaintiff objects to this Request on the grounds and to the extent that it calls for the preparation of a document by plaintiff containing "sufficient information regarding the statement so as to be able to properly identify (sic) in a subpoena duces tecum," and for the production of statements that were "not voluntarily given." Plaintiff has no information regarding the existence of statements that were involuntarily given. With respect to the balance of this Request, Plaintiff is not currently in possession of documents of the type described in this Request.

**REQUEST NO. 19**:

*Copies of any and all photographs or video tapes of any nature whatsoever which You may offer into evidence at the trial of this case.*

**RESPONSE TO REQUEST NO. 19**:

Plaintiff is currently not in possession of any items of the type described in this Request.

**REQUEST NO. 20**:

*Any and all documents related to your Affirmative Defenses and/or any other Defenses asserted in Your Answer to Counterclaims and/or Third Party Claims.*

**RESPONSE TO REQUEST NO. 20**:

Plaintiff objects to this Request as being overbroad and duplicative. The Request is overbroad because it fails to describe a specific document or a category of documents which has not already been provided. It is duplicative to the extent that it calls for the production of documents that were previously provided to defendant and counterclaim-plaintiffs on February 14, 2020, along with plaintiff's initial disclosures. Plaintiff's documents XAIMENITG000001 to 665

are believed to be responsive to this Request, along with documents numbered XAIMENITG000666-1062 which are being provided in response to defendant counterclaim-plaintiffs' First Set of Interrogatories and elsewhere in response to these Requests.

**REQUEST NO. 21**:

*Any and all documents related to any promises made by either party in this case.*

**RESPONSE TO REQUEST NO. 21**:

Plaintiff's documents numbered XIAMENITG000001 to  XIAMENITG001062 are all documents that are related to any promises made by either party in this case.

**REQUEST NO. 22**:

*Documents that reflect any Purchase Orders, letters of credit and/or any documents reflecting the ordering of manufacturing (sic) of goods at issue in this case.*

**RESPONSE TO REQUEST NO. 22**:

Plaintiff objects to the production of documents responsive to this Request on the grounds that it is burdensome and vague and ambiguous in that it seeks the production of unidentified documents "reflecting the ordering of manufacturing" the true meaning of which cannot be ascertained, and if interpreted as being a request for documents relating to plaintiff's purchasing of the goods sold to defendant and counterclaim-plaintiffs, it seeks the production of documents that are not relevant to the claims or defenses of any of the parties to this litigation, and is not reasonably calculated to lead to the discovery of such evidence.

**REQUEST NO. 23**:

*Documents, emails, text messages and/or notes related to the manufacturing of the goods at issue in this case and the specifications regarding the manufacturing of the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 23**:

Plaintiff objects to the production of documents responsive to this Request on the grounds that it is burdensome and seeks the production of documents that are not relevant to the claims or defenses of any of the parties to this litigation, nor reasonably calculated to lead to the discovery of such evidence.  Additionally, plaintiff is not currently in possession of documents of the type described in this Request.

**REQUEST NO. 24**:

*Documents, emails, invoices and/or bills that reflect the costs of the manufacturing of the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 24**:

Plaintiff objects to the production of documents responsive to this Request on the grounds that it burdensome and seeks the production of documents that are not relevant to the claims or defenses of any of the parties to this litigation , nor reasonably calculated to lead to the discovery of such evidence.  Additionally, plaintiff is not currently in possession of documents of the type described in this Request.

**REQUEST NO. 25**:

*Documents, emails, text messages and/or notes reflecting any items, containers at issue in this case.*

**RESPONSE TO REQUEST NO. 25**:

Plaintiff objects to this Request as being vague and ambiguous, as the precise nature of the documents being sought cannot be determined from the language of the Request.  The Request, however, does appear to be duplicative in that it appears to call for the production of documents that were provided on February 14, 2020 along with plaintiff's initial disclosures as documents XIAMENITG000001 to XAIMENITG000665 and in response to defendant and counterclaim plaintiffs' First Set of Interrogatories and elsewhere in response to these Requests as documents numbered XAIMENITG000666-1062.

**REQUEST NO. 26**:

*Documents, emails, text messages and/or notes reflecting any alleged damages being sought in this case.*

**RESPONSE TO REQUEST NO. 26**:

Documents relating to the damages sustained by plaintiff in this case may be found in plaintiff's documents numbered XIAMENITG000001 to XIAMENITG001062. Plaintiff's itemization of damages may be found at XAIMENITG000668-670.

**REQUEST NO. 27**:

*Documents, emails, text messages and/or notes that reflect any estimated date of delivery and date when the custom (sic) payment should have been made and the date when the customs payment (sic) were made for the goods at issue.*

**RESPONSE TO REQUEST NO. 27**:

Documents reflecting the date on which payments were advanced by plaintiff to pay customs fees, duties and taxes on behalf of defendant and counterclaim-plaintiffs may be found at

XIAMENITG000848-857.  Documents reflecting the dates of delivery may be found in the Bills of Lading, included in documents numbered XIAMENITG000001-665, and are also provided in Excel Spreadsheet No. 1.

**REQUEST NO. 28**:

*Proof of the payment of each custom (sic), duty and/or tax for the goods at issue in this case and the date when the customs, duty and/or taxes were paid.*

**RESPONSE TO REQUEST NO. 28**:

Plaintiff objects to this Request as being duplicative of the Request No. 27.  Documents reflecting the date on which payments were advanced by plaintiff to pay customs fees, duties and taxes on behalf of defendant and counterclaim plaintiffs may be found at XIAMENITG000848-857.

**REQUEST NO. 29**:

*Documentation, emails, text messages and/or notes that reflect the shipment number, customer id number, and the amounts being sought for the goods for each shipment.*

**RESPONSE TO REQUEST NO. 29**:

Documents responsive to this Request may be found at XIAMENITG000001 to XIAMENITG001062, and Excel Spreadsheet No. 1.

**REQUEST NO. 30**:

*Documents related to any reason for any delay in the payment of customs and/or taxes at issue in this case.*

**RESPONSE TO REQUEST NO. 30**:

Plaintiff objects to the factual predicate of this Request and. In any event, is currently not in possession of any documents of the type described in this Request.

21

**REQUEST NO. 31**:

     *Documents that reflect communications, e-mails and/or letters between Plaintiff and any customs authority or agency related to the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 31**:

     Plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 32**:

     *Documents that reflect the Customs declaration, any Customs hold, Mexican importation documents, certificates of origins, arrival notices and/or customs permits for the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 32**:

     Plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 33**:

     *Documents that reflect goods sold and/or transported by Plaintiff or any agent of Plaintiff where the customs, duty and or taxes were not timely paid in the last five years.*

**RESPONSE TO REQUEST NO. 33**:

     Plaintiff is currently not in possession of any documents of the type described in this Request, and to the extent that this Request seeks the production of documents related to any persons or entities who are not parties to this litigation plaintiff objects to this Request on the grounds that such Request is not relevant to the claims and defenses of any party to this litigation, nor is it calculated to lead to the discovery of such evidence.

**REQUEST NO. 34**:

*Copies of the statements of any accounts used to pay custom s, duties or taxes, and/or Customs Processing Fee for the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 34**:

Documents reflecting the date on which payments were advanced by plaintiff to pay customs fees, duties, and taxes on behalf of defendant and counterclaim plaintiffs may be found at XIAMENITG000848-857.

**REQUEST NO. 35**:

*Any documents related to pre-Customs inspection, customs bond, merchandise Processing Fee and/or clearance documents related to the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 35**:

Plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 36**:

*Any communications, e-mails, notes and or text messages with any brokers and/or customs agents related to the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 36**:

Plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 37**:

*Documents that reflect goods sold and/or transported by Plaintiff or any agent of Plaintiff where the goods were seized and/or delayed by customs in the last five years.*

**RESPONSE TO REQUEST NO. 37**:

Plaintiff is currently not in possession of any documents of the type described in this Request, and to the extent that this Request seeks the production of documents related to any persons or entities who are not parties to this litigation plaintiff objects to this Request on the grounds that such Request is not relevant to the claims and defenses of any party to this litigation.

**REQUEST NO. 38**:

*Documents invoices and notes related to the shipment of any goods at issue in this case from a port in China.*

**RESPONSE TO REQUEST NO. 38**:

Plaintiff objects to this Request on the grounds that it is duplicative in that it calls for the production of documents that were provided to defendant and counterclaim-plaintiffs on February 14, 2020 along with plaintiff's initial disclosures and numbered XAMENITG0001-665.  Plaintiff further objects to this Request as being overbroad and vague and ambiguous to the extent that it calls for the production of undefined "notes."

**REQUEST NO. 39**:

*Importation documents related to the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 39**:

Plaintiff objects to this Request and cannot respond on the grounds that the Request fails to provide a definition of "Importation documents," and further fails to describe the nature of the documents being requested.

**REQUEST NO. 40**:

*Any of Plaintiff's internal procedures for the shipment, delivery and or importation of goods in the last five years.*

**RESPONSE TO REQUEST NO. 40**:

Plaintiff objects to this Request to the extent that it calls for the production of documents unrelated to the shipments that are the subject of the parties' claims in this case. Plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 41**:

*Documents, e-mails (with attachments, (sic) text messages and/or notes related to the product control methods used for the goods at issue in the case.*

**RESPONSE TO REQUEST NO. 41**:

Plaintiff objects to this Request as being vague and ambiguous in its use of the undefined term "product control methods," and, in any event, plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 42**:

*Documents related to any payments made by any defendant to Plaintiff or any of Plaintiff's designees in the last five years.*

**RESPONSE TO REQUEST NO. 42**:

Plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 43**:

*Any documents, awards, pleadings, submissions and/or rulings related to any arbitration related to the goods at issue in the case.*

**RESPONSE TO REQUEST NO. 43**:

Documents responsive to this Request may be found at XIAMENITG000671-847.

**REQUEST NO. 44**:

*Any documents, e-mails, notes, text messages and/or letter in furtherance of attempts by Plaintiff to timely deliver the goods at issue in this and to timely pay the customs, duties and/or taxes for the goods.*

**RESPONSE TO REQUEST NO. 44**:

To the extent that the documents provided by plaintiff along with its initial disclosures on February 14, 2020 and numbered XAIMENITG000001 to XAIMENITG000665 and elsewhere in response to defendant and counterclaim-plaintiff's First Set of Interrogatories to plaintiff and in response to these Requests as documents numbered XIAMENITG000666 to XIAMENITG001062 do not include the documents identified in this Request, plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 45**:

*Any documents, emails, notes, text messages, communications and/or letter with customs offices related to the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 45**:

This Request is duplicative of, at least, Request No. 31 and, in any event, plaintiff is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 46**:

*Any documents, emails, notes and/or letters regarding the trends and/or the seasons for the goods and the time that those trends were reasonably marketable.*

**RESPONSE TO REQUEST NO. 46**:

Plaintiff objects to this Request as being vague and ambiguous to the extent that Plaintiff cannot determine the nature of the documents being requested, and, in any event, is currently not in possession of any documents of the type described in this Request.

**REQUEST NO. 47**:

*Any documents, emails, notes and/or letters regarding the standards in the industry regarding the timely shipment of goods and the payments of customs and duties.*

**RESPONSE TO REQUEST NO. 47**:

Plaintiff objects to this Request as being vague and ambiguous to the extent that Plaintiff

cannot determine the nature of the documents being requested, and, in any event, is currently not

in possession of any documents of the type described in this Request.

**REQUEST NO. 48**:

*Documents, emails, notes and/or letter related to any goods confiscated by any authorities including but not limited to Mexican authorities.*

**RESPONSE TO REQUEST NO. 48**:

Plaintiff is currently not in possession of any documents of the type described in this

Request.

**REQUEST NO. 49**:

*Any and all documents, emails, notes and/or letters regarding any due diligence efforts or investigations of any of the defendants and/or third party defendants in this case.*

**RESPONSE TO REQUEST NO. 49**:

Plaintiff objects to this Request on the grounds that it is vague and ambiguous in failing to

identify the "third party defendants" that are referred to in this case.  Assuming the reference to

"third party defendants" is intended as a reference to counterclaim-plaintiffs, plaintiff is currently

not in possession of any documents of the type described in this Request.

**REQUEST NO. 50**:

A search of the electronic documents and/or emails for the following words:  Peace Bird, Xing Lin, LDP Mexico, Brian Wu, Crystal Vogue, Wen Yi ("Brian") Wu, JACE Importacion, Yang Min, Feng X, NYK Line, Nippon Yesen Kasisha, , NYK Group and/or NYK Line, E-Sky AMS, Nigbo Q&R International Logistic Co., Ltd., Jindalai Mexico S.A. DE C.V – Consinee, Cixi Dexin Import and Export Co., Ltd., Logistica IGC, S.A. DE C.V., Dollar General, Brown & Joseph, LLC, Sinotrans NINGBO Intl Cntr Tran Co., Ltd. Importaciones Zeyer S.A DE C.V., Manufacturera CORA SA de RL DE CV, FC Felhaber & Co., Inc., Eurybia Logistics, Inc., Bon Voyage Logistics, Inc. Hapag-Lloyd.

**RESPONSE TO REQUEST NO. 50**:

Documents responsive to this Request may be found at XIAMENITG000895 to XIAMENITG001005, and in XIAMENITG00001 TO XIAMENITG000894.

**REQUEST NO. 51**:

Any emails with the following email addresses:   Fengxu88888@gmail.com, JACEIMPORT@outlook.com,                                                           A.Balcarar48@hotmail.com, Notifications1@jidalamexico.com.mx,        Eleven20080404@163.com,        dep19@ahcof.com, operacion@impormx.com.mx,     Jtaxier@dollar-general.org,      Jaceimport@outlook.com, Yannie6884562@gmail.com,        xiangdongxm@163.com,        ken8483527@gmail.com, 964895151@qq.com, Jaijang1995@163.com

**RESPONSE TO REQUEST NO. 51**:

Documents responsive to this Request may be found at XIAMENITG001006 to XIAMENITG001062, and in XIAMENITG00001 TO XIAMENITG000894.

**REQUEST NO. 52**:

Entity Documents, contracts emails, notes, and/or letters that reflect the relationship between Plaintiff and any sellers of the goods at issue in this case including but limited to, AHCOF Industrial Development Co., LTD.

**RESPONSE TO REQUEST NO. 52**:

Plaintiff objects to this Request on the grounds that is seeks the production of documents

that are not relevant to the claims and defenses of any of the parties, nor is it calculated to lead to

the discovery of any such information.  Plaintiff further objects on the grounds that this Request is overbroad in seeking information regarding entities which are not parties to the litigation between the parties and who were not involved in the sales transactions between the parties.

**REQUEST NO. 53**:

*Documents, Communications, emails and/or notes between Plaintiff and any brokers regarding the goods at issue.*

**RESPONSE TO REQUEST NO. 53**:

Plaintiff is not currently in possession of documents of the type described in this Request.

**REQUEST NO. 54**:

*Any documents that reflect the declared value, salvage value of the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 54**:

The written contracts and commercial invoices provided in XAIMENITG000001 to XIAMEN000665 provide the agreed upon value for the goods which were the subjects of the transactions between the parties; with respect to the balance of the information requested in this Request, plaintiff is not currently in possession of documents of the type described in this Request.

**REQUEST NO. 55**:

*Documents, emails (with attachments), notes and/or letters that reference the intended use of the goods of the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 55**:

Plaintiff is not currently in possession of documents of the type described in this Request.

**REQUEST NO. 56**:

*Any Bills of lading, packing slips, invoices, Letter of Payment Guaranty related to and/or reflecting the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 56**:

Plaintiff objects to this Request as being burdensome and duplicative in that it calls for the production of documents that were provided to defendant and counterclaim plaintiffs on February 14, 2020, along with plaintiff's initial disclosures and numbered XAIMENITG000001 to XIAMENITG000665, and elsewhere in response to defendant and counterclaim plaintiffs' First Set of Interrogatories and these Requests, as documents numbered XIAMENITG000666 to XAIMENITG001062.

**REQUEST NO. 57**:

*All shipping container, customer items, packing lists, shipping records referenced in the case.*

**RESPONSE TO REQUEST NO. 57**:

Plaintiff objects to this Request as being burdensome and duplicative in that it calls for the production of documents that were provided to defendant and counterclaim plaintiffs on February 14, 2020, along with plaintiff's initial disclosures and numbered XAIMENITG000001 to XIAMENITG000665, and elsewhere in response to defendant and counterclaim plaintiffs' First Set of Interrogatories and these Requests as documents numbered XIAMENITG000666 to XAIMENITG001062.

.

**REQUEST NO. 58**:

    *Any invoices, billing notes and/or proof of payment of any attorneys fees and costs being sought in this case.*

**RESPONSE TO REQUEST NO. 58**:

    Plaintiff objects to this Request on the grounds that it is premature at this stage of the proceedings, invoices, billing notes, costs and all other relevant information will be provided to defendant and counterclaim plaintiffs at the time that the Court enters an order granting plaintiff an award of reasonable counsel fees and costs in this case.

**REQUEST NO. 59**:

    *Documents, emails (with attachments), notes and/or letters that reference related to weights and measurements of the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 59**:

    Plaintiff objects to this Request as being burdensome and duplicative in that it calls for the production of documents that were provided to defendant and counterclaim plaintiffs on February 14, 2020, along with plaintiff's initial disclosures and numbered XAIMENITG000001 to XIAMENITG000665, and elsewhere in response to defendant and counterclaim plaintiffs' First Set of Interrogatories and these Requests as documents numbered XIAMENITG000666 to XAIMENITG001062.

**REQUEST NO. 60**:

    D*ocuments, emails (with attachments), notes and/or letters that reference and/or are related to the attempts to clear customers for the goods at issue in this case and/or any pre-payment of customs.*

**RESPONSE TO REQUEST NO. 60**:

    Plaintiff objects to this Request on the grounds that it is vague and ambiguous in that plaintiff cannot determine the meaning of the term "attempts to clear customers," and therefore,

plaintiff cannot respond. If the term "clear customers" is intended to mean "clear customs," plaintiff is currently not in possession of the type of documents believed to be the subject to this Request.

**REQUEST NO. 61**:

*Any trust deeds and letter of instructions for the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 61**:

Plaintiff objects to this Request on the grounds that it is vague and ambiguous in that plaintiff cannot determine the meaning of the terms "trust deeds and letter of instructions," and therefore, plaintiff cannot respond to this Request.

**REQUEST NO. 62**:

*Any statement of accounts and/or authorization letters related and/or referencing the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 62**:

Plaintiff objects to this Request on the grounds that it is vague and ambiguous in that plaintiff cannot determine the meaning of the terms "statement of accounts and/or authorization letters," and therefore, plaintiff cannot respond to this Request. If the term "statement of accounts and/or authorization letters," is intended to refer to the Commercial Invoices issued by plaintiff to defendant and counterclaim-plaintiffs for the goods sold and delivered in this case, copies of the Commercial Invoices may be found in the documents provided to plaintiff on February 14, 2020, along with plaintiff's initial disclosures and numbered XIAMENITG000001 to XIAMENITG000665.

**REQUEST NO. 63**:

*All documents regarding the China Export & Credit Insurance Corporation and/or all claims and submissions and communications to any insurance carrier regarding the goods at issue and any payments received from any such insurance carrier or third party.*

**RESPONSE TO REQUEST NO. 63**:

In addition to the documents previously provided, a search is being made for additional documents responsive to this Request which, when identified and found to contain relevant non-privileged information will be provided to defendant and counterclaim-plaintiffs.

**REQUEST NO. 64**:

*Any sales confirmation documents, collection deed trust documents and/or spreadsheets related to the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 64**:

Plaintiff objects to this Request as being vague and ambiguous to the extent that it seeks the production of "sales confirmation documents" and "collection deed trust documents,"  which terms are undefined and the meaning of which is unknown to plaintiff, making it impossible for plaintiff to respond to this Request.  Insofar as this Request calls for the production of spreadsheets related to the goods at issue in the case, reference is made to Excel Spreadsheet No. 1 which accompanies plaintiff's production of documents as a separate file.

**REQUEST NO. 65**:

*Any internal emails between employees and/or owners of Plaintiff that reference the goods at issue in this case.*

**RESPONSE TO REQUEST NO. 65**:

Plaintiff will conduct a search of its records to identify any documents not yet provided which are responsive to this Request and , to the extent that any such documents exist and are non-privileged and relevant, they will be provided to defendant and counterclaim plaintiffs.

**REQUEST NO. 66**:

*Provide copies of all federal, state, and local income tax returns and/or tax returns filed in any other country including all schedules, for each of the Plaintiff (sic) for three years preceding, and each year from January 1, 2016 and continuing to the present.*

**RESPONSE TO REQUEST NO. 66**:

Plaintiff objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case, that is not relevant to either parties' claims or defenses, contains confidential information, nor is it calculated to lead to the discovery of such evidence, is overbroad, too burdensome to answer, and intended to harass or annoy plaintiff.  Plaintiff also reserves the right to assert any privilege against disclosure that may be available to plaintiff to it as a state owned enterprise of the People's Republic of China.

**REQUEST NO. 67**:

*Provide copies of all documents concerning any advice, promises or representations given by Plaintiff to any party to this case.*

**RESPONSE TO REQUEST NO. 67**:

Plaintiff objects to the overall broad nature of this Request, however, the promises and representations made by plaintiff to defendant and counterclaim-plaintiffs, and by defendant and counterclaim-plaintiffs to plaintiff, are included in the written agreements,  addendums and amendments included in the documents provided to defendant and counterclaim plaintiffs on February 14, 2020, along with plaintiff's initial disclosures as documents numbered XIAMENITG000001 to XIAMENITG000665., and as provided in response to defendant's and counterclaim-plaintiffs First Set of Interrogatories and to these Requests.

**REQUEST NO. 68**:

*Provide copies of all documents, including contracts, purchase orders, or any other form of commitment, evidencing or concerning any items purchase (sic) and or ordered by any party to this litigation.*

**RESPONSE TO REQUEST NO. 68**:

Documents responsive to this Request were provided to defendant and counterclaim plaintiffs three months earlier on February 14, 2020, along with plaintiff's initial disclosures as documents numbered XIAMENITG000001 to XIAMENITG000665., and as provided in response to defendant's and counterclaim-plaintiffs First Set of Interrogatories and to these Requests as documents numbered XIAMENITG000666 to XAIMENITG001062.

.

**REQUEST NO. 69**:

*Provide copies of all applications for loans, credit, or factoring agreements, and supporting documents submitted by Plaintiff to any person or entity for the three years preceding, and each year from January 1, 2016 and continuing to the present.*

**RESPONSE TO REQUEST NO. 69**:

Plaintiff objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case, that is not relevant to either parties' claims or defenses, contains confidential information, nor is it calculated to lead to the discovery of such evidence, is overbroad, too burdensome to answer, and intended to harass or annoy plaintiff.  Plaintiff also reserves the right to assert any privilege against disclosure that may be available to it as a state owned enterprise of the People's Republic of China.

**REQUEST NO. 70**:

Provide copies of all communications between any employee, shareholder, director, person or entity holding a beneficial interest of Plaintiff concerning the goods and/or orders and/or contracts at issue in this case.

**RESPONSE TO REQUEST NO. 70**:

Plaintiff objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case, that the scope and over broad nature of the Request seeks the production of documents that are not relevant to either parties' claims or defenses, nor is it calculated to lead to the discovery of such evidence, is too burdensome to answer, and intended to harass or annoy plaintiff.

**REQUEST NO. 71**:

Provide copies of all application for financing made by or on behalf of any of Plaintiff (sic) and/or Proof of other means to pay the customs fees, duties and taxes due on the goods at issue in this case.

**RESPONSE TO REQUEST NO. 71**:

Plaintiff is not in possession of documents of the type described in this Request.

**REQUEST NO. 72**:

Provide copies of all bank statements for all bank accounts held by Plaintiff from January 1, 2016 and continuing to the present.

**RESPONSE TO REQUEST NO. 72**:

Plaintiff objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case, that is not relevant to either parties' claims or defenses, nor is it calculated to lead to the discovery of such information, contains confidential information, is overbroad, too burdensome to answer, and intended to harass or annoy plaintiff. Plaintiff also reserves the right to assert any privilege against disclosure that may be available to it as a state owned enterprise of the People's Republic of China.

**REQUEST NO. 73**:

Any contracts and/or agreements related to the Purchase Orders and/or goods at issue in this case between Plaintiff and any third party or non-party.

**RESPONSE TO REQUEST NO. 73**:

Plaintiff objects to this Request on the grounds that it is vague and ambiguous and seeks production of documents described as "contracts and/or agreements related to the Purchase Orders and/or goods at issue," the meaning of which cannot be deciphered from a reading of this Request. To the extent that it seeks information that concerning plaintiff's purchase of the goods sold in this case, the information sought is not relevant to the parties' claims and defenses, nor is it reasonably calculated to lead to the discovery of such information, in that it

PLEASE TAKE NOTICE that in any instance where plaintiff's answers are believed to be incomplete, or the objections that are asserted are believed to be lacking in merit, plaintiff consents to a meet-and-confer upon the request of counsel for defendants and counterclaim-plaintiffs. Such a request should be in writing and identify the Request which is believed to be deficient, and state the basis for your contention that a deficiency is believed to exist.

Dated: June 19, 2020
New York, New York

Law Office of John J. Janiec

S/ *John J. Janiec*

By: _____
        John J. Janiec

*Attorney for plaintiff:*
        *Xiamen ITG Group Corp., Ltd.*

37

TO:  Michael S. Horn
       Archer & Grenier, P.C.
      21 Main Street Suite 353
      Court Plaza South, West Wing
       Hackensack, New Jersey 07601

       *Attorneys for:*
              *Peace Bird Trading Corp.,*
              *Xing Lin (USA) International Corp., and*
              *Crystal Vogue, Inc.*