

**Michael S. Horn**
*Member of New Jersey and New York Bar*
mhorn@archerlaw.com
201-498-8529 (Ext. 7529) Direct
201-342-6611 Direct Fax

Archer & Greiner, P.C.
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
201-342-6000 Main
201-342-6611 Fax
www.archerlaw.com

July 10, 2020

**VIA EMAIL AND REGULAR MAIL**

John J. Janiec, Esq.
Law Office of John J. Janiec
261 Madison Avenue, Fl 12
New York, NY 10016
Tel: (212) 629-0027
Fax: (646) 589-0499
E-mail: jjaniec@jjjlawoffice.com

Re:   ***Xiamen ITG Group., LTD., v. Peace Bird Trading Corp. et al.***
      **Civil Action No.: 19-cv-6524 (DLI)(SLT)**
      **Our File No.: PEA074.00801**
      **Discovery Deficiency Letter**

Dear Mr. Janiec:

  As you are aware, this firm represents Defendant Peace Bird Trading Company ("Defendant") and Counterclaim Plaintiffs, Xing Lin (USA) International Corp. and Crystal Vogue, Inc. (collectively "Counterclaim Plaintiffs") in connection with the above-captioned matter.

  We are in receipt of the responses of Plaintiff Xiamen ITG Group Corp., LTD ("Plaintiff") to Defendant and Counterclaim Plaintiffs' discovery requests. The discovery responses are substantially deficient and must be supplemented. Below, a number of deficiencies have been noted, of which Defendant and Counterclaim Defendants request be cured within fourteen (14) days. Please accept this letter as a good faith attempt to resolve this discovery dispute.

  At the outset, the general problems with your client's responses are as follows:

- The First Set of Interrogatories and First Request for Documents are inundated with responses or answers that predominately cite to broad ranges of Bates Stamped documents that your client provided in discovery. These answers and responses are at best incomplete and deficient.

July 10, 2020
Page 2

- The First Set of Interrogatories are also inundated with responses or answers which cite to a discreet range of Bates Stamped documents provided by Plaintiffs in discovery, but do not give the requisite detail elicited by the Interrogatory. Again, these answers and responses are at best incomplete and deficient.

- The responses to the First Request for Documents and First Set of Interrogatories are also inundated with responses that appear to be non-responsive to the request they are purported to respond to. Particularly, it appears Plaintiff is attempting to hide behind the faux veil of the "vague and ambiguous objection," and the like, and the feigning of the lack of understanding of the definition of terms that are terms of art native to the practice of Plaintiff's business in this case as reason to not respond to document requests.

The following are deficient in your client's discovery responses.

**Plaintiff Xiamen ITG Group Corp., LTD.'S Responses And Objections To Defendant And Counterclaim-Plaintiffs' First Set Of Interrogatories**

**Interrogatory No. 1:** This Interrogatory seeks the name and address of each Person who has knowledge of any facts which may be relevant to this lawsuit and include the name, address and telephone number of the witness as well as the substance of each Person's knowledge.

It appears that Plaintiff has refused to answer responsively by citing the names of Lifang Wang and Yufen Jiang and objecting that this interrogatory is "premature." Perplexingly, Plaintiff cite a range of Bates Stamped documents as having names of others who have knowledge relevant to this lawsuit. Though your client refers to documents Bates Stamp Numbers 1 through 665, this answer is not fully responsive. Your client has failed to provide the detail demanded in this Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 2:** This Interrogatory seeks the identity of all officers, shareholders, and directors, and all persons or entities owning a beneficial interest in Plaintiff from January 1, 2013 to the present. Plaintiff responded with an objection that this interrogatory is not relevant.

Clearly, this interrogatory is relevant. And, your client's objection is wholly without merit. The Interrogatory seeks the factual basis for your clients' claim, which is relevant to the case and to Defendants' defense, and is certainly within the purview of F.R.C.P. 33(a)(2). Defendants and Counterclaim Plaintiffs have determined that this Interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Moreover, though your clients again refer to documents Bates Stamp Numbers 1 through 665 to supplement, this answer is not fully responsive. Your client has failed to provide the information elicited by this Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 4:** This interrogatory seeks Plaintiff to set forth in detail the computation of damages and all categories of damages asserted by Plaintiff in this case.

July 10, 2020
Page 3

Though your client refer to documents Bates Stamp Numbers 668 through 671, this answer is not fully responsive. Your client has failed to provide a detailed description of the basis for such calculation and set forth the basis for any liquidated damages and/or interest. Kindly ask your client to supplement this answer.

**Interrogatory No. 6:** This Interrogatory seeks Plaintiff to detail, not in summary fashion, all verbal communications with any parties to this lawsuit or non-party with respect to the subject matter of this lawsuit, including the date said communication took place; to whom said communication was sent; by whom said communication was sent; and the substance of said communication; and Identify and attach hereto and Documents related to your answer to this Interrogatory.

Plaintiff objects that the interrogatory is overbroad, burdensome and vague and ambiguous. Clearly, this interrogatory is clear in its directive. Moreover, Plaintiff stating that any oral communications were incidental, not recorded and referring Defendant and Counterclaim Plaintiff to all the documents relinquished by Plaintiff in discovery is not responsive to the directive of this Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 7**: This Interrogatory seeks Plaintiff to indicate whether any Plaintiff or any of its subsidiaries and/or parent companies have been named as a party or offered testimony in any other case, and if so, Identify the Court and Docket Number; whether any Respondent was a Defendant, Plaintiff or Third Party Defendant in the case; whether any Plaintiff provided testimony in the matter in the form of trial testimony, deposition and/or a certification, and indicate the disposition of the matter.

It appears Plaintiff's answer is not fully responsive. Plaintiff's answer refers only to litigation in the United States. It is highly likely that your client has engaged in litigation in the country it is domiciled in and others it conducts business. To that end, kindly ask your client to supplement this answer.

**Interrogatories No. 9 & 10:** These Interrogatories seek Plaintiff to set forth all contracts and agreements between Plaintiff and any other party to this litigation and to identify the specific parties to each contract and/or agreement and the specific terms of any alleged contract and/or agreement.

Plaintiff incorporates its answer to Interrogatory 9 to its answer to Interrogatory 10. In doing so, objects that the interrogatory is duplicative because it calls for information allegedly already provided to Defendant and Counterclaim Plaintiffs. This objection is without merit. Moreover, though your client refer to documents Bates Stamp Numbers 1 through 665, this answer is not fully responsive. Kindly ask your client to supplement this response with the information these Interrogatories demand.

July 10, 2020
Page 4

**Interrogatory No. 12:** This interrogatory seeks Plaintiff to set forth in detail the circumstances surrounding and promises made prior to the execution of any agreement or contract between the parties. Plaintiff's answer is not responsive.

Plaintiff objects to the form of the interrogatory, which is not a recognized objection. Plaintiff further objects that this Interrogatory is vague and ambiguous in requesting unspecified detail. The point of discovery is fact-finding and rarely can a litigant narrow down to extreme detail as to circumstances not in the purview of the party requesting the information. Plaintiff then answers the obvious that agreements were exchanged between the parties and presumably reviewed by all parties prior to the execution by the parties. This is not the detail the Interrogatory demands. As such, kindly ask your client to supplement this answer.

**Interrogatory No. 14**: This Interrogatory seeks Plaintiff to identify any other customers and/or possible entities which were interested in purchasing goods from you from January 1, 2013 to the present and the amounts that each entity was seeking to purchase. Plaintiff objects on the grounds that this Interrogatory seeks information that is not proportional to the needs of the case; that is not relevant to either parties' claims or defenses; that it is overbroad, too burdensome to answer; and, that it is intended to harass or annoy Plaintiff.

This answer is not responsive as it uses non-meritorious objections as a shield. The request is proportional and is relevant as it seeks the identification of other entities or individuals which may hold facts that may prove or disprove allegations set forth in the claims and counterclaims in this case. Finally, this Interrogatory is not intended to harass or annoy, it is meant to aid Defendant and Counterclaim Plaintiff's counsel's fact-finding mandate during discovery. As such, kindly ask your client to supplement this answer.

**Interrogatory No. 15:** This Interrogatory seeks Plaintiff to identify whether Plaintiff or Plaintiff's agent has prepared a profit and loss statement, income statement or a balance sheet for its business operations from January 1, 2013 to present for Plaintiff. If so, identify the person(s) who prepared such reports and annex any report to the responses to this Interrogatory.

Plaintiff does not answer this Interrogatory and objects on the grounds that this Interrogatory seeks information that is not proportional to the needs of the case; that is not relevant to either parties' claims or defenses; that it is overbroad, too burdensome to answer; and, that it is intended to harass or annoy Plaintiff. Again, the request is proportional and is relevant as it seeks the identification of other agents who may hold facts that may prove or disprove allegations set forth in the claims and counterclaims in this case. Finally, this Interrogatory is not intended to harass or annoy, it is meant to aid Defendant and Counterclaim Plaintiff's counsel's fact-finding mandate during discovery. As such, kindly advise Plaintiff to respond to same.

**Interrogatory No. 20:** This interrogatory seeks Plaintiff to set forth in detail each item, container number, estimated date of delivery, the date when the goods arrived, the date when all customs, duties and/or taxes were to be paid and the date when all such customs, duties and/or

July 10, 2020
Page 5

taxes were paid, for the goods at issue in this case and/or all of the goods identified in all the pleadings in this case.

Though your clients cites Plaintiff's initial disclosures and Excel Spreadsheet 1, this answer is not fully responsive. Your client has failed to provide a detailed description of the information requested in the Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 21:** This Interrogatory seeks Plaintiff to identify the specific items that were shipped in each item number, container number and the cost expended by Plaintiff for those goods.

Yet again, though your client again refer to documents Bates Stamp Numbers 1 through 665, this answer is not fully responsive. Your client has failed to provide a detailed description of the information requested in the Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 23:** This Interrogatory seeks Plaintiff to set forth in detail all goods that were subject to any arbitration and the specific rulings made by any arbitrator related to those goods.

First, though your client again refer to documents Bates Stamp Numbers 671A through 847, this answer is not responsive. Your client has failed to provide a detailed description of the information requested in the Interrogatory. Moreover, your client's directive to Defendant and Counterclaim Plaintiffs to seek the answer to this Interrogatory by reviewing awards in the cited arbitration is also not responsive. Kindly ask your client to supplement this answer.

**Interrogatory No. 27:** This Interrogatory seeks Plaintiff to set forth the customs, practices and procedures in the industry regarding the procedure for paying customs, duties and/or taxes in this case and/or for the import/export of the goods at issue in the case.

Firstly, objection to this Interrogatory to the extent that is suggests or implies that there are "customs, practices and procedures in the industry regarding the procedure for paying customs, duties and/or taxes" is not a recognized objection and is of no effect. Moreover, it appears Plaintiff refuses to answer the Interrogatory by inserting Plaintiff's own commentary as to the veracity to Interrogatory itself. As such, kindly ask your client to supplement this answer.

**Interrogatory No. 29:** This Interrogatory seeks Plaintiff to identify the dates when you contend the goods were to be delivered to Defendant/Third Party Plaintiffs.

At the outset, Plaintiff cites the non-existent objection to form. Plaintiff then refers to documents Bates Stamp numbered 1 through 665, this answer is not responsive. Your client has failed to provide a detailed description of the information requested in the Interrogatory. Kindly ask your client to supplement this answer.

July 10, 2020
Page 6

**Interrogatory No. 37:** This Interrogatory seeks Plaintiff to identify by name, location, and telephone number all non-parties or individuals involving the shipping of the goods and/or the payment of duties, customs and/or taxes related to those goods.

Plaintiff's answer is non-responsive. First, Plaintiff objects and feigns that this interrogatory is impossible to answer because this Interrogatory is vague, ambiguous and overbroad. Plaintiff next asserts that the scope is too large when in fact the scope is limited in the call of the Interrogatory. The Interrogatory limits the scope to the shipping of the goods that relate to this claim. Finally, its answer also appear insincere because Plaintiff has often cited substantial portions of the discovery it provided to answer analogous Interrogatories that sought analogous answers. As such, kindly ask your client to supplement this answer.

**Plaintiff Xiamen ITG Group Corp., Ltd.'s Responses And Objections To Defendant And Counterclaim Plaintiffs' First Set Of Document Demands**

**Request No. 8:** This request seeks a copy of all documents, emails (with attachments), text messages and/or notes referring or relating to any written or oral communications between any defendant, third party plaintiff and plaintiff.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 9:** This request seeks documents reflecting, referring or relating to any proposed, draft or actual contracts, agreements, addendums to contracts, modifications or releases between any party.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 10:** This request seeks documents, emails (with attachments), text messages and/or notes reflecting, referring or relating to negotiations between any of the parties.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

July 10, 2020
Page 7

**Request No.11:** This request seeks documents, emails (with attachments), text messages and/or notes relating to any payments sent to any party, including but not limited to, checks, invoices and statements and any documents that reflect the payment terms and any guaranties of payments.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 13:** This request seeks copies of any and all documents and correspondence by and between Plaintiff or anyone acting on his behalf, and any Defendant or Third Party Plaintiff, and anyone acting on any defendant's behalf, as they relate to the facts and allegations at issue in the pleadings.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 16:** This request seeks copy of any document or writing that you contend relates to or contains a statement against interest of any party. Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 20:** This request seeks any and all documents related to Your Affirmative Defenses and/or any other Defenses asserted in Your Answer to Counterclaims and/or Third Party Claims.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

July 10, 2020
Page 8

**Request No. 21:** This request seeks any and all documents related to any promises made by either party in this case.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 22:** This request seeks documents that reflect any Purchase Orders, letters of credit and/or any documents reflecting the ordering of manufacturing of goods at issue in this case.

Plaintiff fails to respond to this Demand, objecting that same is overbroad, vague, unduly burdensome, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff's objections have no merit. The Demand is limited to the manufacturing of goods at issue in this case and seeks information that has been deemed reasonably calculated to lead to the discovery of admissible evidence by my clients. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 26:** This request seeks documents, emails, text messages and/or notes reflecting any alleged damages being sought in this case.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 33:** This request seeks documents that reflect goods sold and/or transported by Plaintiff or any agent of Plaintiff where the customs, duty and/or taxes were not timely paid in the last five years.

Plaintiff fails to completely respond to this Demand, partially objecting that same is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff's objections have no merit. This Demand seeks information that has been deemed reasonably calculated to lead to the discovery of admissible evidence. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 37:** This request seeks documents that reflect goods sold and/or transported by Plaintiff or any agent of Plaintiff where the goods were seized and/or delayed by customs in the last five years.

Plaintiff fails to completely respond to this Demand. Plaintiff partially objects this Request is not relevant to the claims and defenses in this litigation if the same seeks the production of

July 10, 2020
Page 9

documents related to persons or entities not parties to this litigation. However, Plaintiff's objections have no merit. The Demand seeks information that has been deemed reasonably calculated to lead to the discovery of admissible evidence. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 38:** The request seeks documents, invoices and notes related to the shipment of any of the goods at issue in this case from a port in China.

Plaintiff fails to respond to this Demand, objecting that same is overbroad, vague, ambiguous to the extent the Request calls for the production of undefined "notes." However, Plaintiff's objection has no merit. The Demand clearly seeks "notes" that are a brief record of facts, topics, or thoughts, written down as an aid to memory in regards to the shipment of the goods at issue in this case from a port in China. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 39:** The request seeks importation documents related to the goods at issue in this case.

Plaintiff fails to respond to this Demand, objecting that this Demand fails to provide a definition of "importation documents." However, Plaintiff's objection has no merit. The Demand clearly seeks "importation documents" that may include a Bill of Entry; Commercial Invoice; Bill of Lading/Airway Bill; Import License; Insurance Certificate; Purchase Order/Letter of Credit; Technical Write-up, Literature etc. for Specific Good, if any; Industrial License, if any; Registration Cum Memnbership Certificate, if any;  Test Report, if any; DEEC/DEPB /ECGC or any other documents for duty benefits; Central Excise Document, if any; and GATT/DGFT declaration. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 50:** The request seeks a search of the electronic documents and/or emails for the following words: Peace Bird, Xing Lin, LDP Mexico, Brian Wu, Crystal Vogue, Wen Yi ("Brian") Wu, JACE Importacion, Yang Min, Feng X, NYK Line, Nippon Yesen Kasisha, , NYK Group and/or NYK Line, E-Sky AMS, Nigbo Q&R International Logistic Co., Ltd., Jindalai Mexico S.A. DE C.V – Consinee, Cixi Dexin Import and Export Co., Ltd., Logistica IGC, S.A. DE C.V., Dollar General, Brown & Joseph, LLC, Sinotrans NINGBO Intl Cntr Tran Co., Ltd. Importaciones Zeyer S.A DE C.V., Manufacturera CORA SA de RL DE CV, FC Felhaber & Co., Inc., Eurybia Logistics, Inc., Bon Voyage Logistics, Inc. Hapag-Lloyd.

Your client has failed to identify specific documents in response to this Demand.  Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive.  Such a generic reference is non-responsive and inadequate.  Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

July 10, 2020
Page 10

**Request No. 51:** The request seeks Any emails with the following email addresses: Fengxu88888@gmail.com, JACEIMPORT@outlook.com, A.Balcarar48@hotmail.com, Notifications1@jidalaimexico.com.mx, Eleven20080404@163.com, dep19@ahcof.com, operacion@impormx.com.mx, Jtaxier@dollar-general.org, Jaceimport@outlook.com, Yannie6884562@gmail.com, xiangdongxm@163.com, ken8483527@gmail.com, 964895151@qq.com, Jaijang1995@163.com.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive to this Demand. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 52:** The request seeks entity Documents, contracts emails, notes, and/or letters that reflect the relationship between Plaintiff and any sellers of the goods at issue in this case including but not limited to, AHCOF Industrial Development Co., LTD.

Plaintiff fails to respond to this Demand, objecting that same is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff's objections have no merit. The Demand is clearly relevant as it relates to the Plaintiff and sellers of the goods at issue in this case and seeks information that defendants have determined is reasonably calculated to lead to the discovery of admissible evidence. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 57:** The request seeks shipping container number, customer items, packing lists, shipping records referenced in the complaint.

Plaintiff objects and states this Request is burdensome and duplicative and simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive to this Demand. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 58:** The request seeks any invoices, billing notes and/or proof of payment of any attorney's fees and costs being sought in this case.

Plaintiff objects on the grounds that this Demand is premature at this stage. However, Plaintiff's objection has no merit. This alleged objection does not preclude Defendants and Counterclaim Plaintiffs from access to up to current invoices, billing notes and/or proof of payment of any attorney fees and costs being sought in this case. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

July 10, 2020
Page 11

**Request No. 59:** The request seeks documents, emails (with attachments), notes and/or letters that reference related to weights and measurements of the goods at issue in this case.

Plaintiff objects and states this Request is burdensome and duplicative and simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive to this Demand. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 61:** The request seeks any trust deeds and letter of instructions for the goods at issue in this case.

Plaintiff objects by stating this Demand is vague and ambiguous in that Plaintiff cannot determine the meaning of "trust deeds and letters of instruction." However, Plaintiff's objection has no merit. If there are no documents that are titled the same then just state that as your answer. Kindly identify with specificity the documents that are responsive to this Demand or indicate that no such documents exist.

**Request No. 64:** The request seeks any sales confirmation documents, collection deed trust documents and/or spreadsheets related to the goods at issue in this case.

Plaintiff objects by stating this Demand is vague and ambiguous in that Plaintiff cannot determine the meaning of "sales confirmation documents" and "collection deed trust documents." However, Plaintiff's objection has no merit. Plaintiff's objection has no merit. The term "sales confirmation documents clearly refer to any documents that confirm the sale or transfer of the goods at any time. In addition, the term "collection deed trust documents" refer to any documents with that title. If there are no such documents, just state the same. Moreover, it appears that Plaintiff believes a citation to "Excel Spreadsheet 1" is sufficient in response to this Demand but we need all the backup documents that were used to prepare the speadsheet. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 66:** The request seeks copies of all federal, state, and local income tax returns and/or tax returns filed in any other country including all schedules, for each of the Plaintiff for three years preceding, and each year from January 1, 2016 and continuing to the present.

Plaintiff objects citing this Demand seeks information that is not proportional, is not relevant, not calculated to lead the discovery of evidence, overbroad, too burdensome to answer and intended to harass and annoy Plaintiff. Plaintiff also reserved the right to assert any privilege against disclosure. Plaintiff's objections have no merit. The tax returns of Plaintiff may contain material evidence to the claims and counterclaims in this case. The Demand is proportional, non-overbroad, and not burdensome as the request limits the time horizon of the Demand. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

July 10, 2020
Page 12

**Request No. 67:** The request seeks copies of all documents concerning any advice, promises or representations given by Plaintiff to any party to this case.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 69:** The request seeks copies of all applications for loans, credit, or factoring agreements, and supporting documents submitted by Plaintiff to any person or entity for the three years preceding, and each year from January 1, 2016 and continuing to the present.

Plaintiff objects citing this Demand seeks information that is not proportional, is not relevant, not calculated to lead the discovery of evidence, overbroad, too burdensome to answer and intended to harass and annoy Plaintiff. Plaintiff also reserved the right to assert any privilege against disclosure. Plaintiff's objections have no merit. The copies of the discovery requested may contain material evidence to the claims and counterclaims in this case. The Demand is proportional, non-overbroad, and not burdensome as the request limits the time horizon of the Demand. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 70:** The request seeks copies of all communications between any employee, shareholder, director, person or entity holding a beneficial interest of Plaintiff concerning the goods and/or orders and/or contracts at issue in this case.

Plaintiff objects by stating this Demand seeks information that is not proportional to the needs of the case, that the scope and overbroad nature of the Request seeks the production of documents that are not relevant to either parties' claims or defenses, nor is it calculated to lead to the discovery of such evidence, is too burdensome to answer, and intended to harass or annoy plaintiff. The aforementioned objections by Plaintiff lack merit. Clearly, the requested discovery in this Demand may contain material evidence to the claims and counterclaims in this case. Moreover, the request is not overbroad as it seeks information that relates only to the issues in this case. Finally, this Demand is likely to be highly relevant as it contents may contain information that tends to prove or disprove the claims and counterclaims in this case. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 72:** The request seeks copies of all bank statements for all bank accounts held by Plaintiff from January 1, 2016 and continuing to the present.

July 10, 2020
Page 13

Plaintiff objects by stating that this Demand seeks information that is not proportional to the needs of the case, that is not relevant to either parties' claims or defenses, nor is it calculated to lead to the discovery of such information, contains confidential information, is overbroad, too burdensome to answer, and intended to harass or annoy plaintiff. These objections are without merit. Clearly, the requested discovery in this Demand may contain material evidence to the claims and counterclaims in this case. Moreover, the request is not overbroad as it seeks information that relates only to the issues in this case. Finally, this Demand is likely to be highly relevant as it contents may contain information that tends to prove or disprove the claims and counterclaims in this case. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 73:** The request seeks a copy of any contracts and/or agreements related to the Purchase Orders and/or goods at issue in this case between Plaintiff and any third party or non-party.
Plaintiff objects by stating this Demand is vague and ambiguous in that Plaintiff cannot determine the meaning of "contracts and/or agreements related to the Purchase Orders and/or goods at issue" in this case. It is clear, on its face that the term your client deems confusing to define relates to purchase orders and/or goods at issue in the instant case. Moreover, Plaintiffs also alleged the Demand seeks irrelevant information. This too lacks merit. The Demand itself clearly states the relevancy, as it seeks discovery relating to the goods or purchase orders at issue in this case. As such, kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

Please accept this as a good faith attempt to resolve this dispute. Please provide the documents and information sought herein within fourteen (14) days of the date of this letter or we will have no choice but to address the issue with the Court at the appropriate time and seek an Order requiring the production of these documents and/or applicable sanctions. Please be guided accordingly.

In addition to the above, we need to begin scheduling depositions. We have subpoenas still outstanding and we intend on serving more subpoenas outside the country. I suggest we jointly apply for additional time from the court to procure paper discovery and then we can schedule depositions thereafter. Otherwise, we should discuss when and in what forum depositions will occur.

Thank you.

Sincerely,

MICHAEL S. HORN

218875422v1