# LAW OFFICE OF JOHN J. JANIEC

ATTORNEY AT LAW
-
261 MADISON AVENUE, FL 12
NEW YORK, NEW YORK 10016
—

TEL: (212) 629 - 0027
FAX: (646) 589 - 0499

MEMBER OF THE N.Y. AND N.J. BARS
E-MAIL: JJANIEC@JJJLAWOFFICE.COM

CHINESE LAW COUNSEL:
LIJUN DOU
LICENSED FOREIGN LEGAL PROFESSIONAL
MEMBER OF THE BAR OF:
THE PEOPLE'S REPUBLIC OF CHINA

August 24, 2020

*VIA Electronic Mail Only*
*mhorn@archerlaw.com*

Michael S. Horn
Archer & Greiner, P.C.
21 Main Street – Suite 353
Court Plaza South, West Wing
Hackensack, New Jersey 07601

Re: *Xiamen ITG Group Corp., Ltd. v. Peace Bird Trading Corp.,*
    *Crystal Vogue Inc. and Xing Lin (USA) International Corp. v.*
    *Xiamen ITG Group Corp., Ltd.*
    E.D. N.Y. Case No.: 19-cv-6524 (DLI) (SLT)

Dear Michael:

    This is in follow-up to our meet-and-confer telephone conference of July 31, 2020, in which we agreed to exchange further correspondence in an attempt to narrow the discovery issues that exist between us. My comments are first addressed to that portion of your letter dated July 10, 2020 which concerned plaintiff's responses to the First Set of Interrogatories served on behalf of your clients (referred to collectively as "the Peace Bird Defendants").

**Interrogatory No. 1**: This interrogatory called for the names of witnesses. In response, the names Lifang Wang and Yufen Jiang were provided. Plaintiff's response, apart from referencing Brian Wu and Feng Xu also cited to the documents produced by plaintiff with the explanation that those documents contained the names of the shipping companies utilized in each of the transactions. Since the preparation of Plaintiff's response, an individual by the name of Feng Xu, a former employee of plaintiff, has been identified as someone who may have knowledge of the facts underlying these transactions. To the extent that the Peace Bird Defendants feel that plaintiff's

August 24, 2020                                                                    Law Office of John J. Janiec

response is somehow deficient, a further explanation as to the reason for their objection will be required.

**Interrogatory No. 2:**  Plaintiff's objection to this Interrogatory was on the grounds of relevance. The Peace Bird Defendants assert that the information is relevant, and that the objection is without merit. In support of the claim to relevance, the Peace Bird Defendants claim that the Interrogatory seeks the factual basis for plaintiff's claim and because they have made the determination that the Interrogatory was reasonably calculated to lead to the discovery of admissible evidence. The Peace Bird Defendants further object to plaintiff's reference to documents Bates numbered 1 through 665. Plaintiff's reference was in fact to plaintiff's Bates numbered documents XIAMEN ITG000666-667, which provided a corporate profile and the organizational structure of plaintiff. Plaintiff does not agree that the names and identifying information concerning its shareholders, officers, and directors is by any measure relevant to the sale of fabrics by plaintiff to the Peace Bird Defendants.

**Interrogatory No. 4:**  This interrogatory requested a detailed computation of damages and all categories of damages asserted by plaintiff in this case. The response referred to plaintiff's documents numbered XIAMENITG000668-671. The referenced document clearly provided all of the information requested by the Peace Bird Defendants. To the extent that the Peace Bird Defendants feel that plaintiff's response is deficient, a further explanation as to the specific reason(s) for their objection is required.

**Interrogatory No. 6:**  This interrogatory asks plaintiff to state "in detail, not in summary fashion" all verbal communications with any party to this lawsuit . . ." For the reasons stated in response, plaintiff refers to its answer to this interrogatory, which explains why it cannot be answered.

**Interrogatory No. 7:**  In their objection to plaintiff's answer to this interrogatory the Peace Bird Defendants seek to expand its scope, and requests information concerning any litigation in which plaintiff was named as a party, or offered testimony in any case worldwide in which it may have been involved. The request is predicated on the Peace Bird Defendants' belief that "it is highly likely" that plaintiff has engaged in such litigation. Absent a showing of some basis for this request other than a naked belief and an unsupported claim of relevance no further information in response to this interrogatory will be provided.

**Interrogatories Nos. 9 and 10:**  In these related interrogatories the Peace Bird defendants requested the terms of any agreements and contracts between the parties (Interrogatory 9) and, all contracts and agreements between the parties, again asking for terms and the identities of the parties. In response, plaintiff referred to its document production of February 14, 2020, and the documents produced in response to the interrogatories and the Peace Bird Defendants' document requests (XIAMENITG000666 to XIAMENITG001062). The Peace Bird Defendants assert that plaintiff's objection to the effect that the information requested was provided in February was without merit, and that the reference to documents numbered 1 through 665 was not fully responsive. All of the contracts containing the terms and parties relating to the shipments alleged in the complaint and claims against the counterclaim-plaintiffs, Xing Lin (USA) International Corp. and Crystal Vogue, Inc. (hereinafter plaintiff's claims against all of the parties will be

August 24, 2020                                                                                  Law Office of John J. Janiec

referred to collectively as "the Complaint") were provided on February 14, 2020 in documents 1 through 665.  Plaintiff, therefore, does not agree that its representation in this regard was without merit.  The Peace Bird Defendants refer only to plaintiff's reference to documents 1 though 665 as being not fully responsive.  Plaintiff would agree with this statement if its response was confined to the cited documents, however, plaintiff's response also included the cited documents by specifically stating that its response was, "along with the additional documents provided in response to these Interrogatories and in response to defendant and counterclaim-plaintiffs' first Set of Document Demands." All of these documents provided copies of what are believed to be all of the written contracts and agreements between the parties.  As you know these documents were provided by plaintiff to the Peace Bird Defendants on June 4, 2020, and designated as Bates documents numbered XIAMENITG000666 to XIAMENITG001062.

**Interrogatory No. 12:**  This interrogatory requests plaintiff to set forth in detail the circumstances surrounding and the promises made prior to the execution of any agreement or contract between the parties.  Plaintiff's objection to this Interrogatory have been reviewed and agrees that additional detail which has become available will be provided.  Plaintiff will serve a supplemental answer responsive to this Interrogatory.

**Interrogatory No. 14:**  This interrogatory requests  the identities of "any other customers and/or possible entities which were interested in purchasing goods from you from January 1, 2013 to the present and the amounts that each entity was seeking to purchase."  Upon review of its answer, no further information in response to this interrogatory will be provided.

**Interrogatory No. 15**:  This interrogatory seeks the disclosure of any profit and loss statement, income statement and balance sheets for plaintiff's business operations for the period January 12, 2013 to the present.  Upon review, plaintiff restates its objections to this interrogatory.  Plaintiff's financial position is not in issue in this case.  The issues as alleged in the Complaint center around and involve the purchase of quantities of fabrics from plaintiff by the Peace Bird Defendants, the shipment of those fabrics by plaintiff, the delivery of the fabrics to the Peace Bird Defendants and their failure to pay plaintiff in accordance with the terms of their written agreements.

**Interrogatory No. 20:**   This interrogatory requested plaintiff to "set forth in detail" certain information regarding the fabrics that were shipped in this case. Plaintiff's response included a reference to Excel Spreadsheet No. 1 which is believed to contain all of the requested information.  The July 10th letter alleges a failure to provide a detailed description of the information requested.  Plaintiff is willing to review its answer in connection with this interrogatory and requests that the Peace Bird Defendants describe the information that has not been provided but is included in the "detailed description" that they are seeking.

**Interrogatories Nos. 21 and 23:**  These interrogatories seek identifying information with respect to each item that was shipped (Interrogatory No, 21) and all goods that were subject to arbitration (Interrogatory No. 23).  In response to each interrogatory, plaintiff referred to the documents it produced as early as February 14, 2020 for the place at which the identifying information with respect to each item that was shipped could be found, and specifically to documents referenced as XIAMENITG000671A to 847 as the place where the goods that were subject to arbitration could

August 24, 2020                                                                                                  Law Office of John J. Janiec

be found. To supplement its answer to interrogatory number 23, plaintiff also references the documents provided by the Peace Bird Defendants to plaintiff which contain copies of the written agreements that contain arbitration clauses. Other than that supplementation, upon review of its answer, no further information in response to this interrogatory will be provided.

**Interrogatory No. 27:** This interrogatory seeks plaintiff's opinion as to customs and practices in the industry regarding the payment of customs, duties and taxes. Upon review of its answer, no further information in response to this interrogatory will be provided.

**Interrogatory No. 29:** This interrogatory seeks the identification of the dates that the goods "were to be delivered" In response, among other things, plaintiff referred to the fact that the written agreements all contained "ship by" dates and did not provide for dates of delivery. Upon review of its answer, no further information in response to this interrogatory will be provided. Plaintiff, however, with respect to the issue of delivery, suggests that the parties discuss the dates that the Purchased Items were delivered to see if an agreement can be reached with respect to when each of the parties maintains that the shipped goods reached the destination port(s).

**Interrogatory No. 37:** Interrogatory No. 37 requests the identification of "all non-parties or individuals involving (sic) the shipping of goods and/or the payment of duties . . ." Plaintiff has reviewed and stands by its response to this interrogatory. However, with an eye on relevance, plaintiff is willing to discuss providing the information being sought upon the preparation by the Peace Bird Defendants of a list of categories of non-parties or individuals who were involved in the shipping of the goods.

**The Peace Bird Defendants' Document Requests.**

In connection with any of the Peace Bird Defendants' document requests, if it is felt that there are additional responsive documents/e-mails that have not been provided and that the Peace Bird Defendants have a basis to believe exist, upon the presentation of a written request identifying with specificity the document(s)/e-mail(s) being sought, by date, topic, author or any other identifying information which would assist in locating the materials requested, plaintiff is open to conducting a further search for the requested materials.

**Request No. 8:** This Request sought the production of documents, e-mails, text messages between plaintiff and the Peace Bird Defendants. Apart from the scope of this Request, plaintiff objected to it as being duplicative and burdensome in that it did not exclude from the categories of requested documents the documents that were provided by plaintiff to the Peace Bird Defendants on February 14, 2020, nor did it take into consideration the additional documents provided in response to the Request and designated as XAIMENITG000858-1062. An objection is raised to what is referred to as a "generic reference" to documents as being an insufficient response. If, by this objection the Peace Bird Defendants are seeking an individualized listing by document, topic and Bates reference number, the burdensome nature of this Request is demonstrated, All of the documents believed to be responsive to this Request have been provided. As offered in plaintiff's response to this Request, if, after a review of the documents provided, the Peace Bird Defendants are of the view that additional documents exist which have not been provided, upon receipt of a

August 24, 2020                                                                                      Law Office of John J. Janiec

description of the material being searched for, plaintiff will conduct an additional targeted search for those documents.

**Request No. 9:** Request No. 9 sought the production of documents relating to any proposed "draft or actual contract, agreements, addendums to contracts, modifications or releases between any party." Again, plaintiff believes that this Request has been satisfied by its response which referred to its previous and its then current document production. This view is supported by a simple application of the definitions contained in the Peace Bird Defendants' First Set of Document Demands. It is believed that all of the documents of the type described in Request No. 8 have been provided. However, upon review, a further review will be made by plaintiff to determine if any draft copies of documents are in its possession.

**Request No. 10:** The objection to this Request is that the Peace Bird Defendants take issue with what is termed as plaintiff's "generic response," and further requests that plaintiff "identify with specificity the documents which are responsive to this demand." First, the Request: "This Request seeks documents, e-mails (with attachments), text messages and/or notes reflecting or referring, or relating to negotiations between any of the parties." Whether the definition of what constitutes a document that contained in the Local Civil Court Rules or the definition prescribed in the Peace Bird Defendants' document requests is applied, all of the material provided by plaintiff under Bates number XIAMENITG000001 to XIAMENITG001062 are documents that reflect, refer, or certainly relate to the negotiations between the parties. Second, as this Request is duplicative of Requests No. 8 and 9, the same comments as made with respect to those Requests also apply. However, to assist in the Peace Bird Defendants' review, reference is made to plaintiff's documents numbered XIAMENITG000858-890. As with any Request, if the Peace Bird Defendants are of the view that documents exist that have not been provided, plaintiff would be happy to conduct a targeted search to determine if documents of the type described are in its possession.

**Request No. 11:** Plaintiff's response to Request No 11 has elicited the same comments by the Peace Bird Defendants that were raised in connection Requests 8-10. Upon review, plaintiff incorporates its earlier answers, specifically referring the Peace Bird Defendants to plaintiff's documents Bates numbered as XIAMENITG000848-894, believing this to be responsive to this Request. Again, in the event that the Peace Bird Defendants are of the view that additional documents exist that have not been provided, upon presentation of a Request specifically identifying the documents or a descriptive category of documents being sought, a targeted search will be conducted by plaintiff to determine if the documents being requested are in its possession.

**Request No. 13:** Request No. 13 is familiar in that it requests the production of documents that have already been provided. Plaintiff incorporates its comments made with respect to Requests 8 through 11, specifically noting that in the event that the Peace Bird Defendants are of the view that additional documents exist that have not been provided, upon presentation of a Request specifically identifying the documents or a descriptive category of documents being sought, a targeted search will be conducted by plaintiff to determine if the documents being requested are in its possession.

August 24, 2020                                                                                                    Law Office of John J. Janiec

**Request No. 16:**  The Peace Bird defendants sought copies of documents containing statements against the interest of any party.  Notwithstanding their objection to plaintiff's response, plaintiff is open to a discussion concerning the nature and type of document that is being sought by this Request, provided, of course that the Request does not require the production of documents that infringe on the protections of the attorney work product doctrine.

**Request No. 20:**  This Request called for the production of documents "related to" plaintiff's affirmative defenses.  Plaintiff's response correctly noted that all of the documents in the case that have been provided are "related to" the plaintiff's defenses.  The Peace Bird Defendants allege their generic response to plaintiff's generic reference to the documents provided in response to this Request.  Specifically, the decisions of the CIETAC arbitral panels are related to plaintiff's First and Second Affirmative Defenses; the written sales agreements and other agreements between the parties relate to plaintiff's Third Affirmative Defense; and, there are no documents in plaintiff's possession that relate to plaintiff's fourth through seventh affirmative defenses.

**Request No. 21:**  "Any and all documents related to any promises made by either party in tis case."  In response, plaintiff correctly stated that all of the documents produced by it are related to any promises made by either party in this case.  The Peace Bird's Defendants object to plaintiff's response as being generic. Upon review plaintiff believes its response to this Request to be sufficient as each of the documents provided relate to the purchase by the Peace Bird Defendants of a quantity of fabrics from plaintiff, their promises to pay for those fabrics and plaintiff's shipment of those fabrics to the destinations provided for under the written agreements.

**Request No. 22:**  As this Request is understood, it calls for documents relating to the purchase by plaintiff of the fabrics sold by plaintiff to the Peace Bird Defendants.  The Peace Bird Defendants assert that this Request seeks information "deemed reasonably calculated to lead to the discovery of admissible evidence."  Unless and until  the showing of a factual basis is made as to how documents related to the fabrics purchased by plaintiff, for sale by plaintiff to the Peace Bird Defendants, is somehow relevant, no documents of the type described will be produced for the reasons stated in plaintiff's objections to this Request.

**Request No. 26:**  Request 26 seeks "[d]ocuments. emails, text messages and or notes" reflecting any alleged damages being sought in this case.  In response plaintiff referred to its entire document production as reflecting the damages being sought in this case, and specifically referencing XIAMENITG000668-670 as providing a specific breakdown of the damages being sought by plaintiff in this case.  Upon review, plaintiff's response sufficiently addresses this Request.

**Requests Nos. 33, 37:**  Upon review, plaintiff's responses sufficiently address these Requests which state that, as qualified, plaintiff is not in possession of any documents of the type described.

**Request No. 38:**  This Request seeks invoices and undefined notes related to the shipment of the goods at issue in this case from any port in China.  All of the invoices related to the goods shipped to the Peace Bird Defendants were provided in plaintiff's February 14, 2020 document production.  Although the existence of notes related to the shipment of the goods at issue in this case is doubtful,

August 24, 2020                                                                                       Law Office of John J. Janiec

plaintiff will conduct a review to determine if any "notes," as described in the comments of the Peace Bird Defendants, actually exist, and if so, will provide copies of those notes.

**Request No. 39:** The Peace Bird Defendants objection to plaintiff's response explains the meaning of the term "importation documents." as that term is used in this Request. It is noted that the Commercial Invoices, Bills of Lading, written Contracts were provided by plaintiff to the Peace Bird Defendants on February 14, 2020. As to the balance of the documents included in the embrace of the "importation documents," although it is doubtful, plaintiff will conduct a review to determine if any "of the documents as described in the comments of the Peace Bird Defendants, actually exist, and if so, will provide copies of those documents.

**Request No. 50:** This Request sought a search of documents and/or emails for the search words that were provided. Plaintiff conducted the requested search and provided, by reference to the designated Bates  numbers a range of documents within which documents and/or emails containing the requested search terms could be located. For example, documents containing the search term "Yang Min" may be found in, at least, Bates documents numbered XIAMENITG000018 and 000086; "JACE" in, at least, XIAMENITG000001, 000010, 000900; "Brian Wu" in, at least, XIAMENITG000390, 000434, 000441, 000868, 000876; and, so on for the balance of the search terms provided. The Peace Bird Defendants' objection therefore is not well taken. As previously mentioned, whether it be this Request, or any other Request that has been made, if it is felt that there are additional responsive documents/e-mails that have not been provided, that the Peace Bird Defendants have a basis to believe exist, upon the presentation of a written request identifying with specificity the document(s) or e-mail(s) being sought, by date, topic, author or any other identifying information which would assist in locating the materials requested, plaintiff is open to conduct a further search for the requested materials.

**Request No. 51:** This Request sought a search for e-mails with e-mail addresses that were provided. Plaintiff conducted the requested search and provided, by reference to the designated Bates  numbers a range of documents within which the emails containing the e-mail addresses requested could be provided. The Peace Bird Defendants critique of plaintiff's response was that it was a generic reference which was both "non-responsive and inadequate." Upon review, plaintiff's response is both responsive and adequate. For example, one of the requested e-mail addresses was: Fengxu88888@gmail.com. Plaintiff's reference was to documents numbered XIAMENITG001006 to  XIAMENITG001062. A review of those documents reveals that each an every document in that range was an e-mail in which the FengXu address appears. Plaintiff can only provide the documents it is up to the Peace Bird Defendants to review them.

**Request No. 52:** In the following scenario where a Seller sells goods to a Buyer, the goods are delivered to the Buyer, and the Buyer does not pay the Seller the agreed upon purchase price, which results in the Seller suing  the Buyer,  how is the Seller's relationship (whatever that means) with its source of the goods being provided relevant?  That is what is asked for in this Request. Unless and until relevancy and how the requested information will lead to the discovery of admissible evidence is shown, plaintiff's answer to this Request will remain unchanged.

August 24, 2020                                                                                          Law Office of John J. Janiec

**Request No. 57:**  This Request seeks the "shipping container number, customer items, packing lists and shipping records referenced in the complaint."  The written sales agreements, packing lists, Bills of Lading and Commercial Invoices for each cause of action alleged in the complaint were all provided to the Peace Bird Defendants on February 14, 2020.  Unless it is claimed that these documents were not received by the Peace Bird Defendants, it is incomprehensible as to why this request for documents that already had been provided was made on May 4, 2019 by the Peace Bird Defendants, and an objection raised on July 10, 2020, 5 months after these documents were provided to the Peace Bird Defendants.  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 58:**  This Request concerns the production of invoices and proof of payment for any attorney's fees that will be sought in connection with this case.  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 59:**  This Request sought documents, e-mails, notes related to the weights and measurements of the goods at issue in this case.  The Bills of Lading, The Commercial Invoices, the Packing Agreements, the written agreements between the parties, the Letter of Payment Guarantees, all of the documents that have been provided by plaintiff in some way relate to the "weights and measures" of the goods at issue in this case which were initially provided to the Peace Bird Defendants on February 14, 2020, as supplemented by the documents provided on June 4, 2020.  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 61:**  Plaintiff is not in possession of any documents related to this case which bear the title "Trust Deeds And Letter of Instructions."

**Request No. 64:**  This Request called for the production of "sales confirmation documents," "collection deed trust instruments," and/or spreadsheets related to the goods at issue in this case.  Plaintiff objected to the undefined quoted terms and provided a spreadsheet identified as Excel Spreadsheet No. 1.  The Peace Bird Defendants have requested to be informed whether any documents that are titled as quoted exist, and to be provided with the backup documents to Excel Spreadsheet No. 1.  A request to plaintiff will be made to determine the existence of documents titled as quoted, and that a further search be made to determine whether the source documents to Excel Spreadsheet No. 1 have been provided, and to the extent all or some of those documents have not been provided their production will be forthcoming.

**Request No. 66:**  This Request asks plaintiff to provide all of its tax returns and schedules that were filed in any other country for the years January 1, 2016 to present.  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 67:**  The Peace Bird Defendants seek "documents concerning any advice, promises or representations given by Plaintiff to any party in this case."  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 69:**  This Request seeks all applications for loans, credit or factoring agreements along with supporting documents made by plaintiff for the years January 1, 2016 to present. Upon review, plaintiff's response to this Request will remain unchanged.

August 24, 2020                                                                                               Law Office of John J. Janiec

**Request No. 70**: This Requests seeks copies of communications between any employee of plaintiff, with any shareholder, director, or person or entity holding a beneficial interest in plaintiff concerning the goods at issue in this case. Upon review, plaintiff's response to this Request will remain unchanged, however, although it is doubtful, an inquiry will be made to confirm that no documents of the type described exist.

**Request No. 72:** The Peace Bird Defendants seek copies of all bank statements for all bank accounts held by plaintiff from January 1, 2016, to the present. Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 73:** This Request first seeks "copies of contracts and/or agreements related to the Purchase Orders and/or goods at issue in this case." It is believed that no Purchase orders were issued by the Peace Bird Defendants in this case. It is requested that the Peace Bird Defendants inform plaintiff as to whether they contend that they issued Purchase Orders for all or a part of the sales transactions ins this case. If a representation is made that such Purchase Orders have been issued, an inquiry will be made of plaintiff to provide whatever copies of the Purchase Orders that it may have in its possession. Copies of all of the contracts related to the goods at issue in this case were provided in plaintiff's document production on February 14, 2020. Additional agreements related to the goods at issue in this case were provided in plaintiff's document production of June 4, 2020, for sake of reference refer to documents XIAMENITG000858 through XIAMENITG000894. With respect to that aspect of this Request which seeks the referenced contracts and agreements "between Plaintiff and any third-party or non-party," as the Request is understood, no such contracts exist. Plaintiff only entered into agreements for the sale of the goods at issue in this case with the Peace Bird Defendants.

I am available at any time on Wednesday, Thursday or Friday of this week to discuss the remaining discovery issues that may exist between us, the proposed confidentiality agreement, and any other issues that either of us might to bring to the Court's attention in our submission of correspondence to the court.

Very truly yours,

John J. Janiec

cc: Xiamen ITG Group Corp., Ltd.