# LAW OFFICE OF JOHN J. JANIEC

**ATTORNEY AT LAW**

-
261 MADISON AVENUE, FL 12
NEW YORK, NEW YORK 10016
—

TEL: (212) 629 - 0027
FAX: (646) 589 - 0499

MEMBER OF THE N.Y. AND N.J. BARS
E-MAIL: JJANIEC@JJJLAWOFFICE.COM

CHINESE LAW COUNSEL:
LIJUN DOU
LICENSED FOREIGN LEGAL PROFESSIONAL
MEMBER OF THE BAR OF:
THE PEOPLE'S REPUBLIC OF CHINA

October 26, 2020

*VIA Electronic Mail Only*
mhorn@archerlaw.com

Michael S. Horn
Archer & Greiner, P.C.
21 Main Street – Suite 353
Court Plaza South, West Wing
Hackensack, New Jersey 07601

Re: *Xiamen ITG Group Corp., Ltd. v. Peace Bird Trading Corp.,*
    *Crystal Vogue Inc. and Xing Lin (USA) International Corp. v.*
    *Xiamen ITG Group Corp., Ltd.*
    E.D. N.Y. Case No.: 19-cv-6524 (DLI) (SLT)

Dear Michael:

    I have reviewed the outstanding items in plaintiff's responses to the Peace Bird defendants' Interrogatories and the Requests for Documents which I agreed to review. With respect to Interrogatory No. 12, the additional detail requested by you may be found at XIAMENITG858-890. Since, as plaintiff requested, no further information has been provided by the Peace Bird defendants with the respect to the "detailed description" sought by them with respect to Interrogatory No. 20, plaintiff will assume that the descriptions provided in the written agreements, packing slips and commercial invoices are sufficient provide whatever further detail is sought by the Peace Bird defendants. Plaintiff's offer to discuss the delivery dates addressed in Interrogatory 29 has not been responded to by the Peace Bird defendants but, judging by the Peace Bird defendants responses to plaintiff's Notice to Admit, it would appear that the Peace Bird defendants have now taken the position that none of the Purchased Items were delivered.

    Following a search by plaintiffs, no further documents of the type described in the Peace Bird defendants Requests for Documents ("RFD") No. 9 are available to be produced. The request

August 26, 2020

Law Office of John J. Janiec

in RFD No. 16 was not supplemented by the Peace Bird defendants and no documents responsive to this request are available at this time.  No notes of the type described in RFD No.38 are presently known to exist.  With respect to the importation documents referred to in RFD No. 39, plaintiff also produced the Customs Declaration For Export From the People's Republic of China which was not mentioned in its original response to RFD No. 39.  Following a review, no further documents of the type described have ben located.  Since no further information has been received with respect to RFD No. 50, it is assumed that a subsequent review by the Peace Bird defendants resulted in the recognition that this Request has been comprehensively answered and no further information is required.  The documents described in RFD No. 61 are not in the possession, custody, or control of plaintiff.  With respect to RFD No. 64, a search has been made and all of the source documents for Excel Spreadsheet No. 1 have been provided to the Peace Bird defendants in the document production made by plaintiff.  No additional documents have been located and plaintiff's response to RFD No. 70 remains unchanged.  With respect to RFD No. 73, plaintiff is not in possession of any purchase orders related to the Purchased Items.

Plaintiff's production of documents with respect to its claims against the Peace Bird defendants has been exhaustive.  It is believed that all relevant documents have been produced.  If however, additional documents become known during the course of preparation and/or review that should have been disclosed but were not, plaintiff will produce those documents.  As previously offered, if the Peace Bird defendants are of the view that a document or a category of documents that is known to exist has not yet been produced, upon receipt of a particularized request identifying the document and any available information concerning its use, plaintiffs will gladly undertake a further search for that document.

Along those lines, accompanying this letter are documents which although appearing to have been generated by the Peace Bird defendants, were recently located by plaintiff. It is noted that these documents were not included in the document production made to plaintiff by the Peace Bird defendants.   These documents are Bates Numbered XIAMENITG001063 to XIAMENITG1085.

Confidentiality Agreement.  Accompanying this letter is the redlined review of the Proposed Protective Order and Confidentiality Agreement.  The only changes that I made are to the end of paragraph 2where material has been added (and a typo in the following line), and the deletion of paragraph 4 which is inconsistent with the last "Whereas" clause.  While I personally do not see the need for confidentiality with respect to any of the documents produced thus far, I would like to have a mechanism in place to discover the basis for a document's confidential designation.  Even if you were to re-designate all of the de-designated documents, I would like to have the option of being informed of the basis for the confidentiality designation.  Also, I would have no objection using the Confidentiality Agreement you proposed on August 24, 2020, with the following changes as indicated to the first and second sentences of paragraph 4:

> <u>All documents previously designated as being Confidential are hereby de-designated as such, but shall remain subject to re-designation as being Confidential by the Producing party</u>.  The Receiving party may, at any time, notify the Producing party

2

August 26, 2020

Law Office of John J. Janiec

>that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, <u>the Producing party shall state the basis for the document or a category of documents as being confidential</u>, the Receiving party . . .

In my letter to you of July 15, 2020, apart from other deficiencies, I noted that the answers of the Peace Bird defendants to plaintiff's interrogatories were not made under oath in accordance with Fed. R. Civ. P. 33 (b)(3). Kindly provide the proper verification or advise me of your intention not to do so in order that I may proceed accordingly.

I have reviewed the answers of the Peace Bird defendants to plaintiff's recent Notice to Admit. The Notice was intended to reduce the burden on both parties in dealing with the routine paperwork associated with the 45 shipments of fabrics and textiles involved in this case. The answers of the Peace Bird defendants to as simple an admission request which seeks an admission that a document provided in discovery and identified by a specific Bates Number is a true copy of a written agreement entered into on a specific date between plaintiff and a named plaintiff cannot be viewed as having being made in a good faith. For example, none of the admission requests with respect to the written agreements between the parties call for a legal conclusion; referring to a document by its title, such as Letter of Guarantee, is not calling for a legal conclusion. Secondly, the admission request does not seek an admission that the written agreement was received, and the statement that evidence is being searched for to prove that the document was received is patently frivolous, in view of the fact that, by my count, at least 14 of the contracts involved in this case were provided by the Peace Bird defendants to plaintiff in discovery. I could cite similar instances with respect to the Bills of Lading and other documents referred to in the Notice To Admit. The Peace Bird defendants have had the English Language translations of the CIETAC arbitration awards, since June 4, 2020, if we can't agree that a certified copy is a true copy of the original document, and a that certified translation is a accurate translation for purposes of this lawsuit, I cannot conceive of us reaching an agreement on anything.

To this point, the document production of the Peace Bird defendants so far has consisted, for the most part, of copies of the written agreements and related documents for the transactions that were a part of the CIETAC arbitrations. Plaintiffs have received none of the documents that have been requested by them that are related to the damage claims of the Peace Bird defendants. The documents provided with the "AG" preface are disjointed and not linked to any specific shipment. For those few that a shipment can be identified, they actually contradict the Peace Bird defendants claim that none of the shipments have been delivered. The unqualified denials that any of the shipments have been received is also contradicted by defendants' unsworn responses to some of plaintiff's interrogatories.

As I mentioned to you, we would be prepared to proceed with depositions but have no objection to accommodating your schedule in selecting a date for them to take place. It would appear at this point that in view of the Peace Bird defendants' denial of everything, it might be

August 26, 2020

Law Office of John J. Janiec

necessary to conduct some what should have been unnecessary Hague fact discovery which would extend the discovery period.

As I understand defendants' position, it is that plaintiff breached a condition of its contracts by its purported failure to timely pay customs fees and duties on some of the Purchased Items. It would seem to present a mixed question of law and fact as to whether such a provision was a part of the parties' agreements. To that end, I am considering suggesting to the court that further discovery regarding defendants' damages be put off until after the question of liability is determined. We can proceed with depositions concerning the agreements and underlying transactions. If the court finds that there was a contractual provision that was breached, we can resume the deposition of defendants to explore the basis for the damage claims and engage in expert discovery. If the court finds that such a defense does not lie, then summary judgment should be awarded to plaintiff. This approach will spare the expense of damages discovery and expert testimony. Although I have not yet decided if this is the preferrable approach, your thoughts on this are invited. Since we are probably going to wind up before the court on the outstanding discovery issues, it might also be a good idea to discuss this approach.

I will not be available tomorrow, but I hope to have a draft of a report to the court ready for review by the end of the day on Wednesday.

Very truly yours,

John J. Janiec

4