**ARCHER & GREINER, P.C.**
21 Main Street - Suite 353
Court Plaza South, West Wing
Hackensack, New Jersey 07601
(201) 342-6000
Attorneys for Defendant, Peace Bird Trading Corp., and Joinder Claimants, Xing Lin (USA) International Corp. and Crystal Vogue Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIAMEN ITG GROUP CORP., LTD., <br><br> Plaintiff, <br><br> -against- <br><br> PEACE BIRD TRADING CORP., <br><br> Defendant. <br><br> PEACE BIRD TRADING CORP., XING LIN (USA) INTERNATIONAL CORP.; CRYSTAL VOGUE INC. <br><br> Counterclaimants, <br><br> -against- <br><br> XIAMEN ITG GROUP CORP., LTD., <br><br> Counterclaim Defendant | Civil Action No. 19-CV-6524 <br><br><br> **FEDERAL RULE OF CIVIL PROCEDURE 37(A)(1) CERTIFICATION** |

    I, **MICHAEL S. HORN, ESQ**., an attorney-at-law licensed to practice in the United States District Court for the Eastern District of New York certify as follows:

    1.    I am an attorney-at-law licensed to practice in the United States District Court for the Eastern District of New York, and a partner in the law firm of Archer & Greiner, P.C., attorneys for Defendants/Counterclaimants, Peace Bird Trading Corp., Xing Lin (USA) International Corp.,

and Crystal Vogue Inc. (collectively "Peace Bird Litigants" or "Defendants") in the above-captioned case. I am fully familiar with the facts and circumstances in this certification.

2. Pursuant to Fed. R. Civ. Pro. 37(a)(1), Defendants have made multiple good faith efforts to try and resolve the discovery issues in this case. Defendants are requesting Plaintiff provide more complete responses to Defendants' First Set of Interrogatories and First Set of Document Demands. A copy of Plaintiffs responses to Defendants' discovery demands are attached to Defendants' discovery letter as **Exhibits 1-2.**

3. On July 10, 2020, Defendants served Plaintiff with a good faith demand letter outlining the various deficiencies in Plaintiff's discovery responses. A copy of that letter is attached to Defendants' discovery letter as **Exhibit 3.**

4. The parties held a meet and confer conference via telephone on or about July 31, 2020 to resolve the discovery issues. Plaintiff served a letter in furtherance of the meet and confer but the letter only addressed a limited amount of the discovery at issue. A copy of Plaintiff's letter is attached to Defendants' discovery letter as **Exhibit 4.**

5. Defendants and Plaintiff continued to confer and exchanged numerous emails in early October to try and resolve the outstanding discovery deficiencies. A copy of the emails are attached to Defendants' discovery letter as **Exhibits 5-6.**

6. In response to Plaintiff's request for more information about the discovery sought, Defendants sent a summary of the category of documents that it was seeking. A copy of Defendant's email is attached to Defendants' discovery letter as **Exhibit 7.**

7. Despite these good faith efforts, Plaintiff's have not provided Defendants with the discovery requested in this case. As such, Defendants' request this Court enter an order compelling Plaintiff to provide the following: 1) full responses and the removal of boilerplate objections to Interrogatory No. 1, 2, 6, 14, 20, 21, 23, 29, and 37 (Ex. 1); 2) full responses and the removal of boilerplate objections to Plaintiff's Demand for Documents Nos. 8, 10, 11, 13, 33, 37, 50, 51, 52, 58, 70, 72 and 73.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

**ARCHER & GREINER, P.C.**
Attorneys for Defendant, *Peace Bird Trading Corp., Joinder Claimants, Xing Lin (USA) International Corp. and Crystal Vogue Inc.*

By:_____
Michael S. Horn

Dated: December 4, 2020