**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

XIAMEN ITG GROUP CORP., LTD.,

                    Plaintiff,

                                     Civil Action No.: 19-cv-6524 (DLI, SLT)

      *-against-*

PEACE BIRD TRADING CORP.,

                    Defendant,

XING LIN (USA) INTERNATIONAL CORP.,
CRYSTAL VOGUE, INC.,

                    Counterclaim-plaintiffs,
      *-against-*

XIAMEN ITG GROUP CORP., LTD.,

                    Defendant.
--------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE PEACE BIRD**
**DEFENDANTS' MOTION TO COMPEL.**

**Law Office of John J. Janiec**
**261 Madison Avenue, Fl. 12**
**New York, New York 10016**
**(212) 629-0027**
**E-mail: jjaniec@jjjlawoffice.com**

*Attorney for Plaintiff,*
*XIAMEN ITG GROUP CORP., LTD.*

# TABLE OF CONTENTS

**PAGE**

**PRELIMINARY STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **1**

    **Plaintiff's Compliance With Its Discovery Obligations** . . . . . . . . . . . . . . .   **2**

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **2**

    **The Peace Bird Defendants' Requests For the Production of Documents.**
    **(Responding to Point II of the Peace Bird defendants' Brief In Support**
    **of Motion to Compel.)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **2**

        **Document Requests Nos. 8, 10, 11, 13 and 70** . . . . . . . . . . . . . . . . . . .   **2**

        **Document Requests Nos. 50 and 51** . . . . . . . . . . . . . . . . . . . . . . . . . . .   **7**

        **Document Request No. 52** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **9**

        **Document Requests Nos. 33, 34, and 37** . . . . . . . . . . . . . . . . . . . . . . . .   **12**

        **Document Request No. 58** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **14**

        **Document Request No. 72** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **15**

    **The Peace Bird Defendants' Requests For Interrogatories.**
    **(Responding to Point III of the Peace Bird defendants' Brief In Support**
    **of Motion to Compel.)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **15**

        **Interrogatories Nos. 1 and 2** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **16**

        **Interrogatory No. 6** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **21**

        **Interrogatory No. 14** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **19**

        **Interrogatories Nos. 20 and 29** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **23**

        **Interrogatory No. 21** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **24**

        **Interrogatory No. 23** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **24**

        **Interrogatory No. 37** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **20**

**PAGE**

The Peace Bird Defendants' Requests For A Meet-And-Confer (Responding to Point IV of the Peace Bird defendants' Brief In Support of Motion to Compel.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **25**

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **25**

# TABLE OF AUTHORITIES

**PAGE**

*Am. Fedn. of Musicians of the United States and Can. v Sony Music Entertainment, Inc.*,
2016 WL 2609307 [S.D. N.Y. 2016] . . . . . . . . . . . . . . .  10

*Blackrock Allocation Target Shares: Series S Portfolio v Bank of New York Mellon*,
2018 WL 2215510 [S.D. N.Y. 2018] . . . . . . . . . . . . . . . .  10

*China Minmetals Materials, Ltd. v Chi Mei*, 334 F.3d 274 [3ʳᵈ Cir. 2003]. . . . . . . . . . . .  18

*Condit v Dunne*, 225 FRD 100 [S.D. N.Y. 2004] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*General Elec. Co. v Deutz*, 270 F3d 144 [3ʳᵈ Cir. 2001] . . . . . . . . . . . . . . . . . . . . . . . . .  18

*Gilani v. Hewlett Packard Co.*, 2017 WL 4236564 [S.D. N.Y. 2017] . . . . . . . . . . . . . . .  10

*Family Wireless #1. LLC v Auto. Techs., Inc.*, 2016 WL 3911870 [D. Conn. 2016] . . . . .

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 [1978] . . . . . . . . . . . . . . . . . . . .  10

*Thomas v City of New York,* 336 FRD 1 [E.D. N.Y. 2020] . . . . . . . . . . . . . . . . . . . . . . . .  5, 6


9 USC §§201-208) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Fed.R.Evid. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

CISG. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 19

21 U.S.T. 2517,   TIAS No. 6997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

## PRELIMINARY STATEMENT

In accordance with the court's Scheduling Order dated December 21, 2020, defendant, Peace Bird Trading Corp. ("Peace Bird"), and counterclaim plaintiffs, Xin Lin (USA) International Corp. ("Xin Lin") and Crystal Vogue, Inc. ("Crystal Vogue") (all collectively referred to as the "Peace Bird defendants"), by Notice of Motion dated January 5, 2021, have moved this court for orders pursuant to Fed. R. Civ. P. 37 (a)(1) and (a)(3)(B)(iv) compelling plaintiff, Xiamen ITG Group Corp., Ltd. ("ITG"), to produce documents in response to certain of the Peace Bird defendants' Requests For the Production of Documents, and to supplement its answers certain Requests For Interrogatories that were served upon ITG by the Peace Bird defendants. Additionally, the Peace Bird defendants seek an order requiring the parties to meet-and-confer regarding the witnesses that ITG will produce.  (Notice of Motion, ECF Doc. No. 32)

The Peace Bird defendants take issue with and, assert that deficits exist in connection with 13 of the responses made by ITG to the 73 Requests For Documents, and 9 of the 39 Requests For Interrogatories made by them of ITG.  For purposes of this Memorandum, excerpts from ITG's responses to the Peace Bird defendants' Requests For Documents and Requests For Interrogatories which contain the specific document Request and Interrogatory to which the Peace Bird defendants' motion is directed, accompany this Memorandum as Appendix A and B, respectively. (Declaration of John J. Janiec, dated January 29, 2021, ¶¶ 2, 3.)  Relevant correspondence that has been exchanged by counsel with respect to discovery issues accompany the Memorandum as Appendices C, D and E. (*Id.* at ¶¶ 4, 5 and 6)

A summary of the factual background of this case may be found in plaintiff ITG's Memorandum of Law which was submitted in support of ITG's paralleling motion to compel the Peace Bird defendants' to respond to certain of its document requests and interrogatories, which

motion was filed with the Court on December 4, 2020 (ECF Doc No. 27-9), in accordance with the court's initial Scheduling Order dated November 15, 2020.

**Plaintiff's Compliance With Its Discovery Obligations.**

Much of the Peace Bird defendants' arguments center on their sheer conjecture that, in addition to the 1,085 documents that have already been produced by plaintiff, there must be additional documents that have not been disclosed.  (Brief In Support of Motion to Compel. ECF Doc. No. 32-1 at p. 1)  Since the Peace Bird defendants factually unsupported belief underlies much of what they contend, a brief outline of the search process that has been conducted by ITG may be helpful to the court's analysis of the Peace Bird defendants' allegations that deficits in ITG's document production actually exist.  In that regard, see Janiec Decl. at ¶¶ 8 *et seq*).

**The Peace Bird Defendants' Requests For the Production of Documents.**
**(Responding to Point II of the Peace Bird defendants' Brief In Support of Motion to Compel.)**

**Document Requests Nos. 8, 10, 11, 13 and 70.**

In their Requests For Documents ("RFD") Nos. 8, 10, 11, 13, and 70, the Peace Bird defendants sought the production of e-mails, text messages, and notes between: plaintiff ITG and the Peace Bird defendants (RFD No.8); documents including e-mails and text messages "reflecting referring or relating" to the parties' negotiations (RFD No. 10); documents, e-mails, text messages, and/or notes to any party regarding checks, invoices, documents that reflect payment terms and guarantees of payment (RFD No. 11); unspecified documents and correspondence between anyone relating to the facts and allegations at issue in the proceedings. (ITG Resp. RFD No. 13); and finally, communications between any of plaintiffs' shareholders, employees, holders of beneficial interests concerning the goods, orders, and contracts at issue in this case (RFD No. 70).

In ITG's  Rule 26 initial disclosures which were made on February 14, 2020, close to 3 months prior to the service of the Peace Bird defendants' May 4, 2020 document demands, ITG had already provided the Peace Bird defendants with 665 pages of documents concerning each of the shipments made by it to the Peace Bird defendants. This initial document production included copies of documents collectively described as "the shipping documents" and are more fully described in the accompanying Janiec Declaration at ¶ 9.

In view of the documents provided in its initial disclosures, and in addition to objecting to the overbroad and burdensome nature of each of the Peace Bird defendants' Requests 8, 10, 11 and 13, plaintiff objected to the patently duplicative nature of  each of these Requests in that they seemingly did not at all take into consideration the documents that had previously been provided by ITG to the Peace Bird defendants three months earlier.  It appeared to ITG that the Peace Bird defendants' document requests had been made without a review having first been made of what had previously been provided by ITG.  This is not a dispute that the documents that fall within the scope of Requests 8, 10, 11, 13, and 70 should not be provided.  ITG has not asserted any privilege against production or claimed for some other reason that the requested documents should not be produced.  ITG had already provided all of the documents in its possession that were known to exist, and which in its view were responsive to the Peace Bird defendants' Requests. In follow-up to ITG's objections to their document requests, the Peace Bird defendants made no attempt at all to describe a specific category of documents which they believed had been overlooked and had not already been provided by ITG.

The Peace Bird defendants objected to what they referred to as  ITG's "generic reference" to the documents it had already provided as being non-responsive to the defendants' Requests. (Appendix C, PB Ltr. Dated July 10, 2020 RFD No.8 at p. 6) In response, ITG noted that the Peace

Bird defendants' document Requests did not exclude those documents which had already been provided to them and, noted that the burden of reviewing the ITG provided documents and creating an individualized listing of the documents that had been produced was a burden shared equally by ITG with the Peace Bird defendants. ITG offered, "if, after a review of the documents provided, the Peace Bird Defendants are of the view that additional documents exist which have not been provided, upon receipt of a description of the material being searched for, plaintiff will conduct an additional targeted search for those documents." (Appendix D, ITG Ltr. dated August 24, 2020, RFD No.8)

In an attempt to establish a basis for their claim that additional documents to those already provided in response to their Requests exist, the Peace Bird defendants' motion to compel is based upon nothing more than sheer speculation premised upon their observation that "[t]his is a multi-million-dollar case" (Brief In Support, p. 7, ECF Doc. No. 32-1), and their expressed belief that there should be a greater number of e-mails given the amount of the sales involved. (Id. at p. 1) In reality, despite the number of transactions involved, the documents generated by ITG were, for the most part, routine in nature, and consisted of the shipping documents that had already been provided, the e-mails conveying those documents, the guarantees of payment issued by the Peace Bird defendants, the payments advanced by ITG on behalf of the Peace Bird defendants, and transcripts of the We-Chat conversations between the parties relative to those payments, all of which were provided by ITG to the Peace Bird defendants in its initial disclosures on February 14, 2020, and on June 4, 2020, in response to the Peace Bird defendants' discovery demands.

In response to the Peace Bird defendants' "generic reference" objection (Appx. C, PB Ltr. RFD 10), ITG responded by providing the Peace Bird defendants with Bates stamp reference numbers to the responsive discovery documents that had been provided by ITG, and again repeated

its invitation to conduct a targeted search for any category of documents that exist and had not been provided. (Appx. D ITG Ltr. RFD10).  The same invitation was extended to the Peace Bird defendants with respect to their Requests For Documents Nos. 11 and 13.   (*Id.* at RFD 11 and RFD 13).

Document Request No. 70   sought communications between ITG's employees, shareholders, directors and any person holding a beneficial interest in plaintiff concerning "the goods and/or orders and/or contracts at issue in this case." (RFD 70)  Since this document request seemingly called for communications between everyone in a Fortune Global 500 Company concerning relatively routine sales transactions, ITG initially objected to this Request on various grounds but principally because of its breadth in reaching down to the shareholder level of ITG, which was viewed as being unduly burdensome and harassing.  However, upon review,  ITG later agreed to make an inquiry to determine if any such communications actually existed (Appx. D, ITG Ltr. RFD 70).  Following a review by ITG, it was determined that no documents of the type described were known to exist, and the Peace Bird defendants were so notified. (Appx. E, ITG Ltr. October 14, 2020).

To counter ITG's assertion that the Peace Bird defendants document Requests were duplicative, the defendants cite *Thomas v City of New York,* 336 FRD 1 [E.D. N.Y. 2020] for the proposition that "[t]he mere existence of overlap and some duplication is insufficient to preclude the discovery sought." (*Thomas,* 336 FRD at 2) (PB Brief In Support, p.8, ECF Doc. No. 32-1) While ITG does not take issue with the proposition sated, the Peace Bird defendants' reliance upon *Thomas* is misplaced.

In *Thomas*, the plaintiff sought the discovery of electronically stored information ("ESI") from five of the individual custodian-defendants. The defendants agreed to provide production of

ESI for three of the five custodians, claiming that the information sought from the remaining two custodians would be cumulative.  The court granted the plaintiff's  motion to compel, holding that discovery from the remaining two custodians should be provided without regard to the fact that the information obtained from them would be duplicative of the information provided by the three defendants who agreed to comply.  In this case, ITG's objection to the Peace Bird defendants' document Requests was not based upon a refusal to provide the documents in the possession of their custodian, but on the simple basis that what was being asked for had already been produced three months earlier. There was but one custodian of the ITG records with respect to the sales transactions involved in this case.  The documents provided to the Peace Bird defendants were provided as the result of a search conducted by that custodian. (Plaintiff's Compliance With Its Discovery Obligations, p. 2; Janiec Decl at ¶¶ 8 *et seq*)  ITG's objection was not based upon a refusal to comply, but rather upon the Peace Bird defendants' failure to review that which had already been provided to them.   There is nothing in *Thomas* that holds to the contrary.

In further support of their argument for disclosure beyond that which is permitted by the FRCP, the Peace Bird defendants embrace the Convention On Contracts for the International Sale of Goods ("CISG"). (Brief In Support, ECF Doc. No. 32-1, at p. 9)  First, it is noted that, notwithstanding the CISG, under the broad discovery rules of the FRCP, a party is entitled to disclosure of all relevant information that is in the possession of the other party – there is no dispute concerning that concept. The CISG, however, does not expand the scope of what is discoverable but, permits more of what is discovered to be considered by the trier of fact.  Neither the CISG, nor the FRCP, permit unduly repetitive discovery demands for documents that have already been provided.  Second, it is interesting to note that while the Peace Bird defendants have previously

denied the applicability of the CISG to this case (See Complaint ¶1, ECF Doc. No.1; Answer & Counterclaims, ¶ 1, ECF Doc. No. 9) they have now apparently conceded its applicability.

In the absence of a showing by the Peace Bird defendants that there are relevant documents that have not been produced, and for which they can provide a factual basis to believe that additional documents actually do exist, the motion by the Peace Bird defendants for orders with respect to documents Requests Nos. 8, 10, 11, 13, and 70, should be denied.

**Document Requests Nos. 50 and 51.**

The Peace Bird defendants Requests For Documents Nos. 50 and 51 are similar in nature with each providing search terms and requesting a search for electronically stored information. (RFD No. 50 , RFD No. 51) ITG objected to neither Request.  ITG responded to RFD No. 50 by referring the Peace Bird defendants to documents that were Bates stamped numbers XIAMENITG000895 to XIAMENITG001005; and, to RFD 51 by referring the Peace Bird defendants to Bates stamp numbers XIAMENITG001006 to XIAMENITG001062, both  as being a sequence of documents being provided in response to RFD Nos. 50 and 51.  Additionally, since the documents provided in ITG's initial disclosures may have also contained responsive documents, those documents were also referenced.  (RFD 50) (RFD 51)

The Peace Bird defendants raised identical objections to ITG's responses to RFD Nos. 50 and 51 complaining that ITG's responses did not identify the specific responsive documents (Appx. C, PB Ltr. RFD 50, 51).  In response to the Peace Bird defendants' objections, ITG explained that the searches that were conducted for documents that were responsive to RFD Nos. 50 and 51 used the search terms provided, and the results were the documents identified by the Bates Stamp references provided in ITG's responses to RFD Nos. 50 and 51. ITG even provided illustrations to the Peace Bird defendants as to where the documents containing the requested

search terms could be found within the documents that were identified by Bates stamp number reference.  In so doing, ITG noted that it could only provide the documents requested but that it was up to the Peace Bird defendants to review them. (Appx. D, ITG Ltr. RFD Nos. 50, 51)

The Peace Bird defendants now argue that for "Plaintiff to claim that '[d]ocuments responsive to this Request may be found' somewhere amongst the 800 unspecified documents in their production is grossly insufficient." (Brief In Support, ECF Doc. No. 32-1 at p. 10) Plaintiff's argument in this regard is, at best, misleading because it is based upon a partial quote from plaintiff's responses to RDF Nos. 50 and 51.  As noted, ITG provided specific Bates document references as to where the documents responsive to RFD No. 50 and 51 could be found. (RFD 50) (RFD 51)

The Peace Bird defendants inferentially challenge the good faith nature of the search that was made by ITG for materials responsive to Requests Nos. 50 and 51.  Although no authority is needed to support the proposition that discovery – on both sides – must be conducted in a good faith manner, they cite *Metro. Opera Ass'n. Inc..v. Local 100, Hotel Employees & Res. Employees Int'l Union*, 212 FRD 178, 214 [S.D. N.Y. 2003] as reinforcing the view that a responding party must conduct a good faith search for responsive materials. The facts of *Metro Opera Ass'n, Inc*. are entirely inapposite to those found in this litigation. In that case, counsel's conduct, in the words of the court, "transcended . . . even Rambo litigation tactics," by the "unfortunate combination of lawyers who completely abdicated their responsibilities under the discovery rules . . . ."  Such certainly was not the case here, and ITG flatly rejects any inference intended by the Peace Bird defendants to the effect that ITG has conducted discovery in this case in any manner other than in good faith.

8

Next, the Peace Bird defendants cite *Family Wireless #1. LLC v Auto. Techs., Inc.*, 2016 WL 3911870, at *4 [D. Conn. 2016], and cite its holding with respect to the discovery of text messages as requiring a sworn verification from each custodian describing the search conducted. *Family Wireless* involved a factual situation that is also inapposite to the facts of this case, in which the court crafted a remedy to clarify a response to a request that required the production of text messages, in which the responding party stated "some parties do not communicate at all by text message; some do not use text messaging 'in any way that would be relevant to the litigation or discovery requests[;]' " and "[t]hose who had relevant text messages provided them to counsel." The need for clarification was undoubtedly amplified by the fact that there were 38 separate plaintiff corporations and their representatives who were not identified in counsel's response (*Family Wireless #1. LLC v Auto. Techs., Inc.*, 15-cv-01301, Complaint CM ECF Doc. No. 1)

In this case, there is one plaintiff and two employees who were involved in the sales transactions with the Peace Bird defendants and, one of those employees was the custodian and charged with the responsibility for keeping the records for each of the sales transactions between the parties.  With respect to the negotiation of the sales contracts and advances agreed to be paid by ITG, the text messages with respect to those transactions have been searched for and provided. (See, Plaintiff's Compliance With Its Discovery Obligations, p. 2; Janiec Decl. ¶ 11)

**Document Request No. 52.**

RFD No. 52 sought production of documents that "reflect" the relationship between ITG and any sellers of the goods at issue in this case.  ITG objected on the grounds of relevance and that the Request was over broad in seeking information regarding entities that are not parties to the litigation and were not parties to the sales transactions between the parties. The Peace Bird defendants took the position that the relationship of ITG to the sellers of the goods that ITG sold

to the defendants was relevant and calculated to lead to the discovery of evidence. (Appx. C, PB Ltr. July 10, 2020 RFD No.52)   In response, ITG questioned the relevance of a seller's relationship with its supplier in a case where the seller brought suit against its purchaser to collect the agreed-upon purchase price of the goods that were sold by the seller to the purchaser. (Appx. D, ITG Ltr. August 24, 2020)   ITG's question has gone unanswered.  Instead, in support of their motion to compel a response to RFD No. 52, the Peace Bird defendants state that the documents being sought involve unspecified "issues in the case" citing ITG's purported overabundance of goods which somehow "caused them to make misleading statements" to the Peace Bird defendants "in order to persuade them to get involved in large shipments." Additionally, the Peace Bird defendants allege that "some of the goods were defective and resulted in chargebacks." (Brief In Support, ECF Doc. No. 32-1 at p. 11)

"Information is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action' " (*Am. Fedn. of Musicians of the United States and Can. v Sony Music Entertainment, Inc.*, 2016 WL 2609307, at *4 [S.D. N.Y. 2016] quoting Fed.R.Evid. 401). " '[R]elevance' has been broadly interpreted to include 'any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.[']" *Blackrock Allocation Target Shares: Series S Portfolio v Bank of New York Mellon,* 2018 WL 2215510, at 6 [S.D N.Y. 2018] quoting *Gilani v. Hewlett Packard Co.*, 2017 WL 4236564 at *1 [S.D. N.Y. 2017], quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 [1978].  The determination of relevance is a two-step process in which the requesting party has the initial burden of demonstrating the possibility of relevance sufficient to warrant disclosure. (*Condit v Dunne*, 225 FRD 100, 105-06 [S.D. N.Y. 2004]; *Blackrock Allocation Target Shares: Series S Portfolio*, 2018 WL 2215510 at 6.)

The Peace Bird defendants have failed in meeting their burden to demonstrate the possibility of relevance of the documents demanded in their RFD No. 52. Each contract between the parties contained terms with respect to the amount due for each sales transaction and, a "ship-by" date, which was a date by which ITG was required to ship the purchased items from any port in China to, in the majority of instances, Mexico. According to the parties' written agreements, the sales were on an "OA 180 days" basis, meaning that payment was not due from the Peace Bird defendants until 180 days had passed from the date of the shipment. (ITG's Complaint, ECF Doc. No. 1, at ¶¶6-19 and, *e.g.* ¶¶ 20-35)

In the five counterclaims and claims of the Peace Bird defendants, as best as can be understood, the Peace Bird defendants allege that damages were sustained by them when ITG purportedly breached an agreement with them to pay the customs fees, duties, and taxes that were due with respect to 28 of the 45 sales transactions (no distinction is drawn by the Peace Bird defendants between those shipments for which ITG agreed to advance customs fees, duties, and taxes and those shipments for which it did not). (Answer To Complaint, Counterclaim/Claims, ECF Doc. No. 9, at ¶¶ 41-94, p.51 *et seq.*) In the Peace Bird defendants' Sixth, Twenty Seventh, and Twenty Eighth Separate Defenses, they respectively alleged the delivery of non-conforming goods to them by plaintiff (*Id.* at pgs.39, 41), and that they seasonably rejected non-conforming goods that they had received from plaintiff (*Id.* at p.42).

In requesting the production of documents that "reflect the relationship" between ITG and its source(s) for the goods that were the subjects of the sales transactions that are at issue in this case (RFD No. 52), the Peace Bird defendants have failed to demonstrate the relevance of their Request. They were not in privity with any of the manufacturers of the fabrics/textiles sold to them by ITG. Any liability to the Peace Bird defendants for the shipment of non-conforming goods

11

(if indeed there were any such non-conforming goods), would fall squarely on the shoulders of ITG and not the manufacturers of the goods in question.  The Peace Bird defendants have still not answered the question asked of them on July 10, 2020, on behalf of ITG. (Appx. C, PB Ltr. July 10, 2020 RFD No.52) Accordingly, the Peace defendants' motion to compel a further response to their Request For Documents No. 52 should be, in all respects, denied.

**Document Requests Nos. 33, 34, and 37.**

The Peace Bird defendants assert that Document Requests Nos. 33, 34, and 37 "are specifically tailored to Plaintiff's conduct in this case and ***its general practice*** of failing to timely pay duties, taxes and customs which caused significant harm to Defendant/Joinder Claimants" (emphasis added) (Brief in Support, ECF Doc. No. 32-1 at p. 12).  Unfortunately, such a statement not only plays fast and loose with the truth, it completely disregards the truth.

Request No. 33 sought the production of documents that "reflect goods sold and/or transported by Plaintiff where the customs fees, duty, and taxes were not paid in the last five years. Request No. 37 sought the production of documents that "reflected where goods were seized and/or delayed by customs in the last five years."  ITG responded to both Requests by stating that it was not "currently in possession of any documents of the type described in this Request" and to the extent that the Request was intended to encompass shipments other than those related to the Peace Bird defendants, any such production was objected to on the grounds of relevance. (RFD Nos. 33, 37)

Request No. 34 sought the production of statements of "any accounts used to pay customs, duties or taxes . . . for the goods at issue in this case."  ITG responded by referring the Peace Bird

defendants to a sequence of documents in the discovery material it had provided by reference to Bates numbers XIAMENITG000848-857. (RFD No. 34)

With respect to Request No.34, the Peace Bird defendants admit to receiving "only [ ] a few documents," which they dismissively describe as being "written in another language, regarding 'Internet Payment Advice' for one of their financial institutions," and then complain that "[p]laintiff has made no attempt to acquire the requested bank transactions requested" further demanding that plaintiff identify the accounts it used to make the payments on behalf of the Peace Bird defendants. (Brief In Support, ECF Doc. No. 32-1, at p. 12)

Once again, the unsupported claims of the Peace Bird defendants fall prey to reality. The "few documents" that the Peace Bird defendants refer to dismissively are actually 7 in number and, consist of transaction reports issued by the Bank of China evidencing a transfer of money by plaintiff from its account at the Bank of China to the beneficiaries nominated by the Peace Bird defendants, in varying amounts, together totaling, US$1,051,000, which transaction reports provide the date of the transfer, the account from which the money was paid, and the account into which the money was deposited on behalf of, and at the instruction of, the Peace Bird defendants. As might be expected, in transactions involving Chinese companies, the transaction reports are in the Chinese language, but the Submitting Date, the Transaction Date, the Printing Date, the amount transferred, and the account numbers of the payor, and of the payee-beneficiaries are easily discernable from a review of each document.  Moreover, the Peace Bird defendants have had these documents since June 4, 2020, and, have had more than ample time to obtain at least a verbal a translation of the documents had they had a desire to do so.  As equally unsurprising is the fact that many transactions in international commerce are done over the internet so the fact that the transaction reports that are titled as "BOC Internet Banking Payment Advice" is not surprising.

13

(Janiec Decl. ¶ 11) (Although it is not relevant to this motion, the Peace Bird defendants have refused attempts by ITG to obtain an accounting of the $1,051,000 in funds paid on their behalf by ITG.)

In support of their Request for the production of documents related to ITG's purported non-payment of customs fees, duties and taxes, the Peace Bird defendants have manufactured a claim that this purported failure to pay was part of a specific pattern of conduct that was engaged in by ITG, where, for some reason, apparently unrelated to any notion of sound business practice, ITG is alleged to have agreed to pay the customs' fees, duties, and taxes on behalf of its customers and then default in making those payments. (Brief In Support, ECF Doc. No. 32-1, at p. 13) How a business practice of this nature could possibly be profitable to ITG has yet to be explained. The Peace Bird defendants have offered no proof to substantiate their claim that any such a practice on the part of ITG to withhold promised payments actually exists or ever existed. Accordingly, since ITG has represented that it is not in possession of any documents of the type described in RFD Nos. 33 and 37, and since ITG has provided all of the documents responsive to RFD No. 34, the Peace Bird defendants' motion to compel with respect to these document Requests should be, in all respects, denied.

**Document Request No. 58**.

In document Request No. 58, the Peace Bird defendants requested "any invoices, billing notes and/or proof of payment of any attorneys' fees and costs being sought in this case. In support of its motion to compel, the Peace Bird defendants assert that they should not be required to wait for a court ruling to procure this "important discovery." They argue that ITG's counsel's billing records are needed "to prepare for the defenses associated with the relief sought." (Brief In Support, ECF Doc. No. 32-1, at p. 14)

14

In response, ITG objected to the Request as being premature at this stage of the proceedings as the court has not entered an order granting or denying any motion for counsel fees that might be made.  The parties have not changed their respective positions with respect to this Request.

**DocumentRequestNo72.**

In document Request No. 72, the Peace Bird defendants request copies of "all bank statements for all bank accounts held by Plaintiff from January 1, 2016 and continuing to the present."  ITG's response to RFD No. 72 was that it sought information that was not proportional to the needs of the case, that it is not relevant to either parties' claims or defenses, nor is it calculated to lead to the discovery of such information, contains confidential information, is overbroad, too burdensome to answer and is intended to harass or annoy ITG.  ITG further reserved whatever right it might as a state-owned entity to object to disclosure. (ITG Resp. RFD No. 72) In subsequent exchanges between the parties, the Peace Bird defendants asserted that the requested records may contain evidence material to the claims and counterclaims in this case; that the Request was not overbroad as it relates only to the issues in this case; and that it was relevant as it tended to prove or disprove the allegations of the complaint. (Appx.C. PB Ltr. RFD No. 72) In support of their motion to compel a response to Request No. 72, the Peace Bird defendants assert way more than the production of the bank records could ever provide. (Brief In Support, ECF Doc. No. 32-1, at p. 14).

ITG's position with respect to RFD No. 72 is simply stated.  As contrasted to the Peace Bird defendants, whose pleadings put their financial condition directly in issue, ITG's  financial condition is not in issue, and production of its banking records should be denied.

15

**The Peace Bird Defendants' Requests For Interrogatories.**
**(Responding to Point III of the Peace Bird defendants' Brief In Support of Motion to Compel.)**

**Interrogatories Nos. 1 and 2.**

In the Peace Bird defendants' Requests For Interrogatories ("RFI") No. 1, ITG was requested to provide the "name and address of each PERSON  who has knowledge of any facts which may be relevant to this lawsuit . . . as well as the substance of each PERSON"S knowledge." (emphasis in original) (Appx. B, RFI No.1) In response, as it did in its initial disclosures, ITG provided the names and addresses of ITG employees Lifang Wang and Shufen Jiang. Additionally, ITG objected to RFI No. 1 as being premature to the extent that it called for the names of the individuals who worked for the entities that were involved in the shipping of the purchased items, and with respect to those entities pointed out that their names could be found in the documents provided by ITG. (ITG Resp. RFI No.1; see also, Janiec Declaration at ¶ 8)

In response to the Peace Bird defendants' concerns, ITG re-stated its response and requested a further explanation from the Peace Bird defendants as to why they felt  its answer to FRI No. 1 was not responsive[1]. (Appx. D, ITG Ltr. RFI No.1)

In this motion to compel, the Peace Bird defendants argue that: "it is not premature for Plaintiff to identify all individuals including non-parties that are believed to have knowledge of the case." (Brief In Support ECF Doc. No. 32-1, at p.16-17).  The Peace Bird defendants seem to

---

[1] In ITG's August 24, 2020 letter to counsel, the Peace Bird defendants were advised that the name of another former employee of ITG. who may have some knowledge of the sales transactions, had become known,  In preparing ITG's response to this motion to compel it was, for the first time, noticed that the name that was provided, Feng Xu, was incorrect.  Feng Xu was involved in the sales transactions on the part of the Peace Bird defendants.  The correct name of the former ITG employee is Weiman Bai, and available contact information will shortly be or has been provided to the Peace Bird defendants.  It is noted that the Peace Bird defendants included Mr. Bai in their initial disclosures along with his contact address.

base their argument that ITG has somehow not adequately responded to RFI No.1 on the premise that all of the people in the supply chain are people who have to be disclosed in connection with RFI No.1. This premise is wrong. As explained, ITG does not know the names of the individuals, as it dealt with the entities for whom these individuals worked. There are, in fact, only two or three people who were principally involved in the sales transaction from ITG's perspective, and those people have now been identified. ITG maintains that it has completely and fully responded to RFI No.1 and has provided the names of those whom it knows have first-hand knowledge of the sales transactions involved in this case.

In RFI No. 2, the Peace Bird defendants requested the identity of "all officers, shareholders, and directors, and all persons owning a beneficial interest in Plaintiff from January 1, 2013 to the present." In Response, ITG objected to RFI No. 2 as seeking information that was not relevant to any parties' claims or defenses and, provided print-outs obtained from the ITG website that provided information about ITG and its organizational structure. In response, the Peace Bird defendants countered with a re-assertion of their belief that the requested information was relevant and that ITG's reference to Bates stamped documents numbered 1 through 665 was not responsive. (Appx. C, PB Ltr. RFI No.2) ITG noted that its response was, in fact, specifically directed to plaintiff's Bates numbered documents XIAMEN ITG000666 - 667, which provided the printouts from the ITG website. (Appx. D, ITG Ltr. RFI No.2)

In its motion to compel, the Peace Bird defendants argue that the identity of the corporate officers is relevant: (1) because they are witnesses; and (2) "since the company's connection with the CCP renders any arbitration finding from China unenforceable." (Brief In Support, ECF Doc. No. 32-1, at p.17)

As noted in the first of the two documents provided to the Peace Bird defendants in response to RFI No. 2,, ITG was established in1980, has been listed on the Shanghai Stock Exchange since 1998, as a "Forbes Global 2000," "Top 100 China Listed Companies," "Top 500 Asian Brand," and a "National Contract Abiding and Trustworthy Enterprise. (Janiec Decl. at ¶ 7, Ex. A, ITG Website "About Us" – Bates document No. XiamenITG000666)  To insist on ITG having to provide a list of its shareholders, if possible, would be burdensome way beyond the needs of this case.  (The Shanghai Stock Exchange lists ITG as having 1,870.97M shares outstanding,  https://www.cnbc.com/quotes/755-SZ.)   ITG's website also provided the Organizational Structure of ITG. (*Id.* at XiamenITG000667) Absent a showing by the Peace Bird defendants that the identities of the officers, shareholders and directors, and all persons owning a beneficial interest in plaintiff from January 1, 2013 to the present, participated in any of the sales transactions involved in this case, ITG should not be required to provide the Peace Bird defendants the list demanded.

The Peace Bird defendants' further argument that it was entitled to the identities of the ITG executives because of the company's "connection with the CCP render[ing] any arbitration finding from China unenforceable," simply makes no sense.  First, none of the contracts for the sales transactions involved in this case have arbitration clauses and, there is no claim made in this action to enforce the arbitration wards that have been entered against the Peace Bird defendants in China. Second, it is unquestionably not the law that arbitration awards entered in favor of a Chinese state-owned company are not enforceable in the United States.  Foreign arbitration awards are enforceable under the Federal Arbitration Act (9 USC §§201, 207), which incorporates the provisions of the New York Convention on the Recognition of Foreign Arbitral Awards (*China Minmetals Materials, Ltd. v Chi Mei*, 334 F.3d 274, 279 [3rd Cir. 2003]).  The United States and

the People's Republic of China are both signatories to the Convention (*General Elec. Co. v Deutz*, 270 F3d 144, 154 [3rd Cir 2001] citing 21 U.S.T. 2517, TIAS No. 6997; (9 USC §§201-208)  The Peace Bird defendants have cited no authority to support their clearly frivolous position.

The motion by the Peace Bird defendants to compel a further response to RFI Nos. 1 and 2 by ITG should be denied.

**Interrogatory No. 14.**

In RFI No. 14 the Peace Bird defendants asked ITG to "[i]dentify any other customers and/or possible entities which were *interested* in purchasing goods from you from January 1, 2013 to the present and the amounts that each entity was seeking to purchase."  (emphasis added) In response, ITG objected to RFI No. 14 "on the grounds that it seeks information that is not proportional to the needs of the case; that is not relevant to either parties' claims or defenses;  that it is overbroad, too burdensome to answer; and, that it is intended to harass or annoy plaintiff." (*Id.*) The Peace Bird defendants took issue with ITG's response, arguing that the information requested was necessary because it may hold facts that may disprove the allegations in the claims and counterclaims and, was not meant to harass ITG but to fulfill the Peace Bird defendants' fact finding mandate during the discovery phase of this litigation. (Appx. C, PB Ltr. RFI No. 14)  ITG disagreed and provided no further information. (Appx. D, ITG Ltr. RFI No.14)

In support of their motion to compel a response from ITG to RFI No. 14, the Peace Bird defendants argue: (1) the witnesses are relevant to a pattern of conduct "whereby Plaintiff "strong-arms" smaller companies by failing to pay duties, taxes, and customs; and 2) because Plaintiff purportedly told the Peace Bird defendants that it had no other customers willing to purchase the large quantity of goods that Plaintiff had available. (Brief In Support, ECF Doc. No. 32-1, at p. 18)

In the first instance, a review of the Peace Bird defendants' 35  affirmative defenses and the counterclaims/claims reveals that there are no allegations to the effect that ITG engaged in a "pattern of conduct" or any conduct that one might expect to fall within the category of "strong arming." (ECF Doc No. 9) Second, the language of Request No. 14 seeks the identity of customers who were "interested" in purchasing goods from ITG. How ITG was able to "strong arm" customers who were merely "interested,"  but apparently were not purchasers, is beyond ITG's understanding.  The explanation provided by the Peace Bird defendants in support of their motion is transparently born out of a need to provide a reason for insisting upon a response to RFI No. 14. Indeed, the very premise upon which the Peace Bird defendants' argument is based, namely, that somehow ITG lures its customers into buying merchandise and then does not pay the agreed upon customs fees, duties. and taxes, is illogical.  As discussed in response to RFD No. 34, such a business practice makes absolutely no business sense.

The motion by the Peace Bird defendants to compel a further response to RFI No. 14 should be denied.

**Interrogatory No. 37.**

In RFI No. 37 the Peace Bird defendants request "the name, location, and telephone number (sic) all non-parties or individuals involving (sic) the shipping of goods and/or the payment of duties, customs and/or taxes related to these goods."  In response ITG objected to this Interrogatory as being vague and ambiguous and over broad in its scope, in that it calls for the identity of non-parties who in some undefined way were involved in the shipping of the goods or the payment of the various fees related to certain of the transactions.  ITG complained that without identifying the nature or the degree of the involvement that would bring someone within the scope of this Interrogatory, it is impossible to answer.  (*Id.*)  In subsequent communications between the parties

20

concerning RFI No. 37, the Peace Bird defendants voiced their disagreement with ITG's objections and further accused ITG of being insincere in its answer because "Plaintiff has often cited substantial portions of the discovery it provided to answer analogous Interrogatories that sought analogous answers." (Appx. C, PB Ltr, at RFI 37) ITG expressed its willingness to discuss providing the information being sought upon the preparation by the Peace Bird Defendants of a list of the categories of non-parties or individuals who were involved in the shipping of the goods. (Appx. D, ITG Ltr. at RFI 37)

In support of their motion to compel, the Peace Bird defendants expressed their disagreement with ITG, and asserted that the RFI No. 37 was not vague, ambiguous and overbroad. (Brief In Support, ECF Doc. No. 32-1, at p. 18-19) As ITG stated in its initial response, it does not have knowledge of the information being requested, in that it could not provide the names of the non-party individuals involved. The names of the entities on whose behalf the individuals involved in the shipping of the purchased items acted, were made known in the shipping documents that were provided. From the financial transaction documents that were produced to the Peace Bird defendants on June 4, 2020, one can determine, among other things, the name of the payor bank, the name of the beneficiaries who were designated by the Peace Bird defendants and who received payments on behalf of the Peace Bird defendants. To the extent available, the requested information was provided, and the Peace Bird defendants' motion to compel a further response to RFI No. 37 should be denied.

**Interrogatory No. 6.**

In RFI No. 6 the Peace Bird defendants have asked plaintiff to do the impossible, namely, to "[s]tate in detail, not in summary fashion, all verbal communications with any party to this lawsuit or non-party with respect to the subject matter of this lawsuit . . . " (RFI No. 6) In response,

21

ITG objected to Interrogatory No. 6 and explained that the verbal communications were incidental to the sales transactions and were not recorded in any manner, making it impossible to provide the detail required by this interrogatory. (ITG Resp. RFI No. 6)

In support of their motion to compel, the Peace Bird defendants have inaccurately labeled as an "outrageous claim," ITG's correct observation that the term "verbal communication" was not a defined term in the Peace Bird defendants' Requests for Interrogatories. (Brief In Support, ECF Doc. No. 32-1 at p. 19-20)  In the heat of their argument, however, the Peace Bird defendants overlook that in its response, ITG defined its understanding of the term to refer to "oral communications between the parties," and proceeded to respond to RFI No. 6 with that definition in mind.  Concern by ITG over the definition of the term "verbal communications" was occasioned by the inconsistent internal wording of RFI No.6 which, on the one hand, asked for "verbal communications" to be stated in detail, and then in the same Interrogatory, asked for the details of whom the "said communication were sent" and "the substance of said communication." (RFI No.6) These conflicting expressions required a definition of the premise upon which the response was being made. There were 45 separate sales transactions involved in this case, to ask for detailed recitation of unrecorded conversations that took place in 2016-2017 is asking a question that cannot be answered.  Recollections of conversations are best tested through the use of depositions, and the Peace Bird defendants will be afforded an opportunity to do so.

Lastly, while ITG welcomes the apparent concession by the Peace Bird defendants that the CISG applies to this case, as previously noted, the CISG does not expand the scope of permissible discovery it only allows for the use of parol evidence to explain the terms of a contract or the dealings between the parties. (See, RFD No. 70, discussion CISG).

22

**Interrogatories Nos. 20 and 29.**

In RFI No. 20**,** the Peace Bird defendants requested ITG to set forth in detail the "containment [understood to mean container] number, estimated date of delivery, the date when the goods arrived, the date when all such customs, duties and/or taxes were to be paid and the date when all such customs, duties or taxes were paid." (RFI No. 20). In response to this Interrogatory, ITG did not dispute the discoverability of the requested information and, once again noted that in its February 14, 2020 initial disclosures it had provided documents which contained the information available to plaintiff, and which provided most, if not all, of the information requested by the Peace Bird defendants.  In addition, and in response to RFI No. 20, ITG provided an Excel spreadsheet which provided a breakdown of the information requested by this interrogatory that was based upon the documents being provided.  (ITG Resp. RFI No. 20)  The Peace Bird defendants complained that the information provided did not include all of the information requested by Interrogatory No. 20  (Appx. C, PB Ltr. RFI 20).  In their motion to compel, the Peace Bird defendants state that plaintiff has failed to provide information about the goods, the container number, the date of delivery, when the goods arrived, the date customs and duties were to be paid and when they were paid.

In the documents produced by ITG, information identifying the goods shipped, the container number, the dates when the US$1,050,000 in payments were made by ITG on behalf of the Peace Bird defendants to pay customs fees, duties,  and taxes were disclosed.  ITG is not in possession of the dates on which the customs fees were to be paid.  As a matter of course, and in the absence of a complaint that shipped goods had not been delivered, and since ITG's contracts all contained "Ship-By" dates, ITG did not keep records for all delivery dates for all of the shipments to the Peace Bird defendants.  Whatever records exist concerning the delivery dates

have been provided to the Peace Bird defendants.  Since the Peace Bird defendants have now for the first time claimed that some or all of the deliveries were not made, attempts to join issue over which deliveries are claimed to have not been made have been unsuccessful and is a subject of ITG's motion to compel (See, ITG's Memorandum In Support of ITG's Motion to Compel, ECF Doc. No. 27-9, at p. 13 *et seq;* See also, Janiec Decl. ¶¶ 14-15)

**Interrogatory No. 21.**

     In response to RFI No. 21, ITG noted that the documents produced in its initial disclosures on February 14, 2020 provided all of the information requested by the Peace Bird defendants except as to plaintiff's cost of goods sold. With respect to plaintiff's costs for the items that it sold to defendants, ITG objected on the grounds of relevance.(ITG Resp. RFD No. 21)  In their motion to compel, the defendants complain that the information with respect to plaintiff's costs is relevant to damages, arguing that plaintiff's cost of goods sold is somehow relevant to the loss caused to the Peace Bird defendants as the result of the purported seizure of some of those goods as being "one factor in determining the value of the goods that were purportedly seized."  (Brief In Support, ECF Doc. No. 32-1, at p. 22)

     Since ITG has provided the information requested by RFI No. 21, and information with respect to the cost to ITG of the goods it sold to the Peace Bird defendants is irrelevant, the Peace Bird defendants' motion with respect to RFI No. 21 should, in all respects, be denied.

**Interrogatory No. 23.**

     RFI No. 23 asked ITG to set forth in detail all goods that were subject to any arbitration and the specific rulings made by the arbitrator related to those goods. (RFI No. 23)   Although none of the sales contracts in this case have arbitration clauses,  ITG's response referred the Peace

Bird defendants to pages XIAMENITG000671A to XIAMENITG000847 of ITG's June 4, 2020, document production which consisted of certified copies of the arbitral awards entered against each of the Peace Bird defendants with respect to shipments made by ITG to them.  The arbitral awards were provided in both, the original Chinese language followed by a certified English translation of each award. The Peace Bird defendants objected to ITG's response as failing to provide a detailed description of the information requested in Interrogatory No. 23 and took the position that providing copies of the awards on which the interrogatory was based was somehow non-responsive, apparently because it actually required the Peace Bird defendants to read the documents that had been provided. (Appx. C, PB Ltr. RFI No. 23) The Peace Bird defendants' motion to compel with respect to RFI No. 23 should be, in all respects, denied.

### The Peace Bird Defendants' Requests For A Meet-and-Confer.
### (Responding to Point IV of the Peace Bird defendants' Brief In Support of Motion to Compel.)

ITG takes no position with respect to this branch of the Peace Bird defendants' motion to compel.  ITG will produce one or both of the witnesses identified by it in its Initial Disclosures and in response to Interrogatory No.1 and requests the Peace Bird defendants to do likewise.  ITG is requesting at least that Brian Wu and Feng Xu be produced as witnesses to testify on behalf of the Peace Bird defendants.  Had this subject been addressed prior to including it in a motion to compel it would have undoubtedly could have been resolved without the need for judicial intervention.

### CONCLUSION

The motion by the Peace Bird defendants to compel the further production of documents from plaintiff, ITG, to Requests For Documents Nos. 8, 10, 11, 13, 33, 34, 37, 50, 51, 52, 58, 70

and 72, and further responses from plaintiff ITG to Requests For Interrogatories Nos. 1, 2, 6, 14, 20, 21, 23, 29 and 37 should be, in all respects denied, together with such other and further relief as the court may deem necessary and proper in the premises.

Respectfully submitted,

John J. Janiec
Law Office for John J. Janiec
261 Madison Avenue – Fl 12
New York, New York 10016
(212) 629-227
E-mail: jjaniec@jjjlawoffice.com

*Attorney for Plaintiff,*
*Xiamen ITG Group Corp. Ltd.*

26

# APPENDIX A

John J. Janiec
Law Office of John J. Janiec
261 Madison Avenue, Fl 12
New York, New York 10016
Tel: (212) 629-0027
Fax: (646) 589-0499
E-mail:  jjaniec@jjjlawoffice.com

*Attorney for Plaintiff*

<div align="center">

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

</div>

-------------------------------------------------------

| | | |
|---|---|---|
| **XIAMEN ITG GROUP CORP., LTD.,** | : | **Civil Action No.: 19-cv-6524 (DLI)(SLT)** |
| **Plaintiff,** | : | |
| *-against-* | : | **EXCERPTED PORTIONS OF:** |
| **PEACE BIRD TRADING CORP.,** | : | **PLAINTIFF XIAMEN ITG GROUP CORP.,** |
| | | **LTD.'S RESPONSES AND OBJECTIONS** |
| **Defendant, and** | : | **TO DEFENDANT AND COUNTERCLAIM** |
| | | **PLAINTIFFS' FIRST SET OF DOCUMENT** |
| **XING LIN (USA) INTERNATIONAL** | : | **DEMANDS.** |
| **CORP., and CRYSTAL VOGUE INC.,** | | |
| | : | |
| **Counterclaim Plaintiffs,** | | |
| | : | |

-------------------------------------------------------

**REQUEST NO. 8**:

*Documents, emails (with attachments), text messages and/or notes referring or relating to any written or oral communications between any defendant, third party plaintiff and plaintiff.*

**RESPONSE TO REQUEST NO. 8**:

Assuming that the reference to third party-plaintiff is a reference to counter-claim plaintiffs, plaintiff objects to this Interrogatory on the grounds that it is duplicative of that which is requested by defendant's and counter-claim plaintiffs' preceding Request No. 7.  Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of

documents numbered as XIAMENITG000001 – 665,  and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to these document requests, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional disclosure of the type requested is necessary to resolve the issues involved in this litigation, following a meet-and-confer where appropriate search terms are discussed, plaintiff would be pleased to conduct such further search as may be necessary.

**REQUEST NO. 10**:

*Documents, emails (with attachments), text messages and/or notes reflecting, referring or relating to negotiations between any of the parties.*

**RESPONSE TO REQUEST NO. 10**:

Plaintiff objects to this Interrogatory on the grounds that it is duplicative of that which is requested by defendant's and counter-claim plaintiffs' preceding Requests No. 7 and 8.  Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665,  and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to these document requests, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional disclosure of the type requested is necessary to resolve the issues involved in this litigation, following a meet-and-confer

2

where appropriate search terms are discussed, plaintiff would be pleased to conduct such further search as may be necessary.

## REQUEST NO. 11:

*Documents, emails (with attachments), text messages and/or notes relating to any payments sent to any party, including but not limited to, checks, invoices and statements and any documents that reflect the payment terns and any guaranties of payments.*

## RESPONSE TO REQUEST NO. 11:

Plaintiff objects to this Interrogatory on the grounds that it is duplicative of that which is requested by defendant's and counter-claim plaintiffs' preceding Requests No. 7, 8 and 10. Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665,  and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to these document requests, are believed to be responsive to this Request.  If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional disclosure of the type requested is necessary to resolve the issues involved in this litigation, following a meet-and-confer where appropriate search terms are discussed, plaintiff would be pleased to conduct such further search as may be necessary.

## REQUEST NO. 13:

*Copies of any and all documents and correspondence by and between Plaintiff or anyone acting on his behalf, and any Defendant or Third Party Plaintiff, and anyone acting on any defendant's behalf, as they relate to the facts and allegations at issue in the pleadings.*

**RESPONSE TO REQUEST NO. 13**:

Plaintiff objects to this Interrogatory on the grounds that it is duplicative of that which is requested by defendant's and counter-claim plaintiffs' preceding Requests No. 7, 8, 10 and 11. Plaintiff objects to this Request on the grounds that it is over broad, burdensome, not proportional to the needs of this case, and duplicative, in that the production of documents that were previously provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosure of documents numbered as XIAMENITG000001 – 665, and the additional documents of the type described that are being provided in plaintiff's responses to defendant's and counterclaim-plaintiffs' First Set of Interrogatories, and elsewhere in response to this document request, are believed to be responsive to this Request. If after a review of all the documents provided, defendant and counterclaim-plaintiffs are of the view that additional disclosure of the type requested is necessary to resolve the issues involved in this litigation, following a meet-and-confer where appropriate search terms are discussed, plaintiff would be pleased to conduct such further search as may be necessary.

**REQUEST NO. 33**:

*Documents that reflect goods sold and/or transported by Plaintiff or any agent of Plaintiff where the customs, duty and or taxes were not timely paid in the last five years.*

**RESPONSE TO REQUEST NO. 33**:

Plaintiff is currently not in possession of any documents of the type described in this Request, and to the extent that this Request seeks the production of documents related to any persons or entities who are not parties to this litigation plaintiff objects to this Request on the grounds that such Request is not relevant to the claims and defenses of any party to this litigation, nor is it calculated to lead to the discovery of such evidence.

**REQUEST NO. 34**:

Copies of the statements of any accounts used to pay custom s, duties or taxes, and/or Customs Processing Fee for the goods at issue in this case.

**RESPONSE TO REQUEST NO. 34**:

Documents reflecting the date on which payments were advanced by plaintiff to pay customs fees, duties, and taxes on behalf of defendant and counterclaim plaintiffs may be found at XIAMENITG000848-857.

**REQUEST NO. 37**:

Documents that reflect goods sold and/or transported by Plaintiff or any agent of Plaintiff where the goods were seized and/or delayed by customs in the last five years.

**RESPONSE TO REQUEST NO. 37**:

Plaintiff is currently not in possession of any documents of the type described in this Request, and to the extent that this Request seeks the production of documents related to any persons or entities who are not parties to this litigation plaintiff objects to this Request on the grounds that such Request is not relevant to the claims and defenses of any party to this litigation.

**REQUEST NO. 50**:

A search of the electronic documents and/or emails for the following words:  Peace Bird, Xing Lin, LDP Mexico, Brian Wu, Crystal Vogue, Wen Yi ("Brian") Wu, JACE Importacion, Yang Min, Feng X, NYK Line, Nippon Yesen Kasisha, , NYK Group and/or NYK Line, E-Sky AMS, Nigbo Q&R International Logistic Co., Ltd., Jindalai Mexico S.A. DE C.V – Consinee, Cixi Dexin Import and Export Co., Ltd., Logistica IGC, S.A. DE C.V., Dollar General, Brown & Joseph, LLC, Sinotrans NINGBO Intl Cntr Tran Co., Ltd. Importaciones Zeyer S.A DE C.V., Manufacturera CORA SA de RL DE CV, FC Felhaber & Co., Inc., Eurybia Logistics, Inc., Bon Voyage Logistics, Inc. Hapag-Lloyd.

**RESPONSE TO REQUEST NO. 50**:

Documents responsive to this Request may be found at XIAMENITG000895 to XIAMENITG001005, and in XIAMENITG000001 to XIAMENITG000894.

**REQUEST NO. 51**:

Any emails with the following email addresses:  Fengxu88888@gmail.com, JACEIMPORT@outlook.com,  A.Balcarar48@hotmail.com,

*Notifications1@jidalamexico.com.mx*, *Eleven20080404@163.com*, *dep19@ahcof.com*, *operacion@impormx.com.mx*, *Jtaxier@dollar-general.org*, *Jaceimport@outlook.com*, *Yannie6884562@gmail.com*, *xiangdongxm@163.com*, *ken8483527@gmail.com*, *964895151@qq.com*, *Jaijang1995@163.com*

**RESPONSE TO REQUEST NO. 51**:

Documents responsive to this Request may be found at XIAMENITG001006 to XIAMENITG001062 and in XIAMENITG000001 to XIAMENITG000894.

**REQUEST NO. 52**:

*Entity Documents, contracts emails., notes, and/or letters that reflect the relationship between Plaintiff and any sellers of the goods at issue in this case including but limited to, AHCOF Industrial Development Co., LTD.*

**RESPONSE TO REQUEST NO. 52**:

Plaintiff objects to this Request on the grounds that is seeks the production of documents that are not relevant to the claims and defenses of any of the parties, nor is it calculated to lead to the discovery of any such information.  Plaintiff further objects on the grounds that this Request is overbroad in seeking information regarding entities which are not parties to the litigation between the parties and who were nor involved in the sales transactions between the parties.

**REQUEST NO. 58**:

*Any invoices, billing notes and/or proof of payment of any attorneys fees and costs being sought in this case.*

**RESPONSE TO REQUEST NO. 58**:

Plaintiff objects to this Request on the grounds that it is premature at this stage of the proceedings, invoices, billing notes, costs  and all other relevant information will be provided to defendant and counterclaim plaintiffs at the time that the Court enters an order granting plaintiff an award of reasonable counsel fees and costs in this case.

**REQUEST NO. 70**:

*Provide copies of all communications between any employee, shareholder, director, person or entity holding a beneficial interest of Plaintiff concerning the goods and/or orders and/or contracts at issue in this case.*

6

**RESPONSE TO REQUEST NO. 70**:

Plaintiff objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case, that is not relevant to either parties' claims or defenses, contains confidential information, nor is it calculated to lead to the discovery of such evidence, is overbroad, too burdensome to answer, and intended to harass or annoy plaintiff.

**REQUEST NO. 72**:

*Provide copies of all bank statements for all bank accounts held by Plaintiff from January 1, 2016 and continuing to the present.*

**RESPONSE TO REQUEST NO. 72**:

Plaintiff objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case, that is not relevant to either parties' claims or defenses,  nor is it calculated to lead to the discovery of such information, contains confidential information, is overbroad, too burdensome to answer, and intended to harass or annoy plaintiff.  Plaintiff also reserves the right to assert any privilege against disclosure that may be available to it as a state owned enterprise of the People's Republic of China.

# APPENDIX B

John J. Janiec
Law Office of John J. Janiec
261 Madison Avenue, Fl 12
New York, New York 10016
Tel: (212) 629-0027
Fax: (646) 589-0499
E-mail:  jjaniec@jjjlawoffice.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------

**XIAMEN ITG GROUP CORP., LTD.,**    **:**    Civil Action No.: 19-cv-6524 (DLI)(SLT)

      **Plaintiff,**    **:**

      *-against-*    **:**       **EXCERPTED COPY**

**PEACE BIRD TRADING CORP.,**    **:**    **PLAINTIFF XIAMEN ITG GROUP
CORP., LTD.'S RESPONSES AND**

      **Defendant, and**    **:**    **OBJECTIONS TO DEFENDANT AND
COUNTERCLAIM- PLAINTIFFS'**

**XING LIN (USA) INTERNATIONAL**    **:**    **FIRST SET OF INTERROGATORIES**
**CORP., and CRYSTAL VOGUE INC.,**

         **:**

      **Counterclaim Plaintiffs,**

         **:**

-------------------------------------------------------

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**<u>INTERROGATORY NO. 1:</u>**

     *State the name and address of each PERSON who has knowledge of any facts which may be relevant to this lawsuit and include the name, address and telephone number of the witness as well as the substance of each PERSON'S knowledge.*

**<u>RESPONSE TO INTERROGATORY NO. 1:</u>**

     The names of persons known to plaintiff at this stage of the proceedings who have

knowledge of any facts which may be relevant to this lawsuit are:

Lifang, Wang
Xiamen ITG Group Corp. Ltd.
Unit 2801
Guomao Centre, No. 4688
Xianyue Road, Huli District

Xiamen City, China 361016

Lifang, Wang is the General Manager of the business of ITG that is the subject matter of this litigation, and in that position is responsible for communications regarding the business, including the determination of contract terms.

Yufen Jiang
Xiamen ITG Group Corp. Ltd.
Unit 2801
Guomao Centre, No. 4688
Xianyue Road, Huli District
Xiamen City, China 361016

Yufen Jiang is the document manager for documents related to trading and is responsible for the making of documents related to the trading, transportation, and payments due and made with respect to trading transactions.

Plaintiff objects to this Interrogatory as being premature in nature as discovery has not been conducted and the identities of all persons acting on behalf of defendant and counterclaim-plaintiffs, or who otherwise have knowledge of the transactions alleged in this lawsuit are at present unknown to plaintiff, with the exception of Brian Wu and Feng Xu, and as to those persons the requested contact information is presently unknown. The names of the shipping companies utilized in each of the transactions alleged in this litigation can be determined from the Bills of Lading which were included along with plaintiff's initial disclosures which were provided to defendant and counterclaim-plaintiffs on February 14, 2020, as documents numbered XIAMENITG000001 to XIAMENITG000665. Plaintiff also objects to the form of this Interrogatory as being vague and ambiguous to the extent that it can be read to equate a person having knowledge of a fact, circumstance, event, or transaction, as having been a witness to the occurrence of that fact, circumstance, event, or transaction. If, after further discovery additional information that is responsive to this Interrogatory becomes known, plaintiff will supplement or

2

amend its answer to this Interrogatory within a reasonable time after such information becomes known to plaintiff.

## INTERROGATORY NO. 2:

*Identify all officers, shareholders, and directors, and all persons or entities owning a beneficial interest in Plaintiff from January 1, 2013 to the present and . (sic)*

## RESPONSE TO INTERROGATORY NO. 2:

Plaintiff objects to this Interrogatory in that it seeks information that is not relevant to any party's claims or defenses, nor is it reasonably calculated to lead to the discovery of information that is relevant to any party's claims or defenses.  Subject to plaintiff's objection, information about plaintiff and its organizational structure is contained in the accompanying documents XIAMEN ITG000666 -667 (Source: http://www.itg.com.cn/en/company.aspx , last accessed May 19, 2020).

## INTERROGATORY NO. 6:

*State in detail, not in summary fashion, all verbal communications with any parties to this lawsuit or non-party with respect to the subject matter of this lawsuit, including the date said communication took place; to whom said communication was sent; by whom said communication was sent; and the substance of said communication ; and IDENTIFY and attach hereto any DOCUMENTS related to your answer to this Interrogatory.*

## RESPONSE TO INTERROGATORY NO. 6:

Plaintiff objects to this Interrogatory as being overbroad, burdensome and vague and ambiguous, and to the extent that it requires plaintiff to "state in detail, not in summary fashion, all verbal communications," thus framing a request that cannot be answered. The term "verbal communications" is not defined, and for purposes of interpreting this Interrogatory is understood by plaintiff to refer to oral communications between the parties. Verbal communication between representatives of plaintiff and defendant and counterclaim-plaintiffs, if any, were incidental to the sales transactions, were not stenographically or electronically recorded, nor were verbatim diary entries made concerning these conversations, making it impossible to provide the "detail" and the

3

date that the requested "detailed" conversations took place, as demanded by this Interrogatory. Absent a recorded record of any conversation it is impossible for a detailed record to be sent any person, and there are no documents stating in detail, the verbal communications between the parties. The documents provided to defendant and counterclaim-plaintiffs along with plaintiff's initial disclosures and in response to these interrogatories and in response to defendant and counterclaim-plaintiffs' document requests are sufficient to provide the substance of the interactions between the parties.

**INTERROGATORY NO. 14 :**

*Identify any other customers and/or possible entities which were interested in purchasing goods from you from January 1, 2013 to the present and the amounts that each entity was seeking to purchase.*

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not proportional to the needs of the case; that is not relevant to either parties' claims or defenses; that it is overbroad, too burdensome to answer; and, that it is intended to harass or annoy plaintiff.

**INTERROGATORY NO. 20 :**

*Set forth in detail each item, containment (sic) number, estimated date of delivery, the date when the goods arrived, the date when all customs, duties and/or taxes were to be paid and the date when all such customs, duties and/or taxes were paid, for the goods at issue in this case and/or all of the goods identified in all the pleadings in this case.*

**RESPONSE TO INTERROGATORY NO. 20:**

In lieu of a written response to this Interrogatory, and in addition to documents previously provided along with plaintiff's initial disclosures, and accompanying plaintiff's responses to these Interrogatories plaintiff is providing in Excel format a file named "Excel Spreadsheet No. 1." Excel Spreadsheet No. 1 provides the information requested by this Interrogatory. with the burden of extracting the answers from the document being provided substantially the same for either party.

4

.**INTERROGATORY NO. 21** :

*Identify the specific items that were shipped in each item number, contained (sic) number and the cost expended by Plaintiff for those goods.*

**RESPONSE TO INTERROGATORY NO. 21:**

In lieu of providing a written answer to this Interrogatory, plaintiff refers to the documents previously provided to defendant and counterclaim-plaintiffs on February 14, 2020 as  part of plaintiff's Initial Disclosures Pursuant to Fed. Civ. P. 26 (a)(1)(A) (Documents numbered: XIAMENITG000001 to 665). These documents included the written agreements between the parties for all of the claims alleged in the parties' pleadings; the bills for lading for the goods shipped for all of the claims alleged in the parties' pleadings; the packing lists for the goods shipped for all of the claims alleged in the parties' pleadings; and, the commercial invoices for the goods shipped under all of the claims alleged in the parties' pleadings. Some of the answers requested by this Interrogatory can be determined by a review of these records, with the burden of obtaining the answers from the documents provided being substantially the same for either party. Plaintiff objects to this Interrogatory to the extent that it seeks to determine "the cost expended by Plaintiff for those goods" as seeking information that is not relevant to either parties' claims or defenses.


**INTERROGATORY NO. 23** :

*Set forth in detail all goods that were subject to any arbitration and the specific rulings made by any arbitrator related to those goods.*


**RESPONSE TO INTERROGATORY NO. 23:**

In lieu of providing a written answer to this Interrogatory, plaintiff refers to documents being provided along with plaintiff's answers to these Interrogatories as XIAMENITG000671-

847, the said documents being true copies of the arbitral awards dated March 10, 2020, in the original Chinese language followed by an English language translation. that were entered following arbitration proceedings that were held before China International Economic and Trade Arbitration Commission, which involved plaintiff as the Applicant and defendant, Peace Bird Trading Corp., and counterclaim-plaintiffs,  Xing Lin (USA) International Corp. and Crystal Vogue, Inc., as Respondents ([2020] Z.G.M.Z.J.C.Z. Nos. 0317,0318 and 316, respectively).  The answer to the inquiries made by this Interrogatory can be determined by a review of these awards, with the burden of obtaining the answers from the documents provided being substantially the same for either party.

**INTERROGATORY NO. 37** :

*Identify by name, location, and telephone number all non-parties or individuals involving the shipping of the goods and/or the payment of duties, customs and/or taxes related to those goods.*

**RESPONSE TO INTERROGATORY NO. 37:**

Plaintiff objects to this Interrogatory as being vague and ambiguous and over broad in its scope, in that it calls for the identity of non-parties who in some undefined way were involved in the shipping of the goods or the payment of the various fees related to certain of the transactions. Without identifying the nature or degree of the involvement that would bring someone within the scope of this Interrogatory, it is impossible to answer.  In any event, plaintiff is without any knowledge concerning the identities of non-parties who may have been involved in the shipping of the goods or the processing of the payments made by it on behalf of defendant and counter-claim plaintiffs.

# APPENDIX C

(ARCHER & GREINER LETTERHEAD)

July 10, 2020

**VIA EMAIL AND REGULAR MAIL**

John J. Janiec, Esq.
Law Office of John J. Janiec
261 Madison Avenue, Fl 12
New York, NY 10016
Tel: (212) 629-0027
Fax: (646) 589-0499
E-mail: jjaniec@jjjlawoffice.com

Re:        ***Xiamen ITG Group., LTD., v. Peace Bird Trading Corp. et al.***

           **Civil Action No.: 19-cv-6524 (DLI)(SLT)**

           **Our File No.: PEA074.00801**

           **Discovery Deficiency Letter**

Dear Mr. Janiec:

       As you are aware, this firm represents Defendant Peace Bird Trading Company ("Defendant") and Counterclaim Plaintiffs, Xing Lin (USA) International Corp. and Crystal Vogue, Inc. (collectively "Counterclaim Plaintiffs") in connection with the above-captioned matter.

       We are in receipt of the responses of Plaintiff Xiamen ITG Group Corp., LTD ("Plaintiff") to Defendant and Counterclaim Plaintiffs' discovery requests. The discovery responses are substantially deficient and must be supplemented. Below, a number of deficiencies have been noted, of which Defendant and Counterclaim Defendants request be cured within fourteen (14) days. Please accept this letter as a good faith attempt to resolve this discovery dispute.

   At the outset, the general problems with your client's responses are as follows:

☐ The First Set of Interrogatories and First Request for Documents are inundated with responses or answers that predominately cite to broad ranges of Bates Stamped documents that your client provided in discovery. These answers and responses are at best incomplete and deficient.

July 10, 2020
Page 2

- The First Set of Interrogatories are also inundated with responses or answers which cite to a discreet range of Bates Stamped documents provided by Plaintiffs in discovery, but do not give the requisite detail elicited by the Interrogatory. Again, these answers and responses are at best incomplete and deficient.

- The responses to the First Request for Documents and First Set of Interrogatories are also inundated with responses that appear to be non-responsive to the request they are purported to respond to. Particularly, it appears Plaintiff is attempting to hide behind the faux veil of the "vague and ambiguous objection," and the like, and the feigning of the lack of understanding of the definition of terms that are terms of art native to the practice of Plaintiff's business in this case as reason to not respond to document requests.

The following are deficient in your client's discovery responses.

**Plaintiff Xiamen ITG Group Corp., LTD.'S Responses And Objections To Defendant And Counterclaim-Plaintiffs' First Set Of Interrogatories**

**Interrogatory No. 1:** This Interrogatory seeks the name and address of each Person who has knowledge of any facts which may be relevant to this lawsuit and include the name, address and telephone number of the witness as well as the substance of each Person's knowledge.

It appears that Plaintiff has refused to answer responsively by citing the names of Lifang Wang and Yufen Jiang and objecting that this interrogatory is "premature." Perplexingly, Plaintiff cite a range of Bates Stamped documents as having names of others who have knowledge relevant to this lawsuit. Though your client refers to documents Bates Stamp Numbers 1 through 665, this answer is not fully responsive. Your client has failed to provide the detail demanded in this Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 2:** This Interrogatory seeks the identity of all officers, shareholders, and directors, and all persons or entities owning a beneficial interest in Plaintiff from January 1, 2013 to the present. Plaintiff responded with an objection that this interrogatory is not relevant.

Clearly, this interrogatory is relevant. And, your client's objection is wholly without merit. The Interrogatory seeks the factual basis for your clients' claim, which is relevant to the case and to Defendants' defense, and is certainly within the purview of F.R.C.P. 33(a)(2). Defendants and Counterclaim Plaintiffs have determined that this Interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Moreover, though your clients again refer to documents Bates Stamp Numbers 1 through 665 to supplement, this answer is not fully responsive. Your client has failed to provide the information elicited by this Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 4:** This interrogatory seeks Plaintiff to set forth in detail the computation of damages and all categories of damages asserted by Plaintiff in this case.

2

July 10, 2020
Page 3

Though your client refer to documents Bates Stamp Numbers 668 through 671, this answer is not fully responsive. Your client has failed to provide a detailed description of the basis for such calculation and set forth the basis for any liquidated damages and/or interest. Kindly ask your client to supplement this answer.

**Interrogatory No. 6:** This Interrogatory seeks Plaintiff to detail, not in summary fashion, all verbal communications with any parties to this lawsuit or non-party with respect to the subject matter of this lawsuit, including the date said communication took place; to whom said communication was sent; by whom said communication was sent; and the substance of said communication; and Identify and attach hereto and Documents related to your answer to this Interrogatory.

Plaintiff objects that the interrogatory is overbroad, burdensome and vague and ambiguous. Clearly, this interrogatory is clear in its directive. Moreover, Plaintiff stating that any oral communications were incidental, not recorded and referring Defendant and Counterclaim Plaintiff to all the documents relinquished by Plaintiff in discovery is not responsive to the directive of this Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 7**: This Interrogatory seeks Plaintiff to indicate whether any Plaintiff or any of its subsidiaries and/or parent companies have been named as a party or offered testimony in any other case, and if so, Identify the Court and Docket Number; whether any Respondent was a Defendant, Plaintiff or Third Party Defendant in the case; whether any Plaintiff provided testimony in the matter in the form of trial testimony, deposition and/or a certification, and indicate the disposition of the matter.

It appears Plaintiff's answer is not fully responsive. Plaintiff's answer refers only to litigation in the United States. It is highly likely that your client has engaged in litigation in the country it is domiciled in and others it conducts business. To that end, kindly ask your client to supplement this answer.

**Interrogatories No. 9 & 10:** These Interrogatories seek Plaintiff to set forth all contracts and agreements between Plaintiff and any other party to this litigation and to identify the specific parties to each contract and/or agreement and the specific terms of any alleged contract and/or agreement.

Plaintiff incorporates its answer to Interrogatory 9 to its answer to Interrogatory 10. In doing so, objects that the interrogatory is duplicative because it calls for information allegedly already provided to Defendant and Counterclaim Plaintiffs. This objection is without merit. Moreover, though your client refer to documents Bates Stamp Numbers 1 through 665, this answer is not fully responsive. Kindly ask your client to supplement this response with the information these Interrogatories demand.

July 10, 2020
Page 4

**Interrogatory No. 12:** This interrogatory seeks Plaintiff to set forth in detail the circumstances surrounding and promises made prior to the execution of any agreement or contract between the parties. Plaintiff's answer is not responsive.

Plaintiff objects to the form of the interrogatory, which is not a recognized objection. Plaintiff further objects that this Interrogatory is vague and ambiguous in requesting unspecified detail. The point of discovery is fact-finding and rarely can a litigant narrow down to extreme detail as to circumstances not in the purview of the party requesting the information. Plaintiff then answers the obvious that agreements were exchanged between the parties and presumably reviewed by all parties prior to the execution by the parties. This is not the detail the Interrogatory demands. As such, kindly ask your client to supplement this answer.

**Interrogatory No. 14**: This Interrogatory seeks Plaintiff to identify any other customers and/or possible entities which were interested in purchasing goods from you from January 1, 2013 to the present and the amounts that each entity was seeking to purchase. Plaintiff objects on the grounds that this Interrogatory seeks information that is not proportional to the needs of the case; that is not relevant to either parties' claims or defenses; that it is overbroad, too burdensome to answer; and, that it is intended to harass or annoy Plaintiff.

This answer is not responsive as it uses non-meritorious objections as a shield. The request is proportional and is relevant as it seeks the identification of other entities or individuals which may hold facts that may prove or disprove allegations set forth in the claims and counterclaims in this case. Finally, this Interrogatory is not intended to harass or annoy, it is meant to aid Defendant and Counterclaim Plaintiff's counsel's fact-finding mandate during discovery. As such, kindly ask your client to supplement this answer.

**Interrogatory No. 15:** This Interrogatory seeks Plaintiff to identify whether Plaintiff or Plaintiff's agent has prepared a profit and loss statement, income statement or a balance sheet for its business operations from January 1, 2013 to present for Plaintiff. If so, identify the person(s) who prepared such reports and annex any report to the responses to this Interrogatory.

Plaintiff does not answer this Interrogatory and objects on the grounds that this Interrogatory seeks information that is not proportional to the needs of the case; that is not relevant to either parties' claims or defenses; that it is overbroad, too burdensome to answer; and, that it is intended to harass or annoy Plaintiff. Again, the request is proportional and is relevant as it seeks the identification of other agents who may hold facts that may prove or disprove allegations set forth in the claims and counterclaims in this case. Finally, this Interrogatory is not intended to harass or annoy, it is meant to aid Defendant and Counterclaim Plaintiff's counsel's fact-finding mandate during discovery. As such, kindly advise Plaintiff to respond to same.

**Interrogatory No. 20:** This interrogatory seeks Plaintiff to set forth in detail each item, container number, estimated date of delivery, the date when the goods arrived, the date when all customs, duties and/or taxes were to be paid and the date when all such customs, duties and/or

July 10, 2020
Page 5

taxes were paid, for the goods at issue in this case and/or all of the goods identified in all the pleadings in this case.

Though your clients cites Plaintiff's initial disclosures and Excel Spreadsheet 1, this answer is not fully responsive. Your client has failed to provide a detailed description of the information requested in the Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 21:** This Interrogatory seeks Plaintiff to identify the specific items that were shipped in each item number, container number and the cost expended by Plaintiff for those goods.

Yet again, though your client again refer to documents Bates Stamp Numbers 1 through 665, this answer is not fully responsive. Your client has failed to provide a detailed description of the information requested in the Interrogatory. Kindly ask your client to supplement this answer.

**Interrogatory No. 23:** This Interrogatory seeks Plaintiff to set forth in detail all goods that were subject to any arbitration and the specific rulings made by any arbitrator related to those goods.

First, though your client again refer to documents Bates Stamp Numbers 671A through 847, this answer is not responsive. Your client has failed to provide a detailed description of the information requested in the Interrogatory. Moreover, your client's directive to Defendant and Counterclaim Plaintiffs to seek the answer to this Interrogatory by reviewing awards in the cited arbitration is also not responsive. Kindly ask your client to supplement this answer.

**Interrogatory No. 27:** This Interrogatory seeks Plaintiff to set forth the customs, practices and procedures in the industry regarding the procedure for paying customs, duties and/or taxes in this case and/or for the import/export of the goods at issue in the case.

Firstly, objection to this Interrogatory to the extent that is suggests or implies that there are "customs, practices and procedures in the industry regarding the procedure for paying customs, duties and/or taxes" is not a recognized objection and is of no effect. Moreover, it appears Plaintiff refuses to answer the Interrogatory by inserting Plaintiff's own commentary as to the veracity to Interrogatory itself. As such, kindly ask your client to supplement this answer.

**Interrogatory No. 29:** This Interrogatory seeks Plaintiff to identify the dates when you contend the goods were to be delivered to Defendant/Third Party Plaintiffs.

At the outset, Plaintiff cites the non-existent objection to form. Plaintiff then refers to documents Bates Stamp numbered 1 through 665, this answer is not responsive. Your client has failed to provide a detailed description of the information requested in the Interrogatory. Kindly ask your client to supplement this answer.

July 10, 2020
Page 6

**Interrogatory No. 37:** This Interrogatory seeks Plaintiff to identify by name, location, and telephone number all non-parties or individuals involving the shipping of the goods and/or the payment of duties, customs and/or taxes related to those goods.

Plaintiff's answer is non-responsive. First, Plaintiff objects and feigns that this interrogatory is impossible to answer because this Interrogatory is vague, ambiguous and overbroad. Plaintiff next asserts that the scope is too large when in fact the scope is limited in the call of the Interrogatory. The Interrogatory limits the scope to the shipping of the goods that relate to this claim. Finally, its answer also appear insincere because Plaintiff has often cited substantial portions of the discovery it provided to answer analogous Interrogatories that sought analogous answers. As such, kindly ask your client to supplement this answer.

**Plaintiff Xiamen ITG Group Corp., Ltd.'s Responses And Objections To Defendant And Counterclaim Plaintiffs' First Set Of Document Demands**

**Request No. 8:** This request seeks a copy of all documents, emails (with attachments), text messages and/or notes referring or relating to any written or oral communications between any defendant, third party plaintiff and plaintiff.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 9:** This request seeks documents reflecting, referring or relating to any proposed, draft or actual contracts, agreements, addendums to contracts, modifications or releases between any party.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 10:** This request seeks documents, emails (with attachments), text messages and/or notes reflecting, referring or relating to negotiations between any of the parties.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

July 10, 2020
Page 7

**Request No.11:** This request seeks documents, emails (with attachments), text messages and/or notes relating to any payments sent to any party, including but not limited to, checks, invoices and statements and any documents that reflect the payment terms and any guaranties of payments.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 13:** This request seeks copies of any and all documents and correspondence by and between Plaintiff or anyone acting on his behalf, and any Defendant or Third Party Plaintiff, and anyone acting on any defendant's behalf, as they relate to the facts and allegations at issue in the pleadings.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 16:** This request seeks copy of any document or writing that you contend relates to or contains a statement against interest of any party. Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 20:** This request seeks any and all documents related to Your Affirmative Defenses and/or any other Defenses asserted in Your Answer to Counterclaims and/or Third Party Claims.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

July 10, 2020
Page 8

**Request No. 21:** This request seeks any and all documents related to any promises made by either party in this case.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 22:** This request seeks documents that reflect any Purchase Orders, letters of credit and/or any documents reflecting the ordering of manufacturing of goods at issue in this case.

Plaintiff fails to respond to this Demand, objecting that same is overbroad, vague, unduly burdensome, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff's objections have no merit. The Demand is limited to the manufacturing of goods at issue in this case and seeks information that has been deemed reasonably calculated to lead to the discovery of admissible evidence by my clients. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 26:** This request seeks documents, emails, text messages and/or notes reflecting any alleged damages being sought in this case.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 33:** This request seeks documents that reflect goods sold and/or transported by Plaintiff or any agent of Plaintiff where the customs, duty and/or taxes were not timely paid in the last five years.

Plaintiff fails to completely respond to this Demand, partially objecting that same is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff's objections have no merit. This Demand seeks information that has been deemed reasonably calculated to lead to the discovery of admissible evidence. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 37:** This request seeks documents that reflect goods sold and/or transported by Plaintiff or any agent of Plaintiff where the goods were seized and/or delayed by customs in the last five years.

Plaintiff fails to completely respond to this Demand. Plaintiff partially objects this Request is not relevant to the claims and defenses in this litigation if the same seeks the production of

July 10, 2020
Page 9

documents related to persons or entities not parties to this litigation. However, Plaintiff's objections have no merit. The Demand seeks information that has been deemed reasonably calculated to lead to the discovery of admissible evidence. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 38:** The request seeks documents, invoices and notes related to the shipment of any of the goods at issue in this case from a port in China.

Plaintiff fails to respond to this Demand, objecting that same is overbroad, vague, ambiguous to the extent the Request calls for the production of undefined "notes." However, Plaintiff's objection has no merit. The Demand clearly seeks "notes" that are a brief record of facts, topics, or thoughts, written down as an aid to memory in regards to the shipment of the goods at issue in this case from a port in China. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 39:** The request seeks importation documents related to the goods at issue in this case.

Plaintiff fails to respond to this Demand, objecting that this Demand fails to provide a definition of "importation documents." However, Plaintiff's objection has no merit. The Demand clearly seeks "importation documents" that may include a Bill of Entry; Commercial Invoice; Bill of Lading/Airway Bill; Import License; Insurance Certificate; Purchase Order/Letter of Credit; Technical Write-up, Literature etc. for Specific Good, if any; Industrial License, if any; Registration Cum Memnbership Certificate, if any; Test Report, if any; DEEC/DEPB /ECGC or any other documents for duty benefits; Central Excise Document, if any; and GATT/DGFT declaration. Therefore, kindly ask your client to respond to this Demand and to provide a privilege log if applicable.

**Request No. 50:** The request seeks a search of the electronic documents and/or emails for the following words: Peace Bird, Xing Lin, LDP Mexico, Brian Wu, Crystal Vogue, Wen Yi ("Brian") Wu, JACE Importacion, Yang Min, Feng X, NYK Line, Nippon Yesen Kasisha, , NYK Group and/or NYK Line, E-Sky AMS, Nigbo Q&R International Logistic Co., Ltd., Jindalai Mexico S.A. DE C.V – Consinee, Cixi Dexin Import and Export Co., Ltd., Logistica IGC, S.A. DE C.V., Dollar General, Brown & Joseph, LLC, Sinotrans NINGBO Intl Cntr Tran Co., Ltd. Importaciones Zeyer S.A DE C.V., Manufacturera CORA SA de RL DE CV, FC Felhaber & Co., Inc., Eurybia Logistics, Inc., Bon Voyage Logistics, Inc. Hapag-Lloyd.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

July 10, 2020
Page 10

**Request No. 51:** The request seeks Any emails with the following email addresses: Fengxu88888@gmail.com, JACEIMPORT@outlook.com, A.Balcarar48@hotmail.com,

Notifications1@jidalaimexico.com.mx, Eleven20080404@163.com, dep19@ahcof.com,

operacion@impormx.com.mx, Jtaxier@dollar-general.org, Jaceimport@outlook.com,

Yannie6884562@gmail.com, xiangdongxm@163.com, ken8483527@gmail.com, 964895151@qq.com, Jaijang1995@163.com.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive to this Demand. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 52:** The request seeks entity Documents, contracts emails, notes, and/or letters that reflect the relationship between Plaintiff and any sellers of the goods at issue in this case including but not limited to, AHCOF Industrial Development Co., LTD.

Plaintiff fails to respond to this Demand, objecting that same is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff's objections have no merit. The Demand is clearly relevant as it relates to the Plaintiff and sellers of the goods at issue in this case and seeks information that defendants have determined is reasonably calculated to lead to the discovery of admissible evidence. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 57:** The request seeks shipping container number, customer items, packing lists, shipping records referenced in the complaint.

Plaintiff objects and states this Request is burdensome and duplicative and simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive to this Demand. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 58:** The request seeks any invoices, billing notes and/or proof of payment of any attorney's fees and costs being sought in this case.

Plaintiff objects on the grounds that this Demand is premature at this stage. However, Plaintiff's objection has no merit. This alleged objection does not preclude Defendants and Counterclaim Plaintiffs from access to up to current invoices, billing notes and/or proof of payment of any attorney fees and costs being sought in this case. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

10

July 10, 2020
Page 11

**Request No. 59:** The request seeks documents, emails (with attachments), notes and/or letters that reference related to weights and measurements of the goods at issue in this case.

Plaintiff objects and states this Request is burdensome and duplicative and simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive to this Demand. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 61:** The request seeks any trust deeds and letter of instructions for the goods at issue in this case.

Plaintiff objects by stating this Demand is vague and ambiguous in that Plaintiff cannot determine the meaning of "trust deeds and letters of instruction." However, Plaintiff's objection has no merit. If there are no documents that are titled the same then just state that as your answer. Kindly identify with specificity the documents that are responsive to this Demand or indicate that no such documents exist.

**Request No. 64:** The request seeks any sales confirmation documents, collection deed trust documents and/or spreadsheets related to the goods at issue in this case.

Plaintiff objects by stating this Demand is vague and ambiguous in that Plaintiff cannot determine the meaning of "sales confirmation documents" and "collection deed trust documents." However, Plaintiff's objection has no merit. Plaintiff's objection has no merit. The term "sales confirmation documents clearly refer to any documents that confirm the sale or transfer of the goods at any time. In addition, the term "collection deed trust documents" refer to any documents with that title. If there are no such documents, just state the same. Moreover, it appears that Plaintiff believes a citation to "Excel Spreadsheet 1" is sufficient in response to this Demand but we need all the backup documents that were used to prepare the speadsheet. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 66:** The request seeks copies of all federal, state, and local income tax returns and/or tax returns filed in any other country including all schedules, for each of the Plaintiff for three years preceding, and each year from January 1, 2016 and continuing to the present.

Plaintiff objects citing this Demand seeks information that is not proportional, is not relevant, not calculated to lead the discovery of evidence, overbroad, too burdensome to answer and intended to harass and annoy Plaintiff. Plaintiff also reserved the right to assert any privilege against disclosure. Plaintiff's objections have no merit. The tax returns of Plaintiff may contain material evidence to the claims and counterclaims in this case. The Demand is proportional, non-overbroad, and not burdensome as the request limits the time horizon of the Demand. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

July 10, 2020
Page 12

**Request No. 67:** The request seeks copies of all documents concerning any advice, promises or representations given by Plaintiff to any party to this case.

Your client has failed to identify specific documents in response to this Demand. Instead, Plaintiff simply provides the range of Bate Stamped documents produced and refer to the entire body of discovery propounded by their counsel that may be responsive. Such a generic reference is non-responsive and inadequate. Kindly advise Plaintiff to identify with specificity the documents which are responsive to this Demand.

**Request No. 69:** The request seeks copies of all applications for loans, credit, or factoring agreements, and supporting documents submitted by Plaintiff to any person or entity for the three years preceding, and each year from January 1, 2016 and continuing to the present.

Plaintiff objects citing this Demand seeks information that is not proportional, is not relevant, not calculated to lead the discovery of evidence, overbroad, too burdensome to answer and intended to harass and annoy Plaintiff. Plaintiff also reserved the right to assert any privilege against disclosure. Plaintiff's objections have no merit. The copies of the discovery requested may contain material evidence to the claims and counterclaims in this case. The Demand is proportional, non-overbroad, and not burdensome as the request limits the time horizon of the Demand. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 70:** The request seeks copies of all communications between any employee, shareholder, director, person or entity holding a beneficial interest of Plaintiff concerning the goods and/or orders and/or contracts at issue in this case.

Plaintiff objects by stating this Demand seeks information that is not proportional to the needs of the case, that the scope and overbroad nature of the Request seeks the production of documents that are not relevant to either parties' claims or defenses, nor is it calculated to lead to the discovery of such evidence, is too burdensome to answer, and intended to harass or annoy plaintiff. The aforementioned objections by Plaintiff lack merit. Clearly, the requested discovery in this Demand may contain material evidence to the claims and counterclaims in this case. Moreover, the request is not overbroad as it seeks information that relates only to the issues in this case. Finally, this Demand is likely to be highly relevant as it contents may contain information that tends to prove or disprove the claims and counterclaims in this case. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

**Request No. 72:** The request seeks copies of all bank statements for all bank accounts held by Plaintiff from January 1, 2016 and continuing to the present.

July 10, 2020
Page 13

      Plaintiff objects by stating that this Demand seeks information that is not proportional to the needs of the case, that is not relevant to either parties' claims or defenses, nor is it calculated to lead to the discovery of such information, contains confidential information, is overbroad, too burdensome to answer, and intended to harass or annoy plaintiff. These objections are without merit. Clearly, the requested discovery in this Demand may contain material evidence to the claims and counterclaims in this case. Moreover, the request is not overbroad as it seeks information that relates only to the issues in this case. Finally, this Demand is likely to be highly relevant as it contents may contain information that tends to prove or disprove the claims and counterclaims in this case. Kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

      **Request No. 73:** The request seeks a copy of any contracts and/or agreements related to the Purchase Orders and/or goods at issue in this case between Plaintiff and any third party or nonparty.

      Plaintiff objects by stating this Demand is vague and ambiguous in that Plaintiff cannot determine the meaning of "contracts and/or agreements related to the Purchase Orders and/or goods at issue" in this case. It is clear, on its face that the term your client deems confusing to define relates to purchase orders and/or goods at issue in the instant case. Moreover, Plaintiffs also alleged the Demand seeks irrelevant information. This too lacks merit. The Demand itself clearly states the relevancy, as it seeks discovery relating to the goods or purchase orders at issue in this case. As such, kindly advise Plaintiff to identify with specificity the documents that are responsive to this Demand.

      Please accept this as a good faith attempt to resolve this dispute. Please provide the documents and information sought herein within fourteen (14) days of the date of this letter or we will have no choice but to address the issue with the Court at the appropriate time and seek an Order requiring the production of these documents and/or applicable sanctions. Please be guided accordingly.

      In addition to the above, we need to begin scheduling depositions. We have subpoenas still outstanding and we intend on serving more subpoenas outside the country. I suggest we jointly apply for additional time from the court to procure paper discovery and then we can schedule depositions thereafter. Otherwise, we should discuss when and in what forum depositions will occur.

      Thank you.Sincerely,

MICHAEL S. HORN

218875422v1

13

# APPENDIX D

# LAW OFFICE OF JOHN J. JANIEC

### ATTORNEY AT LAW

-

#### 261 MADISON AVENUE, FL 12
#### NEW YORK, NEW YORK 10016

—

#### TEL: (212) 629 - 0027
#### FAX: (646) 589 - 0499

MEMBER OF THE N.Y. AND N.J. BARS
E-MAIL: JJANIEC@JJJLAWOFFICE.COM

CHINESE LAW COUNSEL:
LIJUN DOU
LICENSED FOREIGN LEGAL PROFESSIONAL
MEMBER OF THE BAR OF:
THE PEOPLE'S REPUBLIC OF CHINA

August 24, 2020

*VIA Electronic Mail Only*
*mhorn@archerlaw.com*

Michael S. Horn
Archer & Greiner, P.C.
21 Main Street – Suite 353
Court Plaza South, West Wing
Hackensack, New Jersey 07601

Re: *Xiamen ITG Group Corp., Ltd. v. Peace Bird Trading Corp.,*
    *Crystal Vogue Inc. and Xing Lin (USA) International Corp. v.*
    *Xiamen ITG Group Corp., Ltd.*
    E.D. N.Y. Case No.: 19-cv-6524 (DLI) (SLT)

Dear Michael:

      This is in follow-up to our meet-and-confer telephone conference of July 31, 2020, in which we agreed to exchange further correspondence in an attempt to narrow the discovery issues that exist between us. My comments are first addressed to that portion of your letter dated July 10, 2020 which concerned plaintiff's responses to the First Set of Interrogatories served on behalf of your clients (referred to collectively as "the Peace Bird Defendants").

**Interrogatory No. 1**: This interrogatory called for the names of witnesses. In response, the names Lifang Wang and Yufen Jiang were provided. Plaintiff's response, apart from referencing Brian Wu and Feng Xu also cited to the documents produced by plaintiff with the explanation that those documents contained the names of the shipping companies utilized in each of the transactions. Since the preparation of Plaintiff's response, an individual by the name of Feng Xu, a former employee of plaintiff, has been identified as someone who may have knowledge of the facts underlying these transactions. To the extent that the Peace Bird Defendants feel that plaintiff's

2

response is somehow deficient, a further explanation as to the reason for their objection will be required.

**Interrogatory No. 2:** Plaintiff's objection to this Interrogatory was on the grounds of relevance. The Peace Bird Defendants assert that the information is relevant, and that the objection is without merit. In support of the claim to relevance, the Peace Bird Defendants claim that the Interrogatory seeks the factual basis for plaintiff's claim and because they have made the determination that the Interrogatory was reasonably calculated to lead to the discovery of admissible evidence. The Peace Bird Defendants further object to plaintiff's reference to documents Bates numbered 1 through 665. Plaintiff's reference was in fact to plaintiff's Bates numbered documents XIAMEN ITG000666-667, which provided a corporate profile and the organizational structure of plaintiff. Plaintiff does not agree that the names and identifying information concerning its shareholders, officers, and directors is by any measure relevant to the sale of fabrics by plaintiff to the Peace Bird Defendants.

**Interrogatory No. 4:** This interrogatory requested a detailed computation of damages and all categories of damages asserted by plaintiff in this case. The response referred to plaintiff's documents numbered XIAMENITG000668-671. The referenced document clearly provided all of the information requested by the Peace Bird Defendants. To the extent that the Peace Bird Defendants feel that plaintiff's response is deficient, a further explanation as to the specific reason(s) for their objection is required.

**Interrogatory No. 6:** This interrogatory asks plaintiff to state "in detail, not in summary fashion" all verbal communications with any party to this lawsuit . . ." For the reasons stated in response, plaintiff refers to its answer to this interrogatory, which explains why it cannot be answered.

**Interrogatory No. 7:** In their objection to plaintiff's answer to this interrogatory the Peace Bird Defendants seek to expand its scope, and requests information concerning any litigation in which plaintiff was named as a party, or offered testimony in any case worldwide in which it may have been involved. The request is predicated on the Peace Bird Defendants' belief that "it is highly likely" that plaintiff has engaged in such litigation. Absent a showing of some basis for this request other than a naked belief and an unsupported claim of relevance no further information in response to this interrogatory will be provided.

**Interrogatories Nos. 9 and 10:** In these related interrogatories the Peace Bird defendants requested the terms of any agreements and contracts between the parties (Interrogatory 9) and, all contracts and agreements between the parties, again asking for terms and the identities of the parties. In response, plaintiff referred to its document production of February 14, 2020, and the documents produced in response to the interrogatories and the Peace Bird Defendants' document requests (XIAMENITG000666 to XIAMENITG001062). The Peace Bird Defendants assert that plaintiff's objection to the effect that the information requested was provided in February was without merit, and that the reference to documents numbered 1 through 665 was not fully responsive. All of the contracts containing the terms and parties relating to the shipments alleged in the complaint and claims against the counterclaim-plaintiffs, Xing Lin (USA) International Corp. and Crystal Vogue, Inc. (hereinafter plaintiff's claims against all of the parties will be

referred to collectively as "the Complaint") were provided on February 14, 2020 in documents 1 through 665. Plaintiff, therefore, does not agree that its representation in this regard was without merit. The Peace Bird Defendants refer only to plaintiff's reference to documents 1 though 665 as being not fully responsive. Plaintiff would agree with this statement if its response was confined to the cited documents, however, plaintiff's response also included the cited documents by specifically stating that its response was, "along with the additional documents provided in response to these Interrogatories and in response to defendant and counterclaim-plaintiffs' first Set of Document Demands." All of these documents provided copies of what are believed to be all of the written contracts and agreements between the parties. As you know these documents were provided by plaintiff to the Peace Bird Defendants on June 4, 2020, and designated as Bates documents numbered XIAMENITG000666 to XIAMENITG001062.

**Interrogatory No. 12:** This interrogatory requests plaintiff to set forth in detail the circumstances surrounding and the promises made prior to the execution of any agreement or contract between the parties. Plaintiff's objection to this Interrogatory have been reviewed and agrees that additional detail which has become available will be provided. Plaintiff will serve a supplemental answer responsive to this Interrogatory.

**Interrogatory No. 14:** This interrogatory requests the identities of "any other customers and/or possible entities which were interested in purchasing goods from you from January 1, 2013 to the present and the amounts that each entity was seeking to purchase." Upon review of its answer, no further information in response to this interrogatory will be provided.

**Interrogatory No. 15**: This interrogatory seeks the disclosure of any profit and loss statement, income statement and balance sheets for plaintiff's business operations for the period January 12, 2013 to the present. Upon review, plaintiff restates its objections to this interrogatory. Plaintiff's financial position is not in issue in this case. The issues as alleged in the Complaint center around and involve the purchase of quantities of fabrics from plaintiff by the Peace Bird Defendants, the shipment of those fabrics by plaintiff, the delivery of the fabrics to the Peace Bird Defendants and their failure to pay plaintiff in accordance with the terms of their written agreements.

**Interrogatory No. 20:** This interrogatory requested plaintiff to "set forth in detail" certain information regarding the fabrics that were shipped in this case. Plaintiff's response included a reference to Excel Spreadsheet No. 1 which is believed to contain all of the requested information. The July 10th letter alleges a failure to provide a detailed description of the information requested. Plaintiff is willing to review its answer in connection with this interrogatory and requests that the Peace Bird Defendants describe the information that has not been provided but is included in the "detailed description" that they are seeking.

**Interrogatories Nos. 21 and 23:** These interrogatories seek identifying information with respect to each item that was shipped (Interrogatory No, 21) and all goods that were subject to arbitration (Interrogatory No. 23). In response to each interrogatory, plaintiff referred to the documents it produced as early as February 14, 2020 for the place at which the identifying information with respect to each item that was shipped could be found, and specifically to documents referenced as XIAMENITG000671A to 847 as the place where the goods that were subject to arbitration could

be found.  To supplement its answer to interrogatory number 23, plaintiff also references the documents provided by the Peace Bird Defendants to plaintiff which contain copies of the written agreements that contain arbitration clauses. Other than that supplementation, upon review of its answer, no further information in response to this interrogatory will be provided.

**Interrogatory No. 27:**  This interrogatory seeks plaintiff's opinion as to customs and practices in the industry regarding the payment of customs, duties and taxes.  Upon review of its answer, no further information in response to this interrogatory will be provided.

**Interrogatory No. 29:**  This interrogatory seeks the identification of the dates that the goods "were to be delivered" In response, among other things, plaintiff referred to the fact that the written agreements all contained "ship by" dates and did not provide for dates of delivery. Upon review of its answer, no further information in response to this interrogatory will be provided.  Plaintiff, however, with respect to the issue of delivery, suggests that the parties discuss the dates that the Purchased Items were delivered to see if an agreement can be reached with respect to when each of the parties maintains that the shipped goods reached the destination port(s).

**Interrogatory No. 37:**  Interrogatory No. 37 requests the identification of "all non-parties or individuals involving (sic) the shipping of goods and/or the payment of duties . . ."  Plaintiff has reviewed and stands by its response to this interrogatory.  However, with an eye on relevance, plaintiff is willing to discuss providing the information being sought upon the preparation by the Peace Bird Defendants of a list of categories of non-parties or individuals who were involved in the shipping of the goods.

**The Peace Bird Defendants' Document Requests.**

In connection with any of the Peace Bird Defendants' document requests, if it is felt that there are additional responsive documents/e-mails that have not been provided and that the Peace Bird Defendants have a basis to believe exist, upon the presentation of a written request identifying with specificity the document(s)/e-mail(s) being sought, by date, topic, author or any other identifying information which would assist in locating the materials requested, plaintiff is open to conducting a further search for the requested materials.

**Request No. 8:**  This Request sought the production of documents, e-mails, text messages between plaintiff and the Peace Bird Defendants.  Apart from the scope of this Request, plaintiff objected to it as being duplicative and burdensome in that it did not exclude from the categories of requested documents the documents that were provided by plaintiff to the Peace Bird Defendants on February 14, 2020, nor did it take into consideration the additional documents provided in response to the Request and designated as XAIMENITG000858-1062.  An objection is raised to what is referred to as a "generic reference" to documents as being an insufficient response.  If, by this objection the Peace Bird Defendants are seeking an individualized listing by document, topic and Bates reference number, the burdensome nature of this Request is demonstrated,  All of the documents believed to be responsive to this Request have been provided.  As offered in plaintiff's response to this Request, if, after a review of the documents provided, the Peace Bird Defendants are of the view that additional documents exist which have  not been provided, upon receipt of a

description of the material being searched for, plaintiff will conduct an additional targeted search for those documents.

**Request No. 9:**  Request No. 9 sought the production of documents relating to any proposed "draft or actual contract, agreements, addendums to contracts, modifications or releases between any party."  Again, plaintiff believes that this Request has been satisfied by its response which referred to its previous and its then current document production.  This view is supported by a simple application of the definitions contained in  the Peace Bird Defendants' First Set of Document Demands.  It is believed that all of the documents of the type described in Request No. 8 have been provided.  However, upon review, a further review will be made by plaintiff to determine if any draft copies of documents are in its possession.

**Request No. 10:**  The objection to this Request is that the Peace Bird Defendants take issue with what is termed as plaintiff's  "generic response," and further requests that plaintiff "identify with specificity the documents which are responsive to this demand."  First, the Request: "This Request seeks documents, e-mails (with attachments), text messages and/or notes reflecting or referring, or relating to negotiations between any of the parties."  Whether the definition of what constitutes a document that contained in the Local Civil Court Rules or the definition prescribed in the Peace Bird Defendants' document requests is applied, all of the material provided by plaintiff under Bates number XIAMENITG000001 to XIAMENITG001062 are documents that reflect, refer, or certainly relate to the negotiations between the parties.  Second, as this Request is duplicative of Requests No. 8 and 9, the same comments as made with respect to those Requests also apply.  However, to assist in the Peace Bird Defendants' review, reference is made to plaintiff's documents numbered XIAMENITG000858-890.   As with any Request, if the Peace Bird Defendants are of the view that documents exist that have not been provided, plaintiff would be happy to conduct a targeted search to determine if documents of the type described are in its possession.

**Request No. 11:**   Plaintiff's response to Request No  11 has elicited the same comments by the Peace Bird Defendants that were raised in connection Requests 8-10.  Upon review, plaintiff incorporates its earlier answers, specifically referring the Peace Bird Defendants to plaintiff's documents Bates numbered as XIAMENITG000848-894, believing this to be responsive to this Request.  Again, in the event that the Peace Bird Defendants are of the view that additional documents exist that have not been provided, upon presentation of a Request specifically identifying the documents or a descriptive category of documents being sought, a targeted search will be conducted by plaintiff to determine if the documents being requested are in its possession.

**Request No. 13:**  Request No. 13 is familiar in that it requests the production of documents that have already been provided.  Plaintiff incorporates its comments made with respect to Requests 8 through 11, specifically noting that in the event that the Peace Bird Defendants are of the view that additional documents exist that have not been provided, upon presentation of a Request specifically identifying the documents or a descriptive category of documents being sought, a targeted search will be conducted by plaintiff to determine if the documents being requested are in its possession.

**Request No. 16:** The Peace Bird defendants sought copies of documents containing statements against the interest of any party. Notwithstanding their objection to plaintiff's response, plaintiff is open to a discussion concerning the nature and type of document that is being sought by this Request, provided, of course that the Request does not require the production of documents that infringe on the protections of the attorney work product doctrine.

**Request No. 20:** This Request called for the production of documents "related to" plaintiff's affirmative defenses. Plaintiff's response correctly noted that all of the documents in the case that have been provided are "related to" the plaintiff's defenses. The Peace Bird Defendants allege their generic response to plaintiff's generic reference to the documents provided in response to this Request. Specifically, the decisions of the CIETAC arbitral panels are related to plaintiff's First and Second Affirmative Defenses; the written sales agreements and other agreements between the parties relate to plaintiff's Third Affirmative Defense; and, there are no documents in plaintiff's possession that relate to plaintiff's fourth through seventh affirmative defenses.

**Request No. 21:** "Any and all documents related to any promises made by either party in tis case." In response, plaintiff correctly stated that all of the documents produced by it are related to any promises made by either party in this case. The Peace Bird's Defendants object to plaintiff's response as being generic. Upon review plaintiff believes its response to this Request to be sufficient as each of the documents provided relate to the purchase by the Peace Bird Defendants of a quantity of fabrics from plaintiff, their promises to pay for those fabrics and plaintiff's shipment of those fabrics to the destinations provided for under the written agreements.

**Request No. 22:** As this Request is understood, it calls for documents relating to the purchase by plaintiff of the fabrics sold by plaintiff to the Peace Bird Defendants. The Peace Bird Defendants assert that this Request seeks information "deemed reasonably calculated to lead to the discovery of admissible evidence." Unless and until the showing of a factual basis is made as to how documents related to the fabrics purchased by plaintiff, for sale by plaintiff to the Peace Bird Defendants, is somehow relevant, no documents of the type described will be produced for the reasons stated in plaintiff's objections to this Request.

**Request No. 26:** Request 26 seeks "[d]ocuments. emails, text messages and or notes" reflecting any alleged damages being sought in this case. In response plaintiff referred to its entire document production as reflecting the damages being sought in this case, and specifically referencing XIAMENITG000668-670 as providing a specific breakdown of the damages being sought by plaintiff in this case. Upon review, plaintiff's response sufficiently addresses this Request.

**Requests Nos. 33, 37:** Upon review, plaintiff's responses sufficiently address these Requests which state that, as qualified, plaintiff is not in possession of any documents of the type described.

**Request No. 38:** This Request seeks invoices and undefined notes related to the shipment of the goods at issue in this case from any port in China. All of the invoices related to the goods shipped to the Peace Bird Defendants were provided in plaintiff's February 14, 2020 document production. Although the existence of notes related to the shipment of the goods at issue in this case is doubtful, plaintiff will conduct a review to determine if any "notes," as described in the comments of the Peace Bird Defendants, actually exist, and if so, will provide copies of those notes.

**Request No. 39:**  The Peace Bird Defendants objection to plaintiff's response explains the meaning of the term "importation documents." as that term is used in this Request.  It is noted that the Commercial Invoices, Bills of Lading, written Contracts were provided by plaintiff to the Peace Bird Defendants on February 14, 2020.  As to the balance of the documents included in the embrace of the "importation documents," although it is doubtful, plaintiff will conduct a review to determine if any "of the documents as described in the comments of the Peace Bird Defendants, actually exist, and if so, will provide copies of those documents.

**Request No. 50:**  This Request sought a search of documents and/or emails for the search words that were provided.  Plaintiff conducted the requested search and provided, by reference to the designated Bates  numbers a range of documents within which documents and/or emails containing the requested search terms could be located.  For example, documents containing the search term "Yang Min" may be found in, at least, Bates documents numbered XIAMENITG000018 and 000086; "JACE" in, at least, XIAMENITG000001, 000010, 000900; "Brian Wu" in, at least, XIAMENITG000390, 000434, 000441, 000868, 000876; and, so on for the balance of the search terms provided.  The Peace Bird Defendants' objection therefore is not well taken.  As previously mentioned, whether it be this Request, or any other Request that has been made, if it is felt that there are additional responsive documents/e-mails that have not been provided, that the Peace Bird Defendants have a basis to believe exist, upon the presentation of a written request identifying with specificity the document(s) or e-mail(s) being sought, by date, topic, author or any other identifying information which would assist in locating the materials requested, plaintiff is open to conduct a further search for the requested materials.

**Request No. 51:**  This Request sought a search for e-mails with e-mail addresses that were provided.  Plaintiff conducted the requested search and provided, by reference to the designated Bates  numbers a range of documents within which the emails containing the e-mail addresses requested could be provided.  The Peace Bird Defendants critique of plaintiff's response was that it was a generic reference which was both "non-responsive and inadequate."  Upon review, plaintiff's response is both responsive and adequate.  For example, one of the requested e-mail addresses was: [Fengxu88888@gmail.com](mailto:Fengxu88888@gmail.com).  Plaintiff's reference was to documents numbered XIAMENITG001006 to  XIAMENITG001062.  A review of those documents reveals that each an every document in that range was an e-mail in which the FengXu address appears.  Plaintiff can only provide the documents it is up to the Peace Bird Defendants to review them.

**Request No. 52:**  In the following scenario where a Seller sells goods to a Buyer, the goods are delivered to the Buyer, and the Buyer does not pay the Seller the agreed upon purchase price, which results in the Seller suing  the Buyer,  how is the Seller's relationship (whatever that means) with its source of the goods being provided relevant?  That is what is asked for in this Request.  Unless and until relevancy and how the requested information will lead to the discovery of admissible evidence is shown, plaintiff's answer to this Request will remain unchanged.

**Request No. 57:**  This Request seeks the "shipping container number, customer items, packing lists and shipping records referenced in the complaint."  The written sales agreements, packing lists, Bills of Lading and Commercial Invoices for each cause of action alleged in the complaint were all provided to the Peace Bird Defendants on February 14, 2020.  Unless it is claimed that

these documents were not received by the Peace Bird Defendants, it is incomprehensible as to why this request for documents that already had been provided was made on May 4, 2019 by the Peace Bird Defendants, and an objection raised on July 10, 2020, 5 months after these documents were provided to the Peace Bird Defendants.  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 58:**  This Request concerns the production of invoices and proof of payment for any attorney's fees that will be sought in connection with this case.  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 59:**  This Request sought documents, e-mails, notes related to the weights and measurements  of the goods at issue in this case.  The Bills of Lading, The Commercial Invoices, the Packing Agreements, the written agreements between the parties, the Letter of Payment Guarantees, all of the documents that have been provided by plaintiff in some way relate to the "weigh ts and measures" of the goods at issue in this case which were initially provided to the Peace Bird Defendants on February 14, 2020, as supplemented by the documents provided on June 4, 2020.  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 61:**  Plaintiff is not in possession of any documents related to this case which bear the title "Trust Deeds And Letter of Instructions."

**Request No. 64:**  This Request called for the production of "sales confirmation documents," "collection deed trust instruments," and/or spreadsheets related to the goods at issue in this case. Plaintiff objected to the undefined quoted terms and provided a spreadsheet identified as Excel Spreadsheet No. 1.  The Peace Bird Defendants have requested to be informed whether any documents that are titled as quoted exist, and to be provided with the backup documents to Excel Spreadsheet No. 1.  A request to plaintiff will be made to determine the existence of documents titled as quoted, and that a further search be made to determine whether the source documents to Excel Spreadsheet No. 1 have been provided, and to the extent all or some of those documents have not been provided their production will be forthcoming.

**Request No. 66:**  This Request asks plaintiff to provide all of its tax returns and schedules that were filed in any other country for the years January 1, 2016 to present.  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 67:**  The Peace Bird Defendants seek "documents concerning any advice, promises or representations given by Plaintiff to any party in this case."  Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 69:**  This Request seeks all applications for loans, credit or factoring agreements along with supporting documents made by plaintiff for the years January 1, 2016 to present. Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 70**:  This Requests seeks copies of communications between any employee of plaintiff, with any shareholder, director, or person or entity holding a beneficial interest in plaintiff concerning the goods at issue in this case. Upon review, plaintiff's response to this Request will

remain unchanged, however, although it is doubtful, an inquiry will be made to confirm that no documents of the type described exist.

**Request No. 72:**  The Peace Bird Defendants seek copies of all bank statements for all bank accounts held by plaintiff from January 1, 2016, to the present. Upon review, plaintiff's response to this Request will remain unchanged.

**Request No. 73:**  This Request first seeks "copies of contracts and/or agreements related to the Purchase Orders and/or goods at issue in this case."  It is believed that no Purchase orders were issued by the Peace Bird Defendants in this case.  It is requested that the Peace Bird Defendants inform plaintiff as to whether they contend that they issued Purchase Orders for all or a part of the sales transactions ins this case.  If a representation is made that such Purchase Orders have been issued, an inquiry will be made of plaintiff to provide whatever copies of the Purchase Orders that it may have in its possession.  Copies of all of the contracts related to the goods at issue in this case were provided in plaintiff's document production on February 14, 2020.  Additional agreements related to the goods at issue in this case were provided in plaintiff's document production of June 4, 2020, for sake of reference refer to documents XIAMENITG000858 through XIAMENITG000894.  With respect to that aspect of this Request which seeks the referenced contracts and agreements "between Plaintiff and any third-party or non-party," as the Request is understood, no such contracts exist.  Plaintiff only entered into agreements for the sale of the goods at issue in this case with the Peace Bird Defendants.

I am available at any time on Wednesday, Thursday or Friday of this week to discuss the remaining discovery issues that may exist between us, the proposed confidentiality agreement, and any other issues that either of us might to bring to the Court's attention in our submission of correspondence to the court.

Very truly yours,

John J. Janiec

cc: Xiamen ITG Group Corp., Ltd.

# APPENDIX E

**LAW OFFICE OF JOHN J. JANIEC**
**ATTORNEY AT LAW**
-
**261 MADISON AVENUE, FL 12**
**NEW YORK, NEW YORK 10016**
—
**TEL: (212) 629 - 0027**
**FAX: (646) 589 - 0499**

**MEMBER OF THE N.Y. AND N.J. BARS**
**E-MAIL: JJANIEC@JJJLAWOFFICE.COM**

**CHINESE LAW COUNSEL:**
**LIJUN DOU**
**LICENSED FOREIGN LEGAL PROFESSIONAL**
**MEMBER OF THE BAR OF:**
**THE PEOPLE'S REPUBLIC OF CHINA**

October 26, 2020

***VIA Electronic Mail Only***
*mhorn@archerlaw.com*

Michael S. Horn
Archer & Greiner, P.C.
21 Main Street – Suite 353
Court Plaza South, West Wing
Hackensack, New Jersey 07601

Re: *Xiamen ITG Group Corp., Ltd. v. Peace Bird Trading Corp., Crystal Vogue Inc. and Xing Lin (USA) International Corp. v. Xiamen ITG Group Corp., Ltd.*
E.D. N.Y. Case No.: 19-cv-6524 (DLI) (SLT)

Dear Michael:

I have reviewed the outstanding items in plaintiff's responses to the Peace Bird defendants' Interrogatories and the Requests for Documents which I agreed to review. With respect to Interrogatory No. 12, the additional detail requested by you may be found at XIAMENITG858-890. Since, as plaintiff requested, no further information has been provided by the Peace Bird defendants with the respect to the "detailed description" sought by them with respect to Interrogatory No. 20, plaintiff will assume that the descriptions provided in the written agreements, packing slips and commercial invoices are sufficient provide whatever further detail is sought by the Peace Bird defendants. Plaintiff's offer to discuss the delivery dates addressed in Interrogatory 29 has not been responded to by the Peace Bird defendants but, judging by the Peace Bird defendants responses to plaintiff's Notice to Admit, it would appear that the Peace Bird defendants have now taken the position that none of the Purchased Items were delivered.

Following a search by plaintiffs, no further documents of the type described in the Peace Bird defendants Requests for Documents ("RFD") No. 9 are available to be produced. The request

in RFD No. 16 was not supplemented by the Peace Bird defendants and no documents responsive to this request are available at this time.  No notes of the type described in RFD No.38 are presently known to exist.  With respect to the importation documents referred to in RFD No. 39, plaintiff also produced the Customs Declaration For Export From the People's Republic of China which was not mentioned in its original response to RFD No. 39.   Following a review, no further documents of the type described have ben located.  Since no further information has been received with respect to RFD No. 50, it is assumed that a subsequent review by the Peace Bird defendants resulted in the recognition that this Request has been comprehensively answered and no further information is required.  The documents described in RFD No. 61 are not in the possession, custody, or control of plaintiff.  With respect to RFD No. 64, a search has been made and all of the source documents for Excel Spreadsheet No. 1 have been provided to the Peace Bird defendants in the document production made by plaintiff.  No additional documents have been located and plaintiff's response to RFD No. 70 remains unchanged.  With respect to RFD No. 73, plaintiff is not in possession of any purchase orders related to the Purchased Items.

Plaintiff's production of documents with respect to its claims against the Peace Bird defendants has been exhaustive.  It is believed that all relevant documents have been produced.  If however, additional documents become known during the course of preparation and/or review that should have been disclosed but were not, plaintiff will produce those documents.  As previously offered, if the Peace Bird defendants are of the view that a document or a category of documents that is known to exist has not yet been produced, upon receipt of a particularized request identifying the document and any available information concerning its use, plaintiffs will gladly undertake a further search for that document.

Along those lines, accompanying this letter are documents which although appearing to have been generated by the Peace Bird defendants, were recently located by plaintiff. It is noted that these documents were not included in the document production made to plaintiff by the Peace Bird defendants.  These documents are Bates Numbered XIAMENITG001063 to XIAMENITG1085.

Confidentiality Agreement.  Accompanying this letter is the redlined review of the Proposed Protective Order and Confidentiality Agreement.  The only changes that I made are to the end of paragraph 2where material has been added (and a typo in the following line), and the deletion of paragraph 4 which is inconsistent with the last "Whereas" clause.  While I personally do not see the need for confidentiality with respect to any of the documents produced thus far, I would like to have a mechanism in place to discover the basis for a document's confidential designation.  Even if you were to re-designate all of the de-designated documents, I would like to have the option of being informed of the basis for the confidentiality designation.  Also, I would have no objection using the Confidentiality Agreement you proposed on August 24, 2020, with the following changes as indicated to the first and second sentences of paragraph 4:

<u>All documents previously designated as being Confidential are hereby de-designated as such, but shall remain subject to re-designation as being Confidential by the Producing party</u>.  The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other

material as Confidential Information.   If the Producing party does not agree to declassify such document or material, <u>the Producing party shall state the basis for the document or a category of documents as being confidential</u>, the Receiving party  . . .

In my letter to you of July 15, 2020, apart from other deficiencies, I noted that the answers of the Peace Bird defendants to plaintiff's interrogatories were not made under oath in accordance with Fed. R. Civ. P. 33 (b)(3).   Kindly provide the proper verification or advise me of your intention not to do so in order that I may proceed accordingly.

I have reviewed the answers of the Peace Bird defendants to plaintiff's recent Notice to Admit.   The Notice was intended to reduce the burden on both parties in dealing with the routine paperwork associated with the 45 shipments of fabrics and textiles involved in this case. The answers of the Peace Bird defendants to as simple an admission request which seeks an admission that a document provided in discovery and identified by a specific Bates Number  is a true copy of a written agreement entered into on a specific date between plaintiff and a named plaintiff cannot be viewed as having being made in a good faith.   For example, none of the admission requests with respect to the written agreements between the parties call for a legal conclusion; referring to a document by its title, such as Letter of Guarantee, is not calling for a legal conclusion.   Secondly, the admission request does not seek an admission that the written agreement was received, and the statement that evidence is being searched for to prove that the document was received is patently frivolous, in view of the fact that, by my count, at least 14 of the contracts involved in this case were provided by the Peace Bird defendants to plaintiff in discovery.   I could cite similar instances with respect to the Bills of Lading and other documents referred to in the Notice To Admit.   The Peace Bird defendants have had the English Language translations of the CIETAC arbitration awards, since June 4, 2020, if we can't agree that a certified copy is a true copy of the original document, and a that certified translation is a accurate translation for purposes of this lawsuit, I cannot conceive of us reaching an agreement on anything.

To this point, the document production of the Peace Bird defendants so far has consisted, for the most part, of copies of the written agreements and related documents for the transactions that were a part of the CIETAC arbitrations.   Plaintiffs have received none of the documents that have been requested by them that are related to the damage claims of the Peace Bird defendants. The documents provided with the "AG" preface are disjointed and not linked to any specific shipment.   For those few that a shipment can be identified, they actually contradict the Peace Bird defendants claim that none of the shipments have been delivered.   The unqualified denials that any of the shipments have been received is also contradicted by defendants' unsworn responses to some of plaintiff's interrogatories.

As I mentioned to you, we would be prepared to proceed with depositions but have no objection to accommodating your schedule in selecting a date for them to take place.   It would appear at this point that in view of the Peace Bird defendants' denial of everything, it might be necessary to conduct some what should have been unnecessary Hague fact discovery which would extend the discovery period.

As I understand defendants' position, it is that plaintiff breached a condition of its contracts by its purported failure to timely pay customs fees and duties on some of the Purchased Items. It would seem to present a mixed question of law and fact as to whether such a provision was a part of the parties' agreements. To that end, I am considering suggesting to the court that further discovery regarding defendants' damages be put off until after the question of liability is determined. We can proceed with depositions concerning the agreements and underlying transactions. If the court finds that there was a contractual provision that was breached, we can resume the deposition of defendants to explore the basis for the damage claims and engage in expert discovery. If the court finds that such a defense does not lie, then summary judgment should be awarded to plaintiff. This approach will spare the expense of damages discovery and expert testimony. Although I have not yet decided if this is the preferrable approach, your thoughts on this are invited. Since we are probably going to wind up before the court on the outstanding discovery issues, it might also be a good idea to discuss this approach.

I will not be available tomorrow, but I hope to have a draft of a report to the court ready for review by the end of the day on Wednesday.

Very truly yours,

John J. Janiec